UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| THOMAS STALLWORTH And<br>WILLIE MAE STALLWORTH | § § § | |
| Plaintiffs, | § § | NO. 3:06cv 89/MCR/EMT |
| VS. | § § | CIVIL ACTION FOR DAMAGES |
| THE HARTFORD INSURANCE<br>COMPANY, a Delaware Corporation;<br>And SEAN MANLEY, Individually and<br>As agent for Hartford Insurance Company<br>Defendants. | § § § § § § | |

ORIGINAL COMPLAINT

NOW COME THOMAS STALLWORTH and WILLIE MAE STALLWORTH, Plaintiffs herein, who file this original complaint for actual damages, compensatory damages, and for punitive and exemplary damages against The Hartford Insurance Company, and Sean Manley; and in support of said complaint would show the court as follows:

JURISDICTION AND VENUE

1. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332; as well as supplemental jurisdiction under 28 U.S.C. §1367 to hear the state claims that will be set forth in this complaint. Venue for this action is proper in the Northern District of Florida, Pensacola Division because it is the district in which a substantial part of the events or omissions giving rise to this cause occurred as described in 28 U.S.C. §1391.

## PARTIES

2. Plaintiffs Thomas Stallworth and Willie Mae Stallworth (hereinafter "Plaintiffs") are husband and wife; and are both Texas residents and domiciled in Houston, Harris County, Texas. Their mailing address is P.O. Box 941148, Houston, Texas 77094.

3. Defendant The Hartford Insurance Company is a Delaware corporation doing business in the state of Florida. The Hartford Insurance Company may be served with process by delivery to its registered agent in the state of Florida: Chief Financial Officer, P.O. Box 6200 32314-6200, 200 East Gaines Street, Tallahassee, Florida 32399.

4. Sean Manley is a Florida resident; and an employee of defendant The Hartford Insurance Company. He is employed as a claims adjuster in defendant Hartford's Tampa, Florida office. Defendant Sean Manley may be served with process at 2502 Rockypoint Drive, Suite 400, Tampa, Florida 33607.

5. Whenever in this complaint it is alleged that any defendant did any act or thing, either by commission or commission, it is meant that each and every defendant, by and through its officers, agents, servants, employees, or representatives, jointly and severally, did such act, thing, commission or omission; and that at the time it was done it was done with the full authorization, approval, ratification, assent and consent of each and every defendant; and was done in the normal ands routine course and scope of employment of the aforementioned officers, agents, servants, employees, or representatives.

## FACTS AND ALLEGATIONS

6.  While residing in Pensacola, Florida in 1997, plaintiffs purchased a policy of automobile insurance from The Hartford Insurance Company. Plaintiffs began to pay the required premiums under the terms of the insurance policy; and continued to make timely premium payments thereafter. The policy limits for the subject Hartford policy of insurance was in the amount of Five Hundred and Four Thousand ($504,000) Dollars.

7.  On May 4, 1999 plaintiffs received serious, painful and disabling bodily injuries as result of an automobile accident which occurred in Escambia County, Florida. Plaintiffs were not at fault in the occurrence of this vehicular collision. At the time of this accident, plaintiffs' insurance policy with the Hartford was in full force and effect.

8.  After the accident and after plaintiffs' initial contacts with the insuror of the other party to the automobile accident, plaintiffs sent a letter to the Hartford claims adjuster, defendant Sean Manley. The letter advised of the occurrence of the accident; related the details of plaintiffs' initial contacts with the offending driver, and referenced the necessity and urgency of a prompt and timely tender by Hartford of appropriate coverage and benefit payments under the terms of the Hartford policy.

9.  Defendant Hartford intentionally refused and denied payment of medical benefits under their policy with plaintiffs; and has continued and continues today to refuse, deny and delay any payment to plaintiff. Plaintiffs have submitted proof of their injuries, medical records, as well as responses to defendant's questioning regarding the accident

and resulting injuries. No reasonable basis exists for defendant's refusal, denial or delay in tendering the coverage and benefit payments due and payable under the terms of the policy of insurance.

10. Further, the Hartford has failed to acknowledge with reasonable promptness pertinent communications from plaintiffs with respect to plaintiffs' claims. Additionally, the Hartford has not attempted in good faith to effectuate a prompt, fair, and equitable settlement of plaintiffs' claim submitted in a situation where Hartford's liability has become reasonably clear.

11. Further, The Hartford has failed to provide in a timely manner any reasonable explanation of the basis in the policy of insurance for the denial of plaintiffs' claim; or for the failure to offer to plaintiffs any compromise settlement. Defendants' actions were wanton, willful and intentional and were the proximate and producing cause of the damages complained of herein.

12. These deliberate, knowing and willful actions on the part of defendant Hartford Insurance Company represent an ongoing and continuous pattern of fraud and bad faith business practices engaged in by defendant and its cadre of affiliated corporate entities. Legal claims and complaints alleging the same and similar acts complained of herein have been filed in other courts including, *inter alia*, that certain class action styled "*Frances Perry, et al. v. Hartford Accident & Indemnity Company, et al.; No. 2:03-CV-040* in the United States District Court for the Eastern District of Texas, Marshall

Division (hereinafter 'Perry Class Action'); as well as the cause filed in the Eleventh State Judicial Circuit Court of Florida and styled " *Lucille Roker, et al. v. Hartford Insurance Company of the Midwest, et al.; Case No. 98-14350 CA 32* (hereinafter 'Hartford PIP Settlement').

## FIRST CLAIM FOR RELIEF

13.   BREACH OF CONTRACT. All of the allegations contained in Paragraphs 6 through 12 are incorporated herein by reference, the same as if fully set out verbatim for any and all purposes of this pleading.

14.   Defendants' conduct represents a breach of the contract for insurance entered into by the parties. Defendants acted willfully and intentionally in refusing to tender benefits and payments under the terms of the policy of insurance. Plaintiffs sue for the actual and consequential damages arising as a direct and proximate result of the breach, as well as the full policy limits of the policy of insurance

15.   Additionally, defendant Hartford's conduct demonstrated a conscious and extreme indifference to the rights of its insured; therefore plaintiffs plead and sue for punitive and exemplary damages as provided by law.

## SECOND CLAIM FOR RELIEF

16.   BREACH OF THE WARRANTY OF GOOD FAITH AND FAIR DEALING. All of the allegations contained in Paragraphs 6 through 12 are incorporated herein by reference, the same as if fully set out verbatim for any and all purposes of this pleading.

17. Plaintiffs were entitled to rely on the representations made by Hartford at the time in which the parties entered into the contract for insurance. Hartford's conduct violates both the consumer protection provisions of the Florida Insurance Code, and specifically Fla. Stat. § 627.736 et seq.; as well as the common law duty of good faith and fair dealing. Accordingly, plaintiffs sue for all actual and economic damages arising out of the failure of defendant to tender benefits under the terms of the policy of insurance and all applicable state law.

### THIRD CLAIM FOR RELIEF

18. <u>UNFAIR CLAIM SETTLEMENT PRACTICES</u>. All of the allegations contained in Paragraphs 6 through 12 are incorporated herein by reference, the same as if fully set out verbatim for any and all purposes of this pleading.

19. The acts and omissions complained of on the part of The Hartford constitute an unconscionable course of conduct resulting in damage and detriment to plaintiffs. At all times herein, defendant Hartford was a sophisticated provider of various lines of private insurance; and acted knowingly and with full awareness of the damage and harm caused by its actions. Accordingly, plaintiffs plead and sue for punitive and exemplary damages as provided by law.

### DAMAGES

As a result of the foregoing and wrongful acts of defendants, plaintiffs have suffered general damages, including but not limited to emotional and mental distress, personal humiliation and shock, along with severe emotional distress. Further, Plaintiffs have been forced to continue to endure physical pain and discomfort resulting from the underlying

and original automobile accident; pain and discomfort which could and should have been remedied long ago had defendants offered policy benefits sufficient to cover the cost of needed medical care and attention. To the extent possible, plaintiffs have suffered the out-of-pocket costs of intermittent but necessary medical care associated with the treatment of their continuing pain and discomfort. The persistence of said pain and discomfort was the natural, likely and foreseeable consequence of defendant Hartford's failure to tender benefits under the policy of insurance. Additionally, plaintiffs seek punitive and exemplary damages. Punitive and exemplary damages are designed to punish and deter parties such as defendants who have engaged in egregious wrongdoing; or where defendant's conduct is shown to be motivated by evil motive or intent, malice or actual malice; or when it involves reckless or callous indifference to the contractually protected rights of others.

### PRAYER

Plaintiffs pray that defendants The Hartford Insurance Company and Sean Manley be cited to appear and to answer herein; and that upon final trial in this matter, Plaintiffs have judgment against the defendants, jointly and severally, for the full policy limits of the subject insurance policy as actual, special and compensatory damages, and as an amount adequate to redress the injuries incurred by plaintiffs; that the court assess punitive and exemplary damages against these same defendants in an amount sufficient to punish and to deter against similar future conduct. Plaintiff further prays that he recover against defendants all reasonable attorney's fees should they become necessary; interest on the judgment from the date it is rendered together with prejudgment interest at the

8

legal rate, as well as any and all such other and further relief to which at law or in equity plaintiffs may show themselves justly entitled.

PLAINTIFFS DEMAND TRIAL BY JURY

Respectfully submitted,

By *[signature]*

Thomas Stallworth
P.O. Box 941148
Houston, Texas 77094
(832) 379-8840
Plaintiff Pro Se

*[signature]*

Willie Mae Stallworth
P.O. Box 941148
Houston, Texas 77094
(832) 379-8840
Plaintiff Pro Se