UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| THOMAS STALLWORTH And § <br> §<br> WILLIE MAE STALLWORTH § <br>§<br> Plaintiffs, § <br>§ NO.  3:06CV89MCR/EMT<br>§<br>VS. § CIVIL ACTION FOR<br>§ DAMAGES<br>§<br>HARTFORD INSURANCE COMPANY §<br>Of the MIDWEST, a Delaware Corporation; §<br>And SEAN MANLEY, Individually and §<br>As agent for Hartford Insurance Company §<br>Defendants. § | |

## PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
## AND MEMORANDUM IN OPPOSITION

**COME NOW PLAINTIFFS** Who file this opposition to defendants' motion to dismiss; and in support of said opposition, would show the Court as follows:

### Factual Background

Plaintiffs Thomas and Willie Mae Stallworth were involved in a rear-end collision automobile accident on May 16, 1999, in Escambia County, Florida. The Stallworths were not at fault in the accident. After an extended period of attempting to locate and bring to court the offending driver, plaintiffs served and sued the driver. Negotiations regarding settlement of that case continue. Months before plaintiffs were able to locate and sue the offending driver, plaintiffs contacted The Hartford – plaintiffs' insurance

carrier – informing them of the accident and invoking the terms of their personal injury protection ("PIP") and other provisions of their policy of insurance. Plaintiffs received no response from Hartford for several months. Eventually Sean Manley, a Hartford claims adjuster, advised plaintiffs that Hartford was denying coverage and would not be making any payments under the policy.

## I.

## The 12(b)(6) Standard of Review

A movant's burden in a motion to dismiss under Rule 12(b)(6) is substantial. The trial court may grant the motion only where no reasonable construction of the complaint could possibly articulate a colorable claim under law. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (holding that it must appear beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief). The complaint should be liberally construed and all facts pleaded by the non-movant should be should be accepted as true. The complaint need not be an annotated synthesis of the case – only that it adequately outline the cause of action. Citations omitted. The task of the trial court is to review the face of the complaint and assess the adequacy of the pleaded causes of action against the above-mentioned standard.

## II.

## The Court's Diversity Jurisdiction

Plaintiffs are citizens of and domiciled in the state of Texas. Defendant Hartford is a "citizen" of Delaware by way of having been incorporated in the state of Delaware. Hartford's principal place of business is at Hartford, Connecticut. Defendant Sean Manley is a citizen of Florida. The federal diversity statute provides for federal court

jurisdiction where the amount in controversy exceeds $75,000; and the parties are all citizens of different states. 28 U.S.C. §1332(a)(1). The basis of the amount in controversy in this case are the bodily injury and uninsured / underinsured motorist coverage limits of plaintiffs' policy. A partial policy coverage declarations page is attached as Exhibit "A". In federal diversity cases, the amount in controversy is simply the sum claimed in the complaint where made in good faith. Cohen v. Office Depot, Inc., 184 F.3d 1292, 1294 *vacated in part* 204 F.3d 1069, *cert. den.* 121 S.Ct. 381 (1999). A simple reading of the coverage provisions indicates that, at a minimum, the amount in controversy is at least $252,000 thousand dollars for each plaintiff. Much of defendants' argument regarding the insufficiency of plaintiffs' pleadings asserts that defendants are *"unclear as to the exact nature of the insurance benefits sought by the Stallworths"*. In the initial pleading stage, however, claims may be pled in the alternative regardless of consistency. Fed. R. Civ. P. 8(e)(2). At this early juncture of the dispute, it is simply sufficient that defendant Hartford have notice that it is being sued "on the policy". The court may also take notice at this stage that the Stallworths do not have in their possession a copy of the subject policy of insurance.

The same is true with regards to the absence of any *"differentiation"* between the claims of Thomas Stallworth and Wi'lie Mae Stallworth. Plaintiffs may freely, and indeed intend to, amend their complaint and allege their causes of action with greater specificity. Inasmuch as there is no distinction between "the Stallworths" other than in the actual and ultimate dollar amount of each of their claims, any objection based on lack of specificity is *de minimis* - and does not support a motion to dismiss.

## III.

### Timeliness of the Breach of Contract Claim

The central thrust of defendants' motion argues that plaintiffs' claim is premature: that the Stallworths cannot bring suit against defendant Hartford prior to the time after which plaintiffs have first resolved the underlying suit against the offending driver. This assertion of black letter insurance law, however, ignores certain significant equitable facts. The first of these facts is defendant Hartford's unequivocal declaration that it did not intend to pay the Stallworths anything on their claim. In fact defendant Manley personally and forcefully taunted Thomas Stallworth with the imperious and scornful reproach that "*You're not worth five hundred thousand dollars.*" Equity does not demand the performance of a futile act. With the unalterable and definitive assertions of an imminent refusal to pay, plaintiffs need not engage in the charade of presenting a finalized first-party claim for coverage before bringing suit demanding said coverage.

Further, after receiving notice from plaintiff regarding the pending lawsuit with the offending driver, Hartford made no effort to intervene on behalf of its insured. A contractual breach attended by additional conduct amounting to an intentional tort constitutes negligence. Jones v. Continental Ins. Co., 670 F. Supp. 937 (SD Fla. 1987); *see also*, Venn v. St. Paul Fire and Marine Ins. Co., 99 F. 3d 1058, 1065 (11th Cir. 1996) (recognizing a cause of action *on the contract* where outrageous conduct accompanies the breach). All of which brings us to Sean Manley.

## IV.

### Defendant Manley's Individual Liability

Hartford posits the wholly predictable argument that Manley, as employee, cannot be held individually liable for the business decisions of his employer. But the Stallworths do not seek to impose liability on Manley merely as agent. It is axiomatic that where the agent acts outside of the scope of his duties as employee, the agent may incur personal liability. In this instant case, Manley's verbal aggression against plaintiff can be viewed as being that species of outrageous conduct which deprives an agent of the presumptive protection afforded by his status as mere employee. This finding, of course, is a factual determination to be made upon a fuller investigation and exploration of the conduct and circumstances. To dismiss the possibility of personal liability on the part of Manley at this point in the dispute is simply premature.

### Prayer

Plaintiffs pray that the court deny the motion to dismiss; and that the court afford plaintiffs the opportunity to bolster and cure any defects in their pleadings and allegations by way of an amended complaint; as well as granting any and all such other and further relief to which at law or in equity plaintiffs may show themselves justly entitled.

Respectfully submitted,

By _____
Thomas Stallworth
P.O. Box 941148
Houston, Texas 77094
(832) 379-8840
Plaintiff Pro Se

*Willie Mae Stallworth*
Willie Mae Stallworth
P.O. Box 941148
Houston, Texas 77094
(832) 379-8840
Plaintiff Pro Se

### Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing opposition to motion to dismiss was delivered to Joseph T. Kissane, attorney for defendants, 50 North Laura Street, Suite 4100, Jacksonville, Florida 32202-5444 by depositing same, postpaid, with the United States Postal Service at Houston, Texas on this 17th day of May, 2006.

*Thomas Stallworth*
Thomas Stallworth

This CONTINUATION Page, With Policy Form 8234 , Forms and Endorsements Listed Below CONTINUES your TEXAS PERSONAL AUTO POLICY

INSURER: SOUTHERN COUNTY MUTUAL INSURANCE COMPANY
200 EXECUTIVE BLVD., SOUTHINGTON, CT 06489


The Hartford

## DECLARATIONS

POLICY NO. 55 DTX235178

Named Insured and Mailing Address ⟶ STALLWORTH, THOMAS & WILLIE
P O BOX 941148
HOUSTON, TX 77094

Policy Period 12:01 A.M. Standard Time at the Address of the Named Insured ⟶ FROM 09-10-05 TO 09-10-06 TERM: 1 YEAR *

BILLING ID NUMBER: 84292816
Producer Name: HARTFORD FIRE GENERAL AGENCY INC   Code: 209062 14
CUSTOMER SERVICE: 1-800-423-6789   CLAIM SERVICE: 1-877-805-9918

**TOTAL POLICY PREMIUM:** $ 1629.00

| Auto No. | Description of Autos or Trailers | Vehicle ID Number | Class | Terr. |
|---|---|---|---|---|
| 1 | 94 TOYOT CAMRY LE | JT2SK12E2R0210705 | 320711 | 101 |

COVERAGE IS PROVIDED ONLY WHERE A PREMIUM IS SHOWN FOR THE AUTO AND COVERAGE.

COVERAGES AND LIMITS OF LIABILITY             PREMIUMS BY AUTO

                                                        1

A. LIABILITY
   BODILY INJURY      EACH PERSON     $ 252,000
                      EACH ACCIDENT   $ 502,000  $ 462.00
   PROPERTY DAMAGE    EACH ACCIDENT   $ 102,000  $ 386.00

B1. MEDICAL PAYMENTS EACH PERSON      $  10,300  $  57.00
B2. PERSONAL INJURY PROTECTION
                      EACH PERSON     $  10,300  $ 103.00

C. UNINSURED/UNDERINSURED MOTORISTS
   BODILY INJURY      EACH PERSON     $ 252,000
                      EACH ACCIDENT   $ 502,000  $  60.00
   PROPERTY DAMAGE    EACH ACCIDENT   $  17,000  $  26.00
                      LESS $250 DEDUCTIBLE

EXHIBIT "A"

----CONTINUED ON PAGE 2----