UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,

      Plaintiffs,

vs.

                              CASE NO: 3:06CV89MCR/EMT

THE HARTFORD INSURANCE COMPANY,
a Delaware Corporation and SEAN MANLEY,
Individually and As agent for Hartford

      Defendant.

_____/

**OBJECTIONS TO REPORT AND RECOMMENDATION**

      Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Defendant, THE HARTFORD INSURANCE COMPANY (hereinafter "HARTFORD"), hereby provides its objections to the Report and Recommendation dated June 30, 2006.

      1.    This Court issued a Report and Recommendation on June 30, 2006 on HARTFORD's pending Motion to Dismiss.

      2.    HARTFORD respectfully requests a clarification as to certain portions of the Report and Recommendation. Specifically, the recommendations appearing at the end of the Report do not appear to be entirely consistent with the body of the Report.

      3.    In the body of the Report, as to Defendants' Motion to dismiss Plaintiffs' cause of action for breach of the covenant of good faith and fair dealing, the Court ruled:

> However, to the extent Plaintiffs are asserting a common law claim of breach of the warranty of good faith and fair dealing, the claim may be maintained, but Plaintiffs' allegations are insufficient to state a claim.

\* \* \*

> Therefore, Plaintiffs should be permitted to clarify their allegations in an Amended Complaint.

(See Report and Recommendation dated June 30, 2006, Page 7 of 11.) It appears from the above quoted language that it was the Court's intent to grant the Motion to Dismiss as to the claim for the breach of a covenant of good faith and fair dealing, without prejudice and with leave to file an amended complaint. However, the recommendations contained at the end of the report state:

> b. That Defendants' Motion to Dismiss for failure to state a claim be **DENIED** as to Count II, to the extent Plaintiffs assert a common law claim for breach of a warranty of good faith and fair dealing.

As indicated, the body of the Report appears to reflect this Court's intent to grant the Motion to Dismiss as to this Count without prejudice, with leave to amend. This intent is confirmed by the last paragraph of the Report which states:

> That this matter be referred to the undersigned for further proceedings on Plaintiffs' claims, including the issuance of an Order directing Plaintiffs to file an amended complaint.

This is consistent with the body of the Report which also indicates that, "Plaintiffs should be permitted to clarify their allegations in an amended complaint." (See Report and Recommendation dated June 30, 2006, Page 7 of 11.) It is respectfully submitted that the Recommendations at the conclusion of the Report should be amended to reflect a dismissal of the Count for breach of the covenant of good faith and fair dealing without prejudice with leave to amend.

4. Similarly, on the issue of subject matter jurisdiction, the Report concludes that the Plaintiffs' allegations are insufficient to establish subject matter jurisdiction. ("As Defendants correctly state, Plaintiffs' allegations of jurisdiction regarding the parties are defective.") (See Report and Recommendation dated June 30, 2006, Page 3 of 11.) The Report goes on to hold

that, "Plaintiffs should be granted leave to amend their Complaint to include sufficient jurisdiction allegations." (See Report and Recommendation, Page 4 of 11.)

5. The Recommendations contained at the end of the Report do not reflect this ruling, as they provide:

> e. That Defendants' motion to dismiss for lack of subject matter jurisdiction be **DENIED.**

(See Report and Recommendation dated June 30, 2006, Page 11 of 11.) As indicated, the Report itself actually reflects that the Motion to Dismiss for lack of subject matter jurisdiction should be granted without prejudice, with leave to file an amended pleading.

6. Hopefully, these "objections" are not found to be hyper-technical. However, as presently worded the Recommendations, if adopted by the U. S. District Court, would deny HARTFORD's Motion to Dismiss as to subject matter jurisdiction and the breach of the covenant of good faith and fair dealing. This could result in no amended pleading being required. As indicated, this appears to be contrary with the body of the Report and this Court's intent. Further, this would require the filing of an immediate Answer by HARTFORD to the presently filed Complaint and specifically to those allegations found to be deficient therein by this Court.

WHEREFORE, HARTFORD would respectfully request that Paragraph b and Paragraph e of this Court's **RECOMMENDATIONS** be amended to reflect the granting of the Motion to Dismiss as to these issues without prejudice and with leave to amend.

HINSHAW & CULBERTSON LLP

<u>s/Joseph T. Kissane</u>
Joseph T. Kissane
Florida Bar No.:  512966
50 North Laura Street
Suite 4100
Jacksonville, FL 32202
Telephone: 904-359-9620
Facsimile: 904-359-9640
jkissane@hinshawlaw.com
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 14, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  Thomas Stallworth and Willie Mae Stallworth, P.O. Box 941148, Houston, TX 77094.  I further certify that I forwarded a copy of the foregoing document and the notice of electronic filing by UPS overnight delivery to U. S. Magistrate E. Timothy, United States District Court, Northern District of Florida, U. S. Courthouse, 1 North Palafox Street, Pensacola, FL, 32501.

**s/Joseph T. Kissane**
Joseph T. Kissane
Florida Bar No.: 512966
50 North Laura Street
Suite 4100
Jacksonville, FL 32202
Telephone: 904-359-9620
Facsimile: 904-359-9640
E-mail: jkissane@hinshawlaw.com
Attorneys for Defendants