IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,
    Plaintiffs,

v.                                      Case No: 3:06cv89/MCR/EMT

THE HARTFORD INSURANCE COMPANY,
a Delaware Corporation, and SEAN MANLEY,
    Defendants.
_____/

## AMENDED REPORT AND RECOMMENDATION

This matter is before the court upon referral from the District Judge.  Plaintiffs initiated this action by filing a complaint against the Hartford Insurance Company ("Hartford") and its agent, Sean Manley (Doc. 1).  Defendants filed a motion to dismiss the complaint on various grounds (Doc. 13).  Plaintiffs filed a response opposing the motion to dismiss (Doc. 17).  After careful consideration, the undersigned issued a Report and Recommendation recommending that the motion to dismiss be granted in part (Doc. 19).  Following issuance of the Report and Recommendation, Defendants filed objections (Doc. 23).  Upon review of the objections, the District Judge concluded that the objections essentially requested clarification of the Report and Recommendation and directed the undersigned to address the matters raised in the objections.  The following is an amended report and recommendation which discusses the issues raised in Defendants' objections and clarifies any areas of ambiguity in the original report and recommendation.

In the request for clarification, Defendants assert that the court's recommendation that the motion to dismiss be denied as to Defendants' assertion that the court lacked subject matter jurisdiction over Plaintiffs' claims was inconsistent with the court's conclusion that Plaintiffs' jurisdictional allegations were defective.  Additionally, Defendants assert that the court's

recommendation that the motion to dismiss be denied as to Defendants' contention that Plaintiffs failed to state a common law claim of breach of the covenant of good faith and fair dealing was inconsistent with the court's conclusion that Plaintiffs' allegations were insufficient to state a claim. With regard to both issues, the court included in its analysis, as shown below, three important considerations: (1) the legal standard that defective jurisdictional <u>facts</u> warrant dismissal, but dismissal is not warranted where sufficient jurisdictional facts appear but are inadequately <u>pleaded</u>, and the legal standard that a motion to dismiss for failure to state a claim should not be granted "unless it appears beyond all doubt that the plaintiff can prove no set of facts . . . that would entitle him to relief," (2) the court's obligation to construe pro se pleadings liberally, and (3) Plaintiffs' request, in their response to the motion to dismiss, that the court permit them to file an amended complaint. Furthermore, the court clearly stated with regard to the jurisdictional issue that it appeared from Plaintiffs' complaint and their response to the motion to dismiss that sufficient jurisdictional facts existed, and with regard to the claim for breach of the warranty of good faith, that the undersigned could not conclude beyond all doubt that Plaintiffs could prove no set of facts that would entitle them to relief. Thus, the court recommended denial of the motion to dismiss as to those grounds. The court's recommendations were not inconsistent with its analysis or conclusions. However, in light of Defendants' confusion, the undersigned has clarified in this Amended Report and Recommendation that Defendants failed to meet the legal standards for dismissal of Plaintiffs' claims on both the jurisdictional issue and failure to state a common law claim for breach of the warranty of good faith and fair dealing. Additionally, the undersigned has included a recommendation that this matter be referred to the undersigned for issuance of an order directing Plaintiffs to file an amended complaint containing a more definite statement of their common law claim for breach of the warranty of good faith and fair dealing. The changes to the original Report and Recommendation are indicated below, underlined and in bold typeface.

        Plaintiffs filed suit against the Hartford Insurance Company ("Hartford") and its agent, Sean Manley, on March 3, 2006 (Doc. 1). Plaintiffs assert three claims for relief: (1) breach of contract, (2) breach of the warranty of good faith and fair dealing, and (3) unfair claim settlement practices, all of which relate to Defendants' conduct in handling Plaintiffs' claims under an automobile insurance policy ("the policy") (*id.* at 5-6). Plaintiffs allege that they purchased the policy, with

policy limits of $504,000.00, in 1997 and that they sustained "serious, painful and disabling bodily injuries" as a result of an automobile accident in Escambia County, Florida on May 4, 1999  (*id*. at 3).  Plaintiffs state that they contacted Defendant Manley, a Hartford claims adjuster, about the accident, provided proof of their injuries, responded to all of Hartford's questions, and requested payment of their benefits under the policy (*id*. at 3-4).  They also sued the other driver involved in the accident, and settlement negotiations are pending in that case (Doc. 17 at 1).  Regarding Defendants' handling of their claim, Plaintiffs specifically allege the following: (1) Hartford refused and denied payment of medical benefits, and continues to "refuse, deny and delay" any payment of benefits under the policy; (2) Hartford failed to promptly acknowledge communications from Plaintiffs; (3) Hartford has not attempted to settle Plaintiffs' claim in good faith; (4) Hartford has failed to provide any reasonable basis for the denial of Plaintiffs' claim or for the failure to offer Plaintiffs a compromise settlement; (5) "Defendants actions were wanton, willful and intentional"; and (6) Hartford's actions were part of a "pattern of fraud and bad faith business practices" (Doc. 1 at 3-4).

As relief, Plaintiffs seek the following damages:  the full policy limits of the policy (*id*. at 5); actual and consequential damages resulting from the breach of contract, including pain and suffering from their inability to pay for adequate medical care while policy benefits were denied (*id*. at 5-7); damages for emotional distress (*id*. at 6); punitive damages (*id*. at 5-7); reasonable attorney's fees "should they become necessary" (*id*. at 7); and interest (*id*. at 7-8).

In the motion to dismiss, Defendants first argue that the complaint is subject to dismissal for lack of subject matter jurisdiction (Doc. 13 at 3-6).  Defendants additionally argue that Plaintiffs' second and third claims, for breach of the warranty of good faith and fair dealing and for unfair claim settlement practices, should be dismissed for failure to state a claim upon which relief can be granted (*id*. at 6-13).  Alternatively, Defendants argue that Plaintiffs' good faith and fair dealing claim is a premature and impermissible attempt to assert a statutory bad faith claim, or an insufficient attempt to assert a claim for breach of the implied covenant of good faith and fair dealing at common law (*id*. at 6-11).  Similarly, Defendants contend that Plaintiffs' claim for unfair claim settlement practices is premature until the dispute regarding coverage owed under the policy has been adjudicated (*id*. at 12-13).  Defendants acknowledge that if subject matter jurisdiction

exists, Plaintiffs can plead a claim for breach of contract (*id*. at 13 n.4). They request, however, that Plaintiffs be required to state their contract claim with more specificity (*id.*). As part of their response to Defendants' motion, Plaintiffs request "that the court afford plaintiffs the opportunity to bolster and cure any defects in their pleadings and allegations by way of an amended complaint" (Doc. 17 at 5).

I.     JURISDICTION

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). The absence of jurisdiction may be raised at any time during the case and may be based on the court's review of the evidence. *See e.g.*, Gibbs v. Buck, 307 U.S. 66, 59 S. Ct. 725, 83 L. Ed. 1111 (1939). Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999).

Plaintiffs assert diversity jurisdiction under 28 U.S.C. § 1332 (Doc. 1 at 1-2). For a federal court to exercise diversity jurisdiction, the matter in controversy must be in excess of $75,000.00, and it must be between citizens of different states. 28 U.S.C. § 1332. The key fact a plaintiff must allege is citizenship, not residence. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person is a citizen of a state if he is a United States citizen and domiciled in that state. Mas v. Perry, 489 F.2d. 1396, 1399 (11th Cir. 1974). Domicile requires residence in a state and an intent to remain. *Id*. A corporation is a citizen of both its state of incorporation and the state of its principle place of business. 28 U.S.C. § 1332(c)(1). The "pleader must affirmatively allege facts demonstrating the existence of jurisdiction." Taylor, 30 F.3d at 1367. Where a complaint merely presents defective allegations of diversity, however, as opposed to defective jurisdictional facts, leave to amend should be granted. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *see also* Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831-32, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989) (agreeing with Courts of Appeal which have unanimously held that § 1653 allows amendment of "inadequate jurisdictional allegations, but not defective jurisdictional facts"); Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724

F.2d 901, 903 n.1 (11th Cir. 1984) (noting that "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly").

In the instant case, Defendants challenge the sufficiency of Plaintiffs' jurisdictional allegations but not the underlying jurisdictional facts. As Defendants correctly state, Plaintiffs' allegations of jurisdiction regarding the parties are defective in the following ways: Plaintiffs allege that Defendant Manley is a resident of Florida, but make no allegation regarding his domicile or citizenship, and Plaintiffs allege Hartford is "a Delaware corporation doing business in the state of Florida," but make no allegation as to its state of incorporation or its principal place of business. In their response to Defendants' motion to dismiss, however, Plaintiffs state that they are citizens of Texas, that Defendant Manley is a citizen of Florida, and that Hartford is incorporated in Delaware with its principal place of business in Connecticut (Doc. 17 at 2). Given Defendants' failure to challenge the underlying jurisdictional facts regarding the parties, and Plaintiffs' statements in their response, it appears that diversity of citizenship exists, and only the allegations themselves are defective.

With respect to the amount in controversy, Defendants argue that the complaint is defective because it is silent regarding the amount in controversy. However, Plaintiffs' complaint indicates they are pursuing damages equal to or exceeding the policy limits (Doc. 1 at 5), and that the policy limits are equal to $504,000.00 (*id.* at 3). Additionally, Plaintiffs note in their response to Defendants' motion that the amount in controversy is based partly on the uninsured/underinsured motorist coverage limits of the policy (Doc. 17 at 3). Where a plaintiff makes a good faith claim, a complaint will not be dismissed for lack of jurisdiction unless it is a matter of "legal certainty" that the amount in controversy is less than the jurisdictional threshold. *See* Federated Mut. Ins. Co. v. McKinnon Motors, L.L.C., 329 F.3d 805, 807 (11th Cir. 2003) (citing St. Paul Mercury Indem. Co. v. Red Cab. Co., 303 U.S. 283, 288, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938)). In the instant case, it cannot be said with legal certainty that Plaintiffs' injuries were insufficient to reach the limits of their coverage. In light of the court's obligation to construe Plaintiffs' pro se pleading liberally, *see* Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), as well as the fact that adequate jurisdictional facts appear to exist, **Defendants' motion to dismiss this action for lack**

**of subject matter jurisdiction should be denied as Defendants failed to satisfy the legal standard for dismissal of this action.**

II.     FAILURE TO STATE A CLAIM

Defendants argue that Plaintiffs' claims for breach of the implied warranty of good faith and fair dealing, for unfair claim settlement practices, and against Defendant Manley should be dismissed for failure to state a claim upon which relief may be granted.  A motion to dismiss for failure to state a claim should not be granted "unless it appears beyond all doubt that the plaintiff can prove no set of facts . . . that would entitle him to relief" Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).  "The allegations in the complaint must be taken as true for purposes of the motion to dismiss." *Id.*  Moreover, as noted *supra*, the court should construe a pro se plaintiff's complaint more liberally than pleadings drafted by lawyers.  *Id*. (citing Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 175, 66 L. Ed. 2d 163 (1980) (per curiam)).

   A.     Breach of the Implied Warranty of Good Faith and Fair Dealing

Regarding Count II, Plaintiffs' claim for breach of the implied warranty of good faith and fair dealing, Defendants first argue that despite Plaintiffs' labeling of their claim, it is actually a statutory first party bad faith claim and is therefore premature (Doc. 13 at 6).  Florida law provides a civil remedy against an insurer for various acts, including an insurer  "[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests." Fla. Stat. § 624.155(1)(b)1 (2005).  Under Florida law, however, "a Florida statutory bad faith claim cannot be brought at the same time as a claim disputing insurance coverage." Shulman v. Liberty Mut. Fire Ins. Co., No. 04-16681, 2006 WL 952327, at *3 (11th Cir. Apr. 13, 2006) (emphasis omitted) (citing Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991)).  An insured's action against the insurer for payment of benefits must be resolved favorably to the insured before a bad faith claim accrues.[1]  *See* Blanchard, 575 So. 2d at 1291.  The rationale underlying the rule is that "if no insurance coverage exists, there can be no loss or injury for which the insurer is

---

[1]Additionally, Plaintiffs are advised that, in order to perfect their right to sue for statutory bad faith, the Florida Department of Financial Services and the insurer must be provided with sixty days' notice of the violation and intent to sue.  Fla. Stat. § 624.155(3) (2005).

Case No: 3:06cv89/MCR/EMT

contractually liable and thus, the insurer could not have acted in bad faith in refusing to provide coverage." <u>Dennis v. Nw. Mut. Life Ins. Co.</u>, No. 3:06-cv-43-J-20MCR, 2006 WL 1000308, at *3 (M.D. Fla. April 14, 2006) (citations omitted). Even where a plaintiff does not assert a separate cause of action for bad faith, but instead includes bad faith allegations within a breach of contract claim, the bad faith allegations may be stricken as prejudicial. *See id*. at *3-4.

However, Plaintiffs have not styled Count II as a statutory bad faith claim; instead they have titled it as a claim for breach of the warranty of good faith and fair dealing, and they reference the common law doctrine in their complaint (*see* Doc. 1 ¶ 17). Defendants argue that to the extent Plaintiffs are asserting a common law claim for breach of the implied covenant of good faith and fair dealing, they have failed to state a claim (Doc. 13 at 9-11). Under Florida law, every contract includes an implied covenant of good faith and fair dealing. <u>Centurion Air Cargo, Inc. v. United Parcel Serv. Co.</u>, 420 F.3d 1146, 1151 (11th Cir. 2005). The covenant "protect[s] the parties' reasonable contractual expectations." *Id.* Breach of the implied covenant "is not an independent cause of action, but *attaches to the performance of a specific contractual obligation*." *Id.* (emphasis added). Good faith and fair dealing is an interpreting, gap-filling doctrine which applies only when the propriety of a contracting party's conduct is not resolved by the terms of the contract. *See* <u>Burger King Corp. v. Weaver</u>, 169 F.3d 1310, 1316, 1318 (11th Cir. 1999); <u>Hospital Corp. of Am. v. Fla. Med. Ctr., Inc.</u>, 710 So.2d 573, 575 (Fla. 4th DCA 1998). The covenant is generally invoked to explain or qualify ambiguous contract terms regarding the permissibility of a party's conduct, or to limit the party's discretion to act when the terms afford the party substantial discretion. *See* <u>Cox v. CSX Intermodal, Inc.</u>, 732 So. 2d 1092, 1097-98 (Fla. 1st DCA 1999) (holding that summary judgment for defendant freight company was improper where contract granted substantial discretion to the company in assigning truck loads among its contracted drivers, the duty to act in good faith limited the company's ability to act capriciously, and reasonable persons could differ as to whether the load assignments where made unreasonably). However, the implied covenant of good faith and fair dealing "cannot be used to vary the terms of an express contract." <u>Burger King</u>, 169 F.3d at 1316 (quoting <u>City of Riviera Beach v. John's Towing</u>, 691 So. 2d 519, 521 (Fla. 4th DCA 1997)).

"To allege a breach of the implied covenant, the party must demonstrate a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or

negligence; but, rather by a conscious and deliberate act, which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." Shibata v. Lim, 133 F. Supp. 2d 1311, 1319 (M.D. Fla. 2000) (citing Cox, 732 So. 2d at 1097). However, a claim for breach of the implied covenant may be dismissed as redundant where it is based on the same allegations as those underlying the breach of contract claim. *Id.*; *see also* Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc., No. 04-60861, 2005 WL 975773, at *11 (S.D. Fla. Mar. 4, 2005). Therefore, in order to state a claim for breach of the implied covenant of good faith and fair dealing, Plaintiffs must identify the specific contract term(s) giving rise to the implied duty of good faith and also allege how Defendants breached their implied duty, alleging facts different from those giving rise to the breach of contract claim.

Upon a review of the complaint in the instant case, the court is persuaded that Plaintiffs' allegation that Hartford did not attempt to negotiate a settlement of Plaintiffs' claim in good faith (Doc. 1 at 4) is substantially similar to allegations necessary to state a claim for bad faith failure to settle under Florida Statutes section 624.155(1)(b) (*see* Doc. 13 at 7-8). To the extent Plaintiffs are attempting to state a statutory bad faith claim, the claim is premature under Florida law and should be dismissed without prejudice. However, to the extent Plaintiffs are asserting a common law claim of breach of the warranty of good faith and fair dealing, the claim may be maintained, but Plaintiffs' allegations are insufficient to state a claim.

Plaintiffs appear to allege that Hartford, in mishandling Plaintiffs' claim, violated a promise made to Plaintiffs; however, Plaintiffs have failed to specify any written contract term giving rise to the breach of the implied duty of good faith by Defendants. They have also failed to allege a factual basis for the claim that is different from the factual basis underlying the breach of contract claim. Despite this deficiency, this court cannot conclude beyond all doubt that Plaintiffs can prove no set of facts that would entitle them to relief. **Therefore, Defendants' motion to dismiss should be denied as to Plaintiffs' common law claim of breach of the warranty of good faith and fair dealing as Defendants failed to satisfy the legal standard for dismissal of the claim.**

   B.  Unfair Claim Settlement Practices

Defendants argue that Plaintiffs' claim in Count III, for unfair claim settlement practices, should be dismissed as premature prior to the resolution of the breach of contract claim. Defendants correctly argue that there is no common law action for unfair claim settlement practices in Florida. Allstate Indemnity Co. v. Ruiz, 899 So. 2d 1121, 1125 (Fla. 2005) (holding Florida courts did not recognize a "common law first-party action that would protect insured individuals and enable them to seek redress of harm against their insurers for the . . . failure to deal fairly in claims processing"). Therefore, Plaintiffs' claim must be interpreted as a claim made under Florida Statutes section 624.155(1)(a)1, which incorporates section 626.9541(1)(i) entitled "Unfair claim settlement practices." Indeed, many of the factual allegations made by Plaintiffs are substantially similar to those necessary to state a claim under section 624.155(1)(a) (*see* Doc. 13 at 7-8). Courts that have considered the issue have held that the rule requiring the delay of bad faith failure to settle claims under section 624.155(1)(b) until the insurer's liability has been determined also applies to claims for unfair claim settlement practices under section 624.155(1)(a). The rationale for the rule requiring abatement in bad faith failure to settle cases is that if there is no coverage, the insurer could not have acted in bad faith in refusing to settle. Hartford Ins. Co. v. Mainstream Constr. Group, Inc., 864 So. 2d 1270, 1272 (Fla. 5th DCA 2004). "Similarly, if there is no coverage, then the insured would suffer no damages resulting from its insurer's unfair settlement practices." *Id*; *see also* Lane v. Provident Life & Accident Ins. Co., 71 F. Supp. 2d 1255, 1256-57 (S.D. Fla. 1999) (holding that rationale requiring abatement of bad faith claims also applies to assertions of unfair claims handling). Because a claim for unfair claim settlement practices is premature until the issue of contractual liability has been resolved, Plaintiffs' claim for unfair claims settlement practices should be dismissed without prejudice.

### C.   Defendant Manley's Individual Liability

Defendants argue that Defendant Manley should be dismissed as Plaintiffs have failed to state a basis of individual liability for him. Under Florida law, "a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract." Philip Schwartz, Inc. v. Gold Coast Graphics, Inc., 623 So. 2d 819, 820 (Fla. 4th DCA 1993) (quoting Restatement (Second) of Agency § 320 (1958)). Other states applying this principle

to the insurance context have held that insurance adjusters are not individually liable to the insured for breach of contract or for breach of the implied covenant of good faith and fair dealing because adjusters are not parties to the contract. *See* Tipton v. Nationwide Mut. Fire Ins. Co., 381 F. Supp. 2d 567, 571 (S.D. Miss. 2003) (An individual "may not be held directly liable under an insurance contract if that person was not a party to the insurance contract itself, because that person has no duty arising from the policy to provide coverage."); Natividad v. Alexsis, Inc., 875 S.W.2d 695, 698 (Tex. 1994) (holding insurance adjuster owed the insured no duty of good faith and fair dealing because he was not party to a contract with the insured); Hudock v. Donegal Mut. Ins. Co., 264 A.2d 668, 672 (Pa. 1970) (holding acts of insurance adjusters in failing to negotiate in good faith did not make them individually liable for breach of contract because no contractual relationship existed between adjusters and the insured); *see also* King v. Nat'l Sec. Fire & Cas. Co., 656 So. 2d 1338, 1339 (Fla. 4th DCA 1995) (independent adjusters owe no duty to the insured unless the insured is suing for an intentional tort such as fraud).

In the instant case, Defendants correctly assert that Defendant Manley is not individually liable under either a breach of contract claim or a claim for breach of the implied covenant of good faith and fair dealing because he was not a party to the insurance contract. In their response to Defendants' motion, Plaintiffs argue that Defendant Manley should be personally liable because he has acted outside the scope of his duties as an employee, citing Defendant Manley's "verbal aggression" (Doc. 17 at 5). Defendant Manley's actions, even if egregious, do not make him a party to the contract, however. Therefore Plaintiffs' claims against Defendant Manley for breach of contract and for breach of the implied covenant of good faith and fair dealing should be dismissed. As Plaintiffs' unfair claim settlement practices claim should be dismissed without prejudice, the court need not address Defendant Manley's individual liability under that claim.

As a final matter, Defendants acknowledge that Plaintiffs have stated a claim for breach of contract if jurisdiction is present (Doc. 13 at 13 n.4). However, Defendants request that Plaintiffs be required to state their contract claim with greater specificity under Federal Rule of Civil Procedure 12(e) (*id.*). Defendants specifically request that Plaintiffs identify the nature of the benefits claimed (e.g. uninsured motorist, personal injury protection benefits) and on whose behalf the benefits are claimed (*id.*). Plaintiffs respond that it is sufficient that Hartford have notice that

it is being sued "on the policy," and that no differentiation between the claims of Thomas and Willie Mae Stallworth is necessary at this time, as the only distinction between the two is the ultimate dollar amount of each of their claims (Doc. 17 at 3).

The federal rules require only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "The claim need not be pled with particularity and need only put claimant on notice as to the claim asserted against him and the relevant grounds." FDIC v. Gonzalez-Gorrondona, 833 F. Supp. 1545, 1562 (S.D. Fla. 1993) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). A motion for a more definite statement is the proper remedy "if a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed . . . ." Sisk v. Tex. Parks and Wildlife Dept., 644 F.2d 1056, 1059 (5th Cir. 1981).[2] In the instant case, Plaintiffs have alleged that Defendants denied all payment of insurance benefits for both Thomas and Willie Mae Stallworth's injuries resulting from an automobile accident in breach of their automobile insurance contract. This statement is sufficient to put Defendants on notice as to the claim asserted against them, and is not so vague that Defendants are unable to frame an answer. Therefore, Defendants' request for a more definite statement should be denied.[3]

Accordingly, it is respectfully **RECOMMENDED**:

1. That Defendants' motion to dismiss (Doc. 13) be **GRANTED in part** as follows:

 a. That Defendants' motion to dismiss for failure to state a claim be **GRANTED** as to Count II, to the extent Plaintiffs assert a claim for statutory first party bad faith. Dismissal of this claim should be without prejudice to Plaintiffs filing a new action when the issue of Hartford's liability has been determined.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

[3] The court notes that Plaintiffs provided additional details in their response to Defendants' motion to dismiss (e.g., that Plaintiffs initially contacted Hartford regarding personal injury protection and other benefits). Plaintiffs are advised that if this report and recommendation is adopted by the District Judge, and Plaintiffs are directed to file an amended complaint, they may include additional details regarding their allegations in the amended complaint, but they are not required to do so.

Case No: 3:06cv89/MCR/EMT

   b. That Defendants' motion to dismiss for failure to state a claim be **DENIED** as to Count II, to the extent Plaintiffs assert a common law claim for breach of the warranty of good faith and fair dealing.

   c. That Defendants' motion to dismiss for failure to state a claim be **GRANTED** as to Count III, Plaintiffs' claim for unfair claim settlement practices. Dismissal of this claim should be without prejudice to Plaintiffs filing a new action when the issue of Hartford's liability has been determined.

   d. That Defendants' motion to dismiss for failure to state a claim be **GRANTED** as to Plaintiffs' claims against Defendant Manley, and that Defendant Manley be **DISMISSED** as a Defendant.

   e. That Defendants' motion to dismiss for lack of subject matter jurisdiction be **DENIED**.

   f. That Defendants' request for a more definite statement of Plaintiffs' breach of contract claim be **DENIED**.

  2. That this matter be referred to the undersigned for further proceedings on Plaintiffs' claims, including the issuance of an order directing Plaintiffs to file an amended complaint **that includes a more definite statement of Plaintiffs' common law claim of breach of the warranty of good faith and fair dealing**.

  At Pensacola, Florida, this 8th day of August 2006.

        /s/ *Elizabeth M. Timothy*
        **ELIZABETH M. TIMOTHY**
        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**