UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF FLORIDA
PENSCOLA DIVISION

THOMAS STALLWORTH And
WILLIE MAE STALLWORTH,

        Plaintiffs,                   CASE NO. 3:06CV89MCR/EMT

VS.                                       CIVIL ACTION FOR DAMAGES

THE HARTFORD INSURANCE COMPANY,
a Delaware Corporation; And
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, an Indiana corperation;

        Defendants.
_____\

## SECOND AMENDED COMPLAINT

**NOW COME THOMAS STALLWORTH and WILLIE MAE STALLWORTH,** Plaintiffs herein, who file this second amended complaint for actual damages, compensatory damages, and for punitive and exemplary damages against The Hartford Insurance Company and Hartford Insurance Company of the Midwest; and in support of the said amended complaint would show the court as follows:

### JURISDICTION AND VENUE

1.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. 1332; as well as supplemental jurisdiction under 28 U.S.C. 1367 to hear the state claims that will be set forth in this complaint. Venue for this action is proper in the Northern District of Florida, Pensacola

Division because it is the district in which a substantial part of the events or omissions giving rise to this cause occurred as described in 28 U.S.C. 1391

2.      Plaintiffs Thomas Stallworth and Willie Mae Stallworth (hereinafter "Plaintiffs" are husband and wife; and are both Texas residents and domiciled in Houston, Harris County, Texas. Their mailing address is P.O. Box 941148, Houston, Texas 77094.

3.      Defendant Hartford Insurance Company of the Midwest is an Indiana corporation doing business in the state of Florida. Hartford Insurance Company of the Midwest may be served with process by delivery to its registered agent Corporation Service Company, 251 East Ohio Street, Suite 500, Indianapolis, Indiana 46204.

4.      Defendant The Hartford Insurance Company has been served with process and has made an appearance in this case.

5.      Whenever in this complaint it is alleged that any defendant did any act or thing, either by commission or ommission, it is meant that each and every defendant, by and through its officers, agents, servants, employees, or representatives, jointly and severally, did such act, thing, commission or omission; and that at the time it was done it was done with the full authorization, approval, ratification, assent and consent of each and every defendant; and was done in the normal ands routine course and scope of employment of the aforementioned officers, agents, servants, employees, or representatives.

## FACTS AND ALLEGATIONS

6.      While residing in Pensacola, Florida in 1997, plaintiffs purchased a policy of automobile insurance from The Hartford Insurance Company of the Midwest. Plaintiffs began to pay the required premiums under the terms of the insurance policy; and continued to make timely premium payments thereafter. The policy limits for the subject Hartford policy of insurance was

2

in the amount of Five Hundred Thousand ($500,000) Dollars. A copy of the Hartford insurance policy declarations page is attached to this amended complaint as Exhibit "A".

7. On May 4, 1999 plaintiffs received serious, painful and disabling bodily injuries as result of an automobile accident which occurred in Escambia County, Florida. Plaintiffs were not at fault in the occurrence of this vehicular collision. At the time of this accident, plaintiffs' insurance policy with the Hartford was in full force and effect.

8. After the accident and after plaintiffs' initial contacts with the insurer of the other party to the automobile accident, plaintiffs sent a letter to the Hartford claims adjuster, Sean Manley. The letter advised of the occurrence of the accident; related the details of plaintiffs' initial contacts with the offending driver, and referenced the necessity and urgency of a prompt and timely tender by Hartford of appropriate coverage and benefit payments under the terms of the Hartford policy. The Hartford declined plaintiff Stallworth's request and invitation to litigate on Stallworth's behalf the accident case against the offending driver.

9. Defendant Hartford intentionally refused and denied payment of medical benefits under their policy with plaintiffs; and has continued and continues today to refuse; deny and delay any payment to plaintiff. Plaintiffs have submitted proof of their injuries, medical records, as well as responses to defendant's questioning regarding the accident and resulting injuries. No reasonable basis exists for the defendant's refusal, denial or delay in tendering the coverage and benefit payments due and payable under the terms of the policy of insurance.

10. Plaintiffs have settled the underlying tort, injury and damages claims against the automobile crash defendants in Florida state court. That underlying action was styled *Stallworth, et al., v. Oaks, et al., No. 03-CA-0296* in the First Judicial Circuit Court, Escambia County, Florida. The

tort, injury and damages claims in that litigation were settled for Fifty Thousand Dollars ($50,000).

11. Further, the Hartford defendants have failed to acknowledge with reasonable promptness pertinent communications from plaintiffs with respect to plaintiffs' claims. Additionally, the Hartford has not attempted in good faith to effectuate a prompt, fair, and equitable settlement of plaintiffs' claim submitted in a situation where Hartford's liability has become reasonably clear.

12. Further, the Hartford defendants have failed to provide in a timely manner any reasonable explanation of the basis in the policy of insurance for the denial of plaintiffs' claims; or for the failure to offer to plaintiffs any compromise settlement. The Hartford defendants' actions were wanton, willful and intentional and were the proximate and producing cause of the damages complained in herein.

13. These deliberate, knowing and willful actions on the part of defendants Hartford Insurance Company and Hartford Insurance Company of the Midwest represent an ongoing and continuous pattern of fraud and bad faith business practices engaged in by defendants and their cadre of affiliated corporate entities. Legal claims and complaints alleging the same and similar acts complained of herein have been filed in other courts including, *inter alia*, that certain class styled *"Frances Perry, et al. v. Hartford Accident & Indemnity Company, et al., No. 2:03-CV-040* in the United States District Court for the Eastern District of Texas, Marshall Division (hereinafter 'Perry Class Action'); as well as the cause filed in the Eleventh State Judicial Circuit Court of Florida and styled *"Lucille Roker, et al. v. Hartford Insurance Company of the Midwest, et al.; Case No. 98-14350 CA 32* (hereinafter 'Hartford PIP Settlement')

## FIRST CLAIM FOR RELIEF

14. <u>BREACH OF CONTRACT</u>. All of the allegations contained in Paragraphs 6 through 12 are incorporated herein by referenced, the same as if fully set out verbatim for any all purposes of this pleading.

15. Defendants' conduct represents a breach of contract for insurance entered into by the parties. Defendants acted willfully and intentionally in refusing to tender benefits and payments under the terms of the policy of insurance. Plaintiffs sue for the actual and consequential damages arising as a direct and proximate result of the breach, as well as the full policy limits of the policy of insurance.

16. Additionally, defendant Hartford's conduct demonstrated a conscious and extreme indifference to the rights of its insured; therefore plaintiffs plead and sue for punitive and exemplary damages as provided by law.

## SECOND CLAIM FOR RELIEF

17. <u>BREACH OF THE WARRANTY OF GOOD FAITH AND FAIR DEALING</u>. All of the allegations contained in Paragraphs 6 through 12 are incorporated herein by reference, the same as if fully set out verbatim for any and all purposes of this pleading.

18. Plaintiffs were entitled to rely on the representations made by Hartford at the time in which the parties entered into the contract for insurance. Hartford's conduct violates both the consumer protection provisions of the Florida Insurance Doc, and specifically Fla. Stat. §627.736 et seq.; as well as the common law duty of good faith and fair dealing. Accordingly, plaintiffs sue for all actual and economic damages arising out of the failure of defendant to tender benefits under the terms of the policy of insurance and all applicable state law.

## DAMAGES

As a result of the foregoing and wrongful acts of defendants, plaintiffs have suffered general damages, including but not limited to emotional and mental distress, personal humiliation and shock, along with severe emotional distress. Further, Plaintiffs have been forced to continue to endure physical pain and discomfort resulting from the underlying and original automobile accident; pain and discomfort which could and should have been remedied long ago had defendants offered policy benefits sufficient to cover the cost of needed medical care and attention. To the extent possible, plaintiffs have suffered the out-of-pocket costs of intermittent but necessary medical care associated with the treatment of their continuing pain and discomfort. The persistence of said pain and discomfort was the natural, likely and foreseeable consequence of defendant Hartford's failure to tender benefits under the policy of insurance. Additionally, plaintiffs seek punitive and exemplary damages. Punitive and exemplary damages are designed to punish and deter parties such as defendants who have engaged in egregious wrongdoing; or where defendant's conduct is shown be motivated by evil motive or intent, malice or actual malice, or when it involves reckless or callous indifference to the contractually protected rights of others.

## PRAYER

Plaintiffs pray that defendants The Hartford Insurance Company and the Hartford Insurance Company of the Midwest be cited to appear and to answer herein; and that upon final trial in this matter, Plaintiffs have judgment against the defendants, jointly and severally, for the full policy limits of the subject insurance policy as actual, special and compensatory damages, and as an amount adequate to redress the injuries incurred by plaintiffs; that the court assess punitive and exemplary damages against these same defendants in an amount sufficient to punish

and to deter against similar future conduct. Plaintiff further prays that he recover against defendants all reasonable attorney's fees should they become necessary; interest on the judgment from the date it is rendered together with prejudgment interest at the legal rate, as well as any and all such other further relief to which at law or in equity plaintiffs may show themselves justly entitled.

PLAINTIFFS DEMAND TRIAL BY JURY

Respectfully submitted,

By _/s/ Thomas Stallworth_
Thomas Stallworth
P.O. Box 941148
Houston, Texas 77094
(832) 379-8840
Plaintiff Pro Se

_/s/ Willie Mae Stallworth_
Willie Mae Stallworth
P.O. Box 941148
Houston, Texas 77094
(832) 379-8840
Plaintiff Pro Se

Certificate of Service

I certify that a true and correct copy of the above and foregoing Second Amended Complaint was mailed to Joseph Kissane, attorney for The Hartford Insurance Company, 50 North Laura Street, Suite 4100, Jacksonville, Florida 32202, by depositing same with the United States Postal Service at Houston, Texas on this 14 day of October, 2006.

_/s/ Thomas Stallworth_
Thomas Stallworth

This DECLARATIONS Page, With Policy Jacket Form 8309 And Forms And Endorsements Listed Below COMPLETE your PERSONAL AUTO POLICY



INSURER: HARTFORD INSURANCE COMPANY OF THE MIDWEST
200 EXECUTIVE BLVD., SOUTHINGTON, CT 06489

71 DECLARATIONS
83
94
PHE

POLICY NO. 55 PHE948371

Named Insured and Mailing Address → STALLWORTH, THOMAS & WILLIE MAE
*P O BOX 426
GONZALES, FL 32560

Policy Period 12:01 A.M. Standard Time at the Address of the Named Insured → FROM 10-14-98 TO 10-14-99 TERM: 1 YEAR

BILLING INFORMATION SERVICE: 1-800-258-2277
Producer Name:
CUSTOMER SERVICE: 1-800-423-6789

BILLING ID NUMBER: 10948371
Code: 254500 MIY
CLAIM SERVICE: 1-800-243-5860

TOTAL POLICY PREMIUM:  $ 1023.00        BILL ENCLOSED OR MAILED UNDER SEPARATE COVER

| Auto No. | Description of Autos or Trailers | Vehicle ID Number | Class | Terr. |
|---|---|---|---|---|
| 1 | 89 TOYOT   CAMRY DELUXE | 4T1SV21E8KU086911 | 29975L | 067 |

COVERAGE IS PROVIDED ONLY WHERE A PREMIUM IS SHOWN FOR THE AUTO AND COVERAGE.

COVERAGES AND LIMITS OF LIABILITY                PREMIUMS BY AUTO

                                                      1

A. LIABILITY
   BODILY INJURY       EACH PERSON     $ 250,000
                       EACH ACCIDENT   $ 500,000  $ 362.00
   PROPERTY DAMAGE     EACH ACCIDENT   $  50,000  $ 219.00

C. UNINSURED MOTORISTS
   SECTION II NON-STACKED
   BODILY INJURY       EACH PERSON     $ 250,000
                       EACH ACCIDENT   $ 500,000  $  94.00

D. DAMAGE TO YOUR AUTO    AUTO                          ACV = ACTUAL CASH VALUE
   OTHER THAN COLLISION    1
     ACV LESS DEDUCTIBLE $ 250           $  27.00
   COLLISION
     ACV LESS DEDUCTIBLE $ 200           $ 207.00

EXTENDED PERSONAL INJURY PROTECTION      $ 114.00

EXHIBIT "A"

COUNTERSIGNED BY _____ AUTHORIZED AGENT
----CONTINUED ON PAGE 2----
                         COMPANY                                    000000
FORM A-4800-0 (Ed. 3/97) AD