UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,

       Plaintiffs,

vs.

                          CASE NO: 3:06CV89MCR/EMT

THE HARTFORD INSURANCE COMPANY,
a Delaware Corporation,

       Defendant.

_____/

**DEFENDANT'S, THE HARTFORD INSURANCE COMPANY, MOTION TO
DISMISS COUNT II OF SECOND AMENDED COMPLAINT
AND ALTERNATIVELY MOTION TO STRIKE AND
INCORPORATED MEMORANDUM OF LAW**

The Defendant, THE HARTFORD INSURANCE COMPANY ("The Hartford"), pursuant to Fed. R. Civ. P. 12 (b)(6) and Fed. R. Civ. P. 12 (f), hereby moves to dismiss Count II of Plaintiffs' Second Amended Complaint and/or to strike paragraphs 11, 12 and 13 of this pleading, and in support thereof states as follows:[1]

1.      The instant action relates to an uninsured motorist claim arising from an automobile accident which occurred on May 4, 1999.  (See Amended Complaint, paragraph 7).

---

[1]  It appears as though the Pro Se Plaintiffs have improperly styled their amended pleading as a "Second Amended Complaint."  Although there was an earlier attempt to assert an amended complaint, this filing was rejected by the Court.  For uniformity of reference The Hartford will refer to the instant filing as the Amended Complaint. Plaintiffs have also added to the style of this action "Hartford Insurance Company of the Midwest."  This was apparently done without leave of Court and without serving this entity with process.  Since this newly added defendant has not been properly joined or served, no response is filed on its behalf.

2.      Plaintiffs allege damages which exceed the Fifty Thousand Dollar ($50,000.00) settlement received in their underlying tort action.  (See Amended Complaint, paragraph 7 and 10).

3.      Plaintiffs' breach of contract claim requests payment of uninsured motorist benefits from The Hartford.  The Hartford, while disagreeing with Plaintiffs' position, has never disputed their right to assert a breach of contract action.  At the time of filing this Motion to Dismiss, The Hartford has filed its Answer to Plaintiff's breach of contract claim in the Amended Complaint.

4.      Plaintiffs, however, have not been content with the pursuit of a breach of contract remedy.  In their original Complaint, they attempted to expand this proceeding into a premature action for bad faith and unfair claims settlement practices.  (See initial Complaint.)

5.      In its Order of September 19, 2006, this Court dismissed Plaintiffs' claim for Unfair Settlement Practices as premature.  (See Order dated September 19, 2006 incorporating Amended Report and Recommendation dated August 8, 2006.)  ("Because a claim for unfair claim settlement practices is premature until the issue of contractual liability has been resolved, Plaintiffs' claim for unfair claims settlement practices should be dismissed without prejudice.")  See Amended Report and Recommendation, page 9.[2]  Because of the premature nature of this claim, no leave to amend was provided by this Court.

6.      In their initial Complaint, Plaintiffs also asserted a claim for "Breach of the Warranty of Good Faith and Fair Dealing." (sic)  To the extent that this Count attempted to assert a claim for statutory bad faith, this Court also concluded that it was premature and subject to dismissal.  ("To the extent Plaintiffs are attempting to state a statutory bad faith claim, the claim

---

[2]   For east of reference, Magistrate Timothy's Amended Report and Recommendation dated August 8, 2006 will be referred to as "ARR" followed by the page of reference.

is premature under Florida law and should be dismissed without prejudice.")  See "ARR", page 8.

7.      Assuming that the Plaintiffs intended to assert a claim for breach of the covenant of good faith and fair dealing implied in all Florida contracts, this Court also found this claim to be deficient, but dismissed it with leave to amend.

8.      In its Order, this Court detailed deficiencies with this claim which would need to be remedied if Plaintiffs intended to assert an action for breach of the implied covenant of good faith and fair dealing.  See "ARR", page 7-8.  This Court's Order was also instructive on the nature and purpose of this cause of action.  Specifically, this Court found that:

> A.      "Breach of the implied covenant is not an independent cause of action, but attaches to the performance of a specific contractual obligation."  (See "ARR", page 7.)
>
> B.      "Good faith and fair dealing is an interpreting, gap-filling doctrine which applies only when the propriety of a contracting party's conduct is not resolved by the terms of the contract."  (See "ARR", page 7.)
>
> C.      "….the implied covenant of good faith and fair dealing cannot be used to vary the terms of an express contract."  (See "ARR", page 7.)

9.      This Court also expressly advised that a claim for breach of the covenant of good faith and fair dealing had to be based upon facts different from those supporting the breach of contract claim.  ("However, a claim for breach of the implied covenant may be dismissed as redundant where it is based on the same allegations as those underlying the breach of contract claim.")  See "ARR", page 8  This Court went on to point out, for the benefit of Plaintiffs, that the allegations in the original Complaint, in support of their implied covenant of good faith and fair dealing claim, were the same as those asserted in support of their breach of contract claim.  ("They have also failed to allege a factual basis for the claim that is different from the factual basis underlying the breach of contract claim.")  See "ARR, page 8.

10.    In fact, this Court went one step further by expressly advising Plaintiffs what would be required in their amended pleading in order to state a cause of action for breach of the covenant of good faith and fair dealing.

> Therefore, in order to state a claim for breach of the implied covenant of good faith and fair dealing, Plaintiffs must identify the specific contract term(s) giving rise to the implied duty of good faith and also allege how Defendants breached their implied duty, alleging facts different from those giving rise to the breach of contract claim.

See "ARR", page 8

11.    Despite this clear guidance, Plaintiffs have filed an amended pleading which is almost identical to their first Complaint.  Significantly, there are no new allegations in this amended pleading which attempt to support, set forth or clarify a claim for breach of the implied covenant of good faith and fair dealing.  In fact, with respect to this Count, the initial and amended pleadings appear to be identical.

12.    A comparison between the initial Complaint and Amended Complaint demonstrate that the only changes are as follows:

> A.    At the conclusion of paragraph 8, Plaintiffs included a new sentence which reads:
>
> "The Hartford declined Plaintiff Stallworth's request and invitation to litigate on Stallworth's behalf the accident case against the offending driver.  (See amended pleading, paragraph 8.)
>
> B.    Plaintiffs also added paragraph 10 which seeks to explain the resolution of their bodily injury claims with the underlying tortfeasor.  This new paragraph reads:
>
> Plaintiffs have settled the underlying tort, injury and damage claims against the automobile defendants in Florida State Court. That underlying action was styled *Stallworth et al. v. Oaks, et al.,* Case No. 03-CA-0296 in the First Judicial Circuit Court, Escambia County, Florida.  The tort, injury and damages claims in that

litigation were settled for Fifty Thousand Dollars ($50,000).  (See amended pleading, paragraph 10.)[3]

13.    The amended pleading contains no other new allegations.  In fact, other than eliminating Count III for "unfair claims settlement practices" and adding certain facts explaining the resolution of their underlying bodily injury claim, Plaintiffs have filed the exact same pleading.  Despite this Court's clear guidance, there was no attempt by Plaintiffs to identify an express contractual provision which has been violated by The Hartford.   Further, there has been no attempt to differentiate the claim for breach of the implied good faith covenant from the claim for breach of contract.

14.    Respectfully, the Plaintiffs have failed to follow this Court's mandate regarding the elements necessary to assert a cause of action for breach of the implied covenant of good faith and fair dealing.  In fact, it is difficult to identify any new deficiencies in the amended pleading as it is virtually identical to the Complaint previously dismissed by this Court.  Suffice it to say that despite this Court's clear ruling, the Plaintiffs have failed to allege any specific contractual provision breached by this Defendant.   They have also failed to allege any facts which would differentiate this claim from their breach of contract action.  In short, Plaintiffs have asserted nothing in their "amended" claim for breach of the implied covenant of good faith to remedy the pleading deficiencies noted in this Court's prior Order.  Respectfully, this Count should be dismissed.

15.    In addition and alternatively, The Hartford moves, pursuant to Fed. R. Civ. P. 12(f), to strike paragraphs 11, 12 and 13 of the amended pleading as being immaterial and prejudicial.  These paragraphs of Plaintiffs' Complaint contain allegations which attempt to

---

[3]    In paragraph 18 of the amended pleading the word "Code" has been changed to "Doe".  This appears to be a typographical error and not an attempt by Plaintiffs to make a substantive change.  Plaintiffs also attached a declaration page from the involved policy as Exhibit "A" to the Amended Complaint.

support a first party claim for bad faith and/or for unfair claim settlement practices.  These allegations have been reasserted in the amended pleading even though these claims have been previously dismissed by this Court.  While Plaintiffs, in accord with this Court's Order, have removed Count III for unfair claim settlement practices and have not attempted to reassert a claim for statutory bad faith, they have failed to remove from the Amended Complaint the underlying factual allegations in support of these dismissed claims.  As a result, Plaintiffs have now improperly included allegations of bad faith and unfair claims practices in what amounts to a breach of contract claim for uninsured motorist benefits.  In this regard, this Court has already found that allegations of bad faith have no place in a claim for such relief:

> Even where a plaintiff does not assert a separate cause of action for bad faith, but instead includes bad faith allegations within a breach of contract claim, the bad faith allegations may be stricken as prejudicial.

(See "ARR", page 7.)

16.     In the instant case, the allegations in paragraph 11, 12 and 13 of fraud, bad faith and failure to settle are inflammatory and prejudicial since the Plaintiffs have not yet established a right to coverage under the subject policy.  In fact, a review of paragraphs 11 and 12 will confirm that they track the language of Florida's bad faith statute.  (Compare paragraph 11 of amended pleading to Florida Statute 626.9541(1)(i)(3)(c), "failing to acknowledge and act promptly on communications with respect to claims";  paragraph 11 of amended pleading to Florida Statute 624.155(1)(b)(1), "not attempting in good faith to settle claims when, under all circumstances, it could and should have done so . . . "; and, paragraph 12 of amended pleading to Florida Statute 626.9541(1)(i)(3)(f), "failing to promptly provide a reasonable explanation in writing . . . for denial of a claim or for the offer of a compromise settlement.")

17.     Stated simply, since this Court has already determined that any claim for first party bad faith or unfair claims settlement practices is premature, the allegations in paragraph 11, 12 and 13 are inflammatory, prejudicial and immaterial to the remaining issues and should be stricken from the amended pleading.

## MEMORANDUM OF LAW

Having been afforded a second opportunity to state a claim for breach of the implied covenant of good faith and fair dealing, it was incumbent upon the Plaintiffs to allege certain mandatory elements.  As previously noted by this Court in its Amended Report and Recommendations such a claim cannot stand unless the Plaintiffs identify a specific contractual provision breached by the defendant.  See "ARR", page 8. ("….Plaintiffs **must** identify the specific contract term(s) giving rise to the implied duty of good faith.")  (emphasis supplied) This mandatory pleading requirement was also noted by the Court in *Dennis v. Northwestern Mutual Life Ins. Co.*, 2006 WL 1000308 (M.D. Fla. 2006).

> Plaintiffs cannot maintain a claim for breach of the implied duty of good faith and fair dealing unless she asserts a breach of an express contract provision.

*Dennis v. Northwestern Mutual Life Ins. Co.*, 2006 WL 1000308 (M.D. Fla. 2006).  See also *Shibata v. Lim*, 133 F. Supp.2d 1311, 1318, (M.D. Fla. 2000) ("The covenant must relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach…")  *Burger King Corporation v. Weaver* 169 F.3d 1310, 1318 (11th Cir. 1999).  ("More specifically, a cause of action for breach of the implied covenant cannot be maintained…. in the absence of breach of an express term of the underlying contract.")  The identification of a specifically breached contract term is required because the implied covenant does not create an independent duty, but rather attaches to an obligation otherwise existing under the contract. See *Centurion Air Cargo Inc. v. United Parcel*

*Service Co.*, 420 F.3d 1146, 1151, (11th Cir. 2005). ("A breach of the implied covenant of good faith and fair dealing is not an independent cause of action, but attaches to the performance of a specific contractual obligation.")  As a result, absent the breach of a specifically enumerated contractual provision there is nothing for the implied covenant to attach to and no basis to allow such a claim for relief.

In the instant case, this Court's Amended Report and Recommendation contained a mandatory requirement that Plaintiffs' amended pleading identify a specific contractual provision which had been breached if they intended to assert a claim for breach of the implied good faith covenant.  See "ARR", page 8.  Plaintiffs have completely failed to follow this admonishment.  In fact, the amended pleading is virtually identical to the new pleading, and continues to generally assert a breach of the insurance policy arising from an alleged failure to pay uninsured motorist benefits.  Plaintiffs' failure to follow this Court's direction to identify an express provision of the policy which has been breached precludes the claim for breach of the good faith covenant from stating a claim upon which relief can be granted.  See *Beach Street Bikes v. Bourgett's Bike Works, Inc.*, 900 So.2d 697, 700 (Fla. 5th DCA 2005)  ("The duty of good faith does not attach until the Plaintiff can establish a term of the contract that HPS was obligated to perform.")  *Dennis v. Northwestern Mutual Life Insurance Company,* 2006 WL 1000308 (M.D. Fla. 2006) ("Notably, Plaintiffs do not point to any express provision that Defendant breached.")  Accord *Johnson Enterprises of Jacksonville, Inc. v. FPL Group*, 162 F.3d 1290 (11th Cir. 1998) (noting that implied good faith obligation does not exist in the air.)

This cause of action must also fail for a more fundamental reason as it does nothing more than restate the Plaintiffs' claim for breach of contract.  A review of the amended pleading reveals that the claim for breach of covenant of good faith and fair dealing is predicated upon the

exact same allegations as the Plaintiffs count for breach of contract. Both counts derive their substantive basis by incorporating paragraphs 6 through 12 of the Amended Complaint. (See Amended Complaint, paragraphs 14 and 17.) In this regard, it is well settled that a claim for breach of the covenant of good faith and fair dealing must be based upon allegations separate and apart from the claim for breach of contract. See *Dennis v. Northwestern Mutual Life Ins. Co.,* 2006 WL at 1000313. ("Plaintiffs must assert allegations different than those underlying the accompanying breach of contract claim.") When, however, the two claims simply amount to a restatement of one another the need for, and purpose of, the implied covenant of good faith claim fails to exist making dismissal appropriate. See *Shibata*, 133 F.Supp.2d at 1319. ("However, a breach of the implied duty may be dismissed as redundant where the conduct allegedly violating the implied covenant is duplicative of the companion cause of action alleging breach of contract.") In the instant case, when stripped of hyperbolic rhetoric both the breach of implied covenant claim and the breach of contract action set forth a claim for uninsured motorist benefits. As a result, the count for breach of the implied covenant of good faith provides the Plaintiffs with nothing which is not otherwise fully available in their claim for breach of contract.[4]

The Hartford also moves to strike as prejudicial and immaterial paragraphs 11, 12 and 13 of the amended pleading. Although, as instructed by this Court, Plaintiffs removed their count for unfair claims settlement practices, (formerly Count III), and did not attempt to reassert a claim for statutory bad faith, they have failed to remove the allegations which were ostensibly

---

[4]    The Hartford also notes that in support of their breach of good faith claim, Plaintiffs assert that they "were entitled to rely on the representations made by The Hartford at the time in which (sic) the parties entered into the contract for insurance." Nowhere in the Amended Complaint is it further explained who made these alleged oral statements, or what they consisted of or how they might support a claim for breach of the covenant of good faith and fair dealing. This failure notwithstanding it is clear that a claim for violation of the covenant of good faith and fair dealing must be based on the breach of an express contractual term and not unexplained oral statements made at the time a contract is entered into. See *Burger King,* 169 F.3d at 1316 (". . . the rights conferred by the implied covenant of good faith and fair dealing are limited. The Florida Appellate Courts recently held that an action for breach of the implied covenant of good faith cannot be maintained in the absence of breach of an express contract provision.")

included in the original Complaint in support of these claims.  As a result, these paragraphs contain allegations and language which is inflammatory, prejudicial and wholly immaterial to the remaining counts.  This is illustrated by the following:

A)  Paragraph 11 of the Amended Complaint alleges that The Hartford failed to acknowledge communications with reasonable promptness.  While such an allegation may be appropriate for a claim for statutory bad faith under Florida Statute 624.155, it is neither relevant nor material to the remaining counts in Plaintiffs' amended pleading.  See Fla. Stat. 624.155, incorporating Fla. Stat. 626.9541(1)(i)(3)(c), which provides that a failure to acknowledge an act promptly upon communications as a potential unfair claims settlement practice.  Since the Plaintiffs' count for unfair claims practices has already been dismissed allowing these immaterial allegations to remain in Plaintiffs' pleading would be unduly prejudicial to The Hartford.

B)  Paragraph 11 also asserts that "The Hartford has not attempted in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim submitted (sic) in a situation where Hartford's liability has become reasonably clear."  This is simply a restatement of Florida Statute 624.155(1)(b)(1).  Again, since this Court has already determined that a statutory bad faith claim is premature inclusion of this language is immaterial and can only serve to prejudice the interests of The Hartford in those matters which are properly before this Court.

C)  Paragraph 12 asserts that The Hartford acted wantonly, willfully and intentionally in failing, "to provide in a timely manner any reasonable explanation of the basis in the policy of insurance for the denial of Plaintiffs' claims or for the failure to offer to the Plaintiffs any compromise settlement."  Again, this is an uncited reference to Florida Statute 624.155(a)(1) which incorporates Florida Statute 626.9541(1)(i)(3)(f).  The latter statute makes it an unfair claim settlement practice to fail, as a general business practice, to provide an insured with a reasonable explanation in writing to support a claim denial or for the offer of a compromise settlement.  Again, while appropriate in a first party bad faith claim these allegations are immaterial to the matters presently before this Court.

D)  Paragraph 13 asserts that the actions of The Hartford were "knowing and willful" and constituted a pattern of "fraud and bad faith business practices."  This paragraph also makes reference to other litigation allegedly involving The Hartford and contends that

> said actions are representative of similar improper conduct by this
> defendant.  Clearly, no pattern of conduct is at issue or before this
> Court.   In addition, any reference to unrelated litigation is
> advanced solely to prejudice The Hartford's interest.  Respectfully,
> the Plaintiffs have not even established an entitlement to coverage
> for the losses at issue.  Any unsubstantiated allegations of fraud,
> bad faith or willful or wanton conduct are simply immaterial to the
> matters before this Court.

In *Dennis v. Northwestern Mutual Life Ins. Co.*, 2006 WL 1000308 (M.D. Fla. 2006), the court addressed a similar contention that allegations of bad faith and improper conduct in a pleading, prior to a determination of coverage, were immaterial and prejudicial.  The court agreed and noted that while such allegations may be relevant to a subsequent bad faith claim, they had no place in the underlying action for coverage.  See *Dennis,* 2006 WL 1000312 ("While Plaintiff's allegations are of the type which can and should be pled in the event that Plaintiff proves disability coverage and thereafter asserts a bad faith claim against Defendant, they are irrelevant and inadmissible for her breach of contract claims at issue in this case.  Thus, this court finds that the allegations fall within the definitions of immaterial and impertinent under Rule 12(f) and would be prejudicial to Defendant if ever reviewed by a jury.")[5]  Similarly, The Hartford believes that it would be prejudiced in its ability to defend the instant coverage action if the immaterial references set forth herein are allowed to remain part of the record in this matter.

For the foregoing reasons, The Hartford respectfully requests that this Court dismiss Count II for "Breach of Warranty of Good Faith and Fair Dealing" with prejudice as an adjudication upon the merits.  Additionally and alternatively, The Hartford requests that this

---

[5]   It is assumed that paragraphs 11, 12 and 13 are simply remaining from the Plaintiff's previous attempt to assert an action for unfair claim settlement practices, and which were erroneously not removed after this Count was dismissed.  To the extent Plaintiffs intended to assert these paragraphs in support of their claim for breach of the covenant of good faith and fair dealing, they simply fail to assert a cause of action or support such a claim for relief. See *Dennis,* 2006 WL 1000308, (converting motion to strike to motion to dismiss and disposing of immaterial allegations as failing to set forth a claim for relief for breach of the covenant of good faith and fair dealing.)

Court strike paragraphs 11, 12 and 13 from the amended pleading as these paragraphs are inflammatory, prejudicial and wholly immaterial to the matters presently before this Court.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on November 6, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  Thomas Stallworth and Willie Mae Stallworth, P.O. Box 941148, Houston, TX  77094.

HINSHAW & CULBERTSON LLP

**/s/ Joseph T. Kissane**
Joseph T. Kissane
Florida Bar No.:  512966
50 North Laura Street
Suite 4100
Jacksonville, FL 32202
Telephone: 904-359-9620
Facsimile: 904-359-9640
jkissane@hinshawlaw.com
Attorneys for Defendant

12