UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,

    Plaintiffs,

vs.

                      CASE NO: 3:06CV89MCR/EMT

THE HARTFORD INSURANCE COMPANY,
a Delaware Corporation and SEAN MANLEY,
Individually and As agent for Hartford

    Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, THE HARTFORD INSURANCE COMPANY, TO COUNT I OF THE SECOND AMENDED COMPLAINT

THE HARTFORD INSURANCE COMPANY ("The Hartford"), by and through its undersigned counsel hereby files this its Answer and Affirmative Defenses to Count I of the Plaintiffs' Second Amended Complaint and states as follows:

1.    This Answer is directed solely to Plaintiffs' "First Claim for Relief" as contained within the Second Amended Complaint. This claim is for breach of contract.

2.    No answer is hereby filed as to Plaintiffs' "Second Claim for Relief" as this is currently the subject of Plaintiffs' concurrently filed Motion to Dismiss.

3.    Each and every allegation of fault, legal responsibility, damage and/or breach of contract contained within the Amended Complaint is hereby denied in its entirety.

4.    Each and every allegation within the Amended Complaint not specifically addressed herein is hereby denied.

5. Plaintiffs prayer for relief in the Amended Complaint is denied in its entirety.

6. The following paragraphs of Plaintiffs' Second Amended Complaint are denied.

1, 3, 5, 9, 11, 12, 13, 15 and 16.

7. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in the following paragraphs and, therefore, must deny same and demand strict proof thereof.     2 and 10

8. The following paragraphs of the Second Amended Complaint are admitted.  4

9. Specifically as to paragraph 6, this Defendant would admit that The Hartford Insurance Company of the Midwest did issue a policy of insurance to Thomas and Willie Mae Stallworth. It is further admitted that this policy contained automobile uninsured motorist coverage in the amount of $250,000 per person/$500,000 /per accident. The remaining allegations contained within this paragraph are denied.

9. Specifically as to paragraph 7, this Defendant is without sufficient knowledge to form a belief as to whether the policy of insurance issued to the Plaintiffs by The Hartford Insurance Company of the Midwest was in force on May 4, 1999. The remaining allegations contained within this paragraph are denied.

10. Specifically as to paragraph 8, this Defendant is without sufficient knowledge as to form a belief as to the specific letter referenced therein which the Plaintiffs allegedly issued to adjuster Sean Manley. Said letter has not been attached as an exhibit to this complaint nor is the date of said letter provided within the Amended Complaint. This Defendant would specifically deny that it has been provided with materials to evaluate plaintiffs' claims for uninsured motorists benefits. The remaining allegations contained within this paragraph are denied.

11.     Specifically as to paragraph 14, this Defendant would adopt its responses to the paragraphs reincorporated herein by the Plaintiffs.

**AFFIRMATIVE DEFENSES**

12.     By and for its first affirmative defense, this Defendant would assert that Plaintiffs' Complaint affirmatively alleges that the subject accident took place on May 4, 1999. Any cause of action for uninsured motorist benefits pursuant to any policy of insurance issued by this Defendant would be barred by the applicable statute of limitations.

13.     By and for its second affirmative defense, this Defendant, The Hartford Insurance Company, would deny that it ever issued any policy of insurance to the Plaintiffs. The Plaintiffs own allegations contained within the Amended Complaint affirmatively allege that the subject policy was issued by The Hartford Insurance Company of the Midwest. As such, this Defendant would assert that it is an improper party to this action and that all of the enumerated claims fail to state a cause of action as to it.

14.     By and for its third affirmative defense, this Defendant would assert that the Plaintiffs' herein were comparatively negligent and that any recovery herein must be reduced by an amount equal or equivalent to said comparative degree of negligence. This comparative negligence includes, but is not limited to the Plaintiffs' negligent failure to operate their motor vehicle in a safe manner and their failure to use and wear available and fully operational seat belts which resulted in causing all or some of their alleged injuries.

15.     By and for its fourth affirmative defense, this Defendant would allege that the Plaintiffs have received, or entitled to receive, or in the future may receive compensation for

injuries and damages sustained from collateral sources, and this Defendant claims a set-off for all said compensation pursuant to applicable law.

16. By and for its fifth affirmative defense, this Defendant would assert that to the extent that it is responsible for any uninsured motorists benefits to the Plaintiffs, any such benefits are over and above, and must not duplicate, any recovery received by the Plaintiffs from any other source for injuries and/or expenses incurred in the underlying accident.  This would include but not be limited to the $50,000 settlement received from the tortfeasor as alleged in the Amended Complaint.

17. By and for its sixth affirmative defense, this Defendant would assert that the Plaintiffs' claims, as a result of the accident which is the subject of this litigation, fail to cross the thresholds of the Florida Automobile Reparations Reform Act and the Plaintiffs' claims as a result thereof are barred pursuant to Florida law, including Florida Statute 627.737 et seq.

18. By and for its seventh affirmative defense, this Defendant would assert that the matter herein is governed by the Florida Tort Reform and Insurance Act of 1986, including all applicable revisions and amendments thereto, this Defendant hereby pleads and asserts all defenses available to it under said Act including, but not limited to, those dealing with apportionment of damages, collateral source set-off, and joint and several liability.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 6, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-

CM/ECF participants:  Thomas Stallworth and Willie Mae Stallworth, P.O. Box 941148, Houston, TX  77094.

          HINSHAW & CULBERTSON LLP

          **/s/ Joseph T. Kissane**
          Joseph T. Kissane
          Florida Bar No.:  512966
          50 North Laura Street
          Suite 4100
          Jacksonville, FL 32202
          Telephone: 904-359-9620
          Facsimile: 904-359-9640
          jkissane@hinshawlaw.com
          Attorneys for Defendants

22187297v1 865080