IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,
    Plaintiffs,

vs.                                    Case No:  3:06cv89/MCR/EMT

THE HARTFORD INSURANCE COMPANY,
a Delaware Corporation,
    Defendant.
_____/

## INITIAL SCHEDULING ORDER

Rule 1 of the Federal Rules of Civil Procedure requires a "just, speedy, and inexpensive determination of every action."  To accomplish that purpose, and in accordance with Rule 16(b) of the Federal Rules of Civil Procedure, it is **ORDERED** as follows:

**(1)  Discovery Period**.  The parties are directed to conduct discovery so that the due date of any discovery requested shall not be later than **March 7, 2007**.  The conduct of any discovery which would require a later due date shall be permitted only on order of the court.  No extension of time will be granted except for good cause and upon showing of diligence during the initial discovery period.  *See* N.D. Fla. Loc. R. 6.1.  The filing of motions SHALL NOT operate to toll or extend the discovery cut-off date set forth in this paragraph.

**(2)  Rule 26 Requirements**.  This scheduling order is entered prior to the conference of parties and the filing of the joint report required under Rule 26, Federal Rules of Civil Procedure, so that discovery may proceed expeditiously and without unnecessary delay.  Modifications may be made to this order upon consideration of the parties' joint report.  The following will be required of all parties to this litigation:

**(a)  Conference of Parties and Filing of Joint Report**.  Counsel of record and any unrepresented parties shall confer (personally, by phone, or electronically) within **30 days** from the date of this order, as required by Rule 26(f), and the joint report to the court (*see* Form 35, appendix of forms, Federal Rules of Civil Procedure) shall be filed within **14 days** thereafter.  Plaintiff shall initiate arrangements for the conference and filing of the report, but the court shall hold all parties equally responsible for insuring that the conference is held and the report filed as required.  If the parties are unable to agree, each party's position shall be set out in the filed joint report.  In addition to the matters set out in Rule 26(f), the following shall also be discussed at the conference and specifically addressed in the joint report:

**(i)**  The matter of magistrate judge jurisdiction over the case.  In accordance with Rule 73.1(A) of the Local Rules, the parties are directed to confer regarding their willingness to consent to magistrate judge jurisdiction, and the joint report should reflect this discussion.  However, the joint report should state **only** that the parties have conferred regarding this issue.  The parties may withhold consent if they so choose.  Under no circumstances should the parties indicate their respective positions on the matter of consent in the joint report.

If **all** parties, after conferring with one another, elect to consent to magistrate judge jurisdiction, the attached form of consent should be signed by **all** parties and filed in the clerk's office.  It shall be Plaintiff's responsibility to forward the form to Defendant(s), who, in turn, shall have the responsibility of filing the document.  The form should be filed **only** if **all** parties have consented and signed the form.  **If any party elects not to consent, the form should not be returned**.

**(ii)**  The nature and basis of all claims and defenses, and a good faith attempt to identify the principal factual and legal issues in dispute.

**(iii)**  The possibility for prompt settlement or resolution of the case, and whether mediation (or any other alternative dispute resolution process) might be helpful in settlement, either now or after certain limited discovery has taken place.

**(iv)**  Proposed timetables and cutoff dates for the joinder of other parties, amendments to the pleadings, the filing of motions and responses, and in particular, whether this initial scheduling order should be revised or amended in any way.

**(v)**  The parties' respective discovery requirements in this case, and if the parties deem this initial scheduling order to be inadequate, they shall develop an alternate proposal which specifically addresses the timing and form of discovery, whether discovery should be conducted in phases or limited in any respect, and what, if any, changes should be made in the discovery procedures and time deadlines set out in this initial scheduling order, or in the applicable rules.

**(vi)**  Whether any party will likely request or produce information from electronic or computer-based media.  If so, the parties shall disclose:

1.  whether discovery will be limited to data reasonably available to the parties in the ordinary course of business (absent a showing of good cause, the court will not require the production of back-up or historic legacy data, nor will it require the production of data that is not necessarily available in the ordinary course of business in reasonably usable form);

2.  if data beyond what is reasonably available to the parties in the ordinary course of business is to be sought, the anticipated scope of data sought, cost and time required for its disclosure or production, and who will bear the cost;

3.  the format and media agreed to for producing electronic or computer-based data, as well as agreed procedures for such production;

4.  whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

5.  procedures in place to deal with inadvertent production of privileged information; and

6. other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

**(vii)**  A good faith estimate as to when the parties believe the case will be ready for trial (month and year).  The date shall be set out in the joint report, and if it is not within **8** months from the date of filing of this case, an explanation must be included.

**(viii)**  Any other matters which the parties deem appropriate with regard to specific aspects or the uniqueness of this case, including any applicable subject within Rule 16(c).

    **(ix)** The parties are directed to inform the court in their joint report if it appears that this case should be made subject to the Manual for Complex Litigation.

    **(b)** <u>**Rule 26(a)(1) Disclosures**</u>.  The disclosures required by Rule 26(a)(1) shall be provided (unless otherwise stipulated), without awaiting a discovery request, to all other parties within **14 days** from the date of the parties' meeting required under Rule 26(f).

    **(c)** <u>**Rule 26(a)(2) Disclosures**</u>.  Rule 26(a)(2) disclosures of expert witnesses and their opinions shall be made by Plaintiff within **60 days from the date of this scheduling order**, and by Defendant(s) within **30 days** thereafter.  Third parties or parties added or joined later shall disclose their experts under Rule 26(a)(2) within **60 days** after appearance in the case, or within **30 days** after the disclosure by the opposing party, whichever is the longer period.  Expert witnesses not timely disclosed as required by Rule 26(a)(2), or whose opinions have been significantly modified or changed after discovery has ended, will normally not be permitted to testify at trial.

    **(d)** <u>**Rule 26(a)(3) Disclosures**</u>.  Rule 26(a)(3) disclosures are not required at this time.  The court will enter an order after the completion of discovery which will set a pretrial conference and will specify the parties' comprehensive trial disclosure and preparation requirements.

  **(3)** <u>**Additional Court Action or Scheduling Conference**</u>.  The court will promptly consider the parties' filed joint report, and will take one of the following courses of action within **14 days** thereafter:

    **(a)** Enter a final scheduling order by modifying this initial scheduling order as deemed appropriate in light of the parties' joint report, or by adopting the parties' report, or by confirming the requirements of this order.

    **(b)** Set the matter for a Rule 16 scheduling conference, either for the attorneys' (and any unrepresented parties') personal attendance, or to be conducted by telephone.  A final scheduling order will be entered thereafter.

    **(c)** If the court takes no action within **14 days** from the filing of the joint report, this initial scheduling order will continue in full force and effect until some further order of this court.

    **(d)** If any party so requests by motion, a scheduling conference or preliminary pre-trial conference may be held to address any of the matters set out in Rule 16(a), (b), and (c), Federal Rules of Civil Procedure.

**(4)** **Interrogatories.**  The number of interrogatories shall be governed by Rule 33(a), Federal Rules of Civil Procedure.

**(5)** **Schedule of Pre-Trial Matters.**  In accordance with Rule 16(b), Federal Rules of Civil Procedure, the following schedule shall apply to this case, unless excluded by N.D. Fla. Loc. R. 16.1, or unless any party shall file an objection or request for a different schedule within **44 days** from the date of this order, viz:

**(a)**  Joinder of other parties and amendments of pleadings shall be accomplished by the service and filing of the appropriate motions or pleadings within the time required by the Federal Rules of Civil Procedure or the Local Rules, except as noted below.

**(b)**  All motions and responses shall be served and filed within the time required by the Federal Rules of Civil Procedure or the Local Rules.

**(c)**  Motions for summary judgment shall be filed as promptly as possible, but, unless otherwise permitted by court order, not later than **20 days** after the close of discovery.

**(d)**  Unless otherwise ordered by the court, no motions to compel discovery may be filed after the close of discovery.

**(e)**  Motions filed may be disposed of without a hearing.  *See* N.D. Fla. Loc. R. 7.1.

**(f)**  If the rules and this order do not provide a time for the filing or service of motions or pleadings, then such motions or pleadings shall be served and filed within the period provided for the completion of discovery.

**(6)** **Attorneys' Discovery Obligations.**  The Rules of Civil Procedure set out explicit time limits for responses to discovery requests.  If an attorney cannot respond on time, this fact should be communicated by the most expeditious means to opposing counsel; and if consent to an extension of time cannot be obtained, a motion requesting the same should be immediately filed and served. In the meantime, no motion to compel a response shall be filed.  Stipulations extending the time for responses to discovery may be made only as authorized by Rule 29, Federal Rules of Civil Procedure, and N.D. Fla. Loc. R. 6.1.

**(7)** **Rule 37 Awards of Expenses**.  The court will ordinarily award counsel fees for time spent in filing (and arguing) a motion to compel if such a motion is necessary to make the recalcitrant party respond, or for time spent in opposing (and arguing) such a motion that is found

to be unnecessary or without basis. Certification of all discovery requests, responses, and objections is required under Rule 26(g), and violations thereof will be subject to sanctions.

**(8) Resolution of Discovery Controversies**. Counsel must attempt to resolve discovery controversies without the court's intervention. The court will entertain a motion with respect to matters which remain in controversy only if, after consultation and sincere attempts to resolve differences, counsel are unable to reach an accord. Any motion filed shall include certification that such attempts have been made, in accordance with Rule 7(B) and Rule 37, Federal Rules of Civil Procedure, and shall be in the form required by Local Rule 26.2(B). Counsels' attention is also directed to the provisions of Rule 26(e) and their obligations under Rule 26(g), Federal Rules of Civil Procedure, as well as counsels' potential liability for excessive costs under Title 28 U.S.C. § 1927.

**(9) Attorneys' Fees Records.** In any proceeding in which a party is seeking attorney's fees from the opposing party to be awarded by the court pursuant to a statute, contract, or law, the party seeking such an award of attorney's fees shall:

> (a) Maintain a complete, separate, and accurate record of time (to the nearest l/10 of an hour) devoted to the particular action, recorded contemporaneously with the time expended, for each attorney and each specific activity (i.e., not just "research" or "conference") involved in the action, and

> (b) File a summary of such time record with the Clerk of the Court by the **15th day** of each month during the pendency of the action, for work done during the preceding month. If the attorney determines that the attorney/client privilege requires these records be filed under seal, the attorney must, at the time of such filing, place the records in a sealed envelope no larger than 8½ by 11 inches. The attorney must also attach to the front of these sealed records a summary, for filing, of the time records and serve a copy thereof on opposing parties or their counsel, which summary shall state the total of the hours represented by the sealed filing, i.e.,

> "TOTAL ATTORNEY HOURS THIS FILING" _____

> "TOTAL NON-ATTORNEY HOURS THIS FILING" _____

> Attorney time records will not be placed in the general case action file, but will be maintained in a separate folder in the clerk's office. Upon termination of this case or the determination of attorney's fees, whichever occurs later, all sealed time records in this civil action will be destroyed.

(c)  If claim will be made for services performed by any person <u>not</u> a member of the bar, a separate time record shall be maintained for each such individual and filed as specified above, together with the hourly rate at which such person is actually reimbursed.

(d)  Time records for past work performed to date in this case shall be filed within **30 days** from receipt of this order, or by the required filing date of the current month's time records, whichever is later.

The purpose of this requirement is to enable the court to adequately perform its function in awarding attorney's fees.  Failure to comply with these requirements will result in attorney's fees being disallowed for the required reporting period.  A motion for an award of attorney's fees and related non-taxable expenses should be made in accordance with Rule 54(d), Federal Rules of Civil Procedure, and must be filed and served within **30 days** after entry of judgment.

**(10)  <u>Summary Judgment Motions</u>.**  Any motion for summary judgment filed pursuant to Rule 56 (or Rule 12(b)(6) which requires reference to matters outside the pleading), Federal Rules of Civil Procedure, shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried.  Failure to submit such a statement constitutes grounds for denial of the motion.

The statement shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied-upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source.

The party opposing a motion for summary judgment shall, in addition to other papers or matters permitted by the rules, file and serve a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, in the format set forth above.

All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party.  *See* N.D. Fla. Loc. R. 56.1(A).

Motions for summary judgment will be taken under advisement by the court 21 calendar days after the motion is filed or 7 calendar days after the responsive memorandum is required to be filed under Local Rule 7.1(C)(1), whichever is later, unless the court specifically sets the motion for

hearing or sets a different advisement date.  Parties are required to file and serve affidavits and any other documents or materials authorized to be filed under the Federal Rules of Civil Procedure prior to the advisement date.  Only those documents and evidentiary materials in the record prior to the advisement date will be considered in ruling on the motion.

**(11)  Non-Filing of Rule 26 Disclosures and Discovery Materials.**  In accordance with Federal Rule of Civil Procedure 5(d), the parties shall serve but **shall not file with the clerk** copies of disclosures under Federal Rules of Civil Procedure 26(a)(1) and 26(a)(2) or discovery materials (including notices of deposition, deposition transcripts, interrogatories, responses to interrogatories, production requests, responses to production requests, admission requests, or responses to admissions requests), unless and until needed for consideration of pending motions by the court.  The parties need not serve and **shall not file with the clerk** separate notices of serving interrogatories or interrogatory responses, notices of serving production requests or responses, or notices of serving admissions requests or responses.

**(12) Electronic Filing.**  Each party represented by an attorney is **required** to file documents electronically, not in paper form, with limited exceptions.  Compliance with this requirement is mandatory.  Paper filings are a burden on the clerk of the court and delay the transmission of the documents to the judge.  The clerk is directed to report to the judge for appropriate action any paper filings in this matter that occur more than 14 days after the date of this order.

**(13) Amendments**.  This order may be amended by the court on its own motion or upon motion of any party.

**(14) Disclosure Statement**.  Each nongovernmental corporate party must file a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.  The deadline for filing the statement is set forth in Fed. R..Civ. P. 7. 1, and, if not filed sooner, the statement must in any event be filed within **14 days** of the date of this order.  A supplemental statement must be filed upon any change in the information that the statement requires.

**DONE AND ORDERED** this 9th day of November 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

AO 85 (Rev. 8/97) Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH

     VS                              CASE NO.  3:06cv89/MCR/EMT

THE HARTFORD INSURANCE COMPANY

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

      In accordance with the provisions of 28 U.S.C. 636(c), and Fed.R.Civ.P. 73, you are hereby notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment.  Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

      You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.  If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

      An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

      In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

      Signatures                              Party Represented                        Date

## ORDER OF REFERENCE
      IT IS HEREBY ORDERED that this case by referred to United States Magistrate Judge, for all further proceedings and the entry of judgment in accordance with 28 U.S.C. 636(c), Fed.R.Civ.P. 73 and the foregoing consent of the parties.

      Date                                            United States District Judge

Case No. 3:06cv89/MCR/EMT

## NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF
## CIVIL CASE BY A UNITED STATES MAGISTRATE JUDGE

Under 28 U.S.C. § 636(c)(1), full-time magistrate judges are authorized to exercise civil jurisdiction, including trial of the case and entry of final judgment, upon consent of the parties. Due to the district courts' heavy trial schedules, such consent to magistrate jurisdiction often results in more expeditious resolution of cases. The parties are, of course, entirely free to withhold such consent without any adverse consequences.

In all civil cases, other than prisoner litigation and social security appeals, the parties shall be required pursuant to the Initial Scheduling Order to confer regarding the matter of magistrate judge jurisdiction. However, the Joint Report should state only that the parties have conferred regarding this issue. **Under no circumstances should the parties indicate their respective positions on the matter of consent in the Joint Report.**

Should all parties, after conferring with one another, elect to consent to magistrate judge jurisdiction, the attached form of consent should be signed by all parties and returned to the court. It shall be plaintiff's responsibility to forward the form to defendant(s), who, in turn, shall have the responsibility of filing the document with the court through the clerk's office. The form should be returned to the court only if all parties have consented and signed the form. **Should any party elect not to consent, the form should not be returned**.

In prisoner litigation and social security appeals, and any other case in which an Initial Scheduling Order is not entered, the clerk shall, after the first responsive pleading is filed, send a consent form to the plaintiff. If the plaintiff elects to consent, plaintiff shall sign the form and promptly send it to defendant(s). If defendant(s) also consents and signs the form, defendant(s) shall promptly return the form to the court. **Should any party elect not to consent, the form should not be returned**.

A party's decision to consent, or not to consent, to the disposition of the case before a United States Magistrate Judge is entirely voluntary, and no judge of this court will be informed of a party's decision to withhold consent. By returning the consent form only in cases where all parties consent, the court will not be aware of which party withheld consent. Where the consent form is not returned to the court during the early stages of the case, either the district court judge or magistrate judge may again advise the parties of the availability of the magistrate judge, but in doing so, shall also advise the parties that they are free to withhold consent without adverse consequences.

Please note that in the event of consent, the parties may appeal a final judgment from the magistrate directly to the court of appeals in the same manner as an appeal from any other judgment of the district court.

**NOTE:  RETURN THE CONSENT FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.**