UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF FLORIDA
PENSCOLA DIVISION

THOMAS STALLWORTH And
WILLIE MAE STALLWORTH,

        Plaintiffs,        CASE NO. 3:06CV89MCR/EMT

VS.        CIVIL ACTION FOR DAMAGES

THE HARTFORD INSURANCE COMPANY,
a Delaware Corporation; And
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, an Indiana corporation;

        Defendants.

_____\

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS
## AND DEFENDANT'S ALTERNATIVE MOTION TO STRIKE

    **NOW COME PLAINTIFFS** Thomas Stallworth and Willie Mae Stallworth who file this response in opposition to defendant Hartford Insurance Company's Motion to Dismiss and Motion to Strike Count II of Plaintiffs' Amended Complaint; and in support of said opposition, would respectfully show the court as follows:

I.

The thrust of defendant Hartford's combined motion is that plaintiffs have failed to remove from the amended complaint all vestiges, references and allegations associated with plaintiffs' previously – and partially - dismissed causes of action for bad faith and unfair claims settlement practices. Advertence to the basic facts regarding the two

complaints filed thus far by plaintiffs; as well as the Amended Report and Recommendation (ARR) issued by the court, are in order.

I.

Plaintiffs' original complaint contained three counts articulated by plaintiffs: Count I – allegations of breach of contract, Count II – alleging breach of the warranty of good faith and fair dealing, and Count III - a claim for unfair claims settlement practices. As per the ARR issued by this court, Count II (statutory first party bad faith) was dismissed in part and without prejudice pending a determination of Hartford's liability on the underlying contract. Count III likewise was dismissed in part and without prejudice. In both instances, the court observed that plaintiffs' pleadings were either premature, or lacked the specificity necessary for a properly pleaded cause of action. But despite these deficiencies, the court held that it *"cannot conclude beyond all doubt that Plaintiffs can prove no set of facts that would entitle them to relief."* With that, the court dismissed without prejudice portions of Counts II and III; and directed that plaintiffs file an amended complaint with appropriate and more specific allegations as to the remainder of Count II. This plaintiffs have done.

Plaintiffs removed in its entirety Count III from the amended complaint. Plaintiffs added factual allegations in Paragraph 10 regarding the ultimate resolution of the underlying automobile accident (tort) case. The resolution of the underlying tort case, alone, is sufficient to implicate policy coverage and the potential liability of THE HARTFORD INSURANCE COMPANY. Defendant's motion in this regard is without merit.

One reason plaintiffs are unable to identify with more specificity the breach of an express term or contract provision lies in the realization that to date no copy of the underlying contract has been provided to plaintiffs. No discovery has occurred in the case; and the only emblem of the contract of insurance is the summary page attached as Exhibit "A". At a minimum, no ruling on defendant's motion to dismiss and strike is proper unless and until plaintiffs have been afforded an opportunity to receive and to review in its entirety the contract policy of insurance. This is particularly appropriate in this case where the defendant insurance company is the only party with possession and access to the full complement of policy and policy-related documentation. Thus, defendant's protestations regarding the lack of specificity in the pleadings ring hollow where defendant insurance company has not supplied to plaintiffs the critical contract document which may – or may not – permit plaintiffs to fully and with particularity articulate their claim.

The same reasoning applies to defendant's objections to the "*inflammatory and prejudicial*" nature of the allegations in Paragraphs 11, 12, and 13. Unless and until plaintiffs can perform a full and complete review of the text of the insurance contract, neither plaintiffs nor the court can have confidence that the allegations in the cited paragraphs are, in fact, not appropriate averments regarding defendant's actions and motivations.

Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the court deny defendant's motion to dismiss and to strike; that the court issue a stay of any other motions and proceedings in the case pending, at a minimum, the production by

defendants to plaintiffs a copy of the subject policy of insurance and any accompanying and related explanatory materials in possession of defendant; as well as a grant by the court of any and all such other and further relief to which at law or in equity plaintiffs may show themselves justly entitled.

Respectfully submitted,

By / Thomas Stallworth

Willie Mae Stallworth
Plaintiffs Pro Se
P.O. Box 941148
Houston, Texas 77094
(832) 379-8840

Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing response to defendant's motion to dismiss and to strike was mailed to Joseph Kissane, counsel for defendant, 50 North Laura Street, Suite 4100, Jacksonville, Florida 32202, by depositing same, postpaid, with the United States Postal Service at Houston, Texas on this 8 the day of December, 2006.

Thomas Stallworth

Willie Mae Stallworth

4