UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,

    Plaintiffs,

vs.                                          CASE NO: 3:06CV89MCR/EMT

THE HARTFORD INSURANCE COMPANY,
a Delaware Corporation

    Defendant.

_____/

### DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO JOIN PARTY DEFENDANT

Defendant, THE HARTFORD INSURANCE COMPANY, hereby files this its response to Plaintiffs' Motion for Leave to Join Hartford Insurance Company of the Midwest as a party defendant and states as follows:

### FACTUAL OVERVIEW

1.    On March 3, 2006, the Plaintiffs, Thomas Stallworth and Willie Mae Stallworth, appearing pro se, filed an action against The Hartford Insurance Company.  Hartford Insurance Company of the Midwest was not a party defendant to this original styled action.  Pursuant to an Order entered on Defendant's Motion to Dismiss, Plaintiffs filed a "Second Amended Complaint" on October 17, 2006.  Although styled as a Second Amended Complaint, it appears to be an amended pleading.

2.    In this amended pleading, the Plaintiffs attempted to assert a cause of action against a new defendant, Hartford Insurance Company of the Midwest.  This defendant was

added by the Plaintiffs to their amended pleadings without leave of the Court and without serving that defendant with process in this matter.

3.     Thereafter, on December 11, 2006, after being notified of this deficiency, the Plaintiffs filed a Motion for Leave to Join Hartford Insurance Company of the Midwest as a defendant to this matter.

4.     Mr. Stallworth contacted undersigned counsel, pursuant to Local Rule 7.1(B), to confer regarding The Hartford Insurance Company's position with respect to their Motion. During that conference, it was explained to Mr. Stallworth that Plaintiffs had originally sued the wrong party. The Hartford Insurance Company did not issue a policy of insurance to Plaintiffs and is an improper party to this action. The undersigned counsel explained to Mr. Stallworth that he had no objection to joining Hartford Insurance Company of the Midwest to this action as it was the entity which actually issued the subject policy of automobile insurance at issue in this case. However, undersigned counsel indicated that he would only consent to this joinder if Plaintiffs agreed to drop The Hartford Insurance Company as a party to this action. Mr. Stallworth indicated that they would make this representation in their "Certificate of Conference."

5.     Unfortunately, in the Certificate of Conference filed on December 11, 2006, Plaintiffs only indicated that undersigned counsel is not opposed to their Motion to Join Hartford Insurance Company of the Midwest as a party defendant. As set forth above, counsel has no objection to this Motion, although it should be predicated upon a dismissal of The Hartford Insurance Company as a party defendant to this matter.

6.     Plaintiffs have affirmatively represented in their amended pleading that they "purchased a policy of automobile insurance from The Hartford Insurance Company of the

Midwest." (See Second Amended Complaint, paragraph 6.)  It is this policy of insurance, and the uninsured motorists benefits allegedly due thereunder, which are at issue in this case.

7.     The Hartford Insurance Company is an improper party to this action as it did not issue the policy of insurance at issue and had no involvement in the adjustment of this claim.

8.     The undersigned counsel felt that it would be appropriate and efficient to simply agree to Plaintiffs' Motion as long as it also resulted in The Hartford Insurance Company being voluntarily dropped as an improper party to this cause.  As indicated, despite prior agreement, this did not occur.

9.     At this juncture, the undersigned counsel would be pleased to proceed in any manner as directed by this Court, including the filing of a Motion for Summary Judgment on behalf of The Hartford Insurance Company.  However, the undersigned counsel wanted to apprise the Court of the fact that the Certificate of Conference filed by the pro se Plaintiffs does not accurately reflect the conversation which the parties had.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 27, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  Thomas Stallworth and Willie Mae Stallworth, P.O. Box 941148, Houston, TX  77094.

HINSHAW & CULBERTSON LLP


**/s/ Joseph T. Kissane**
Joseph T. Kissane
Florida Bar No.:  512966
50 North Laura Street
Suite 4100
Jacksonville, FL 32202
Telephone: 904-359-9620
Facsimile: 904-359-9640
jkissane@hinshawlaw.com
Attorneys for Defendants

22191197v1 865080