UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,

      Plaintiffs,

vs.

                             CASE NO: 3:06CV89MCR/EMT

THE HARTFORD INSURANCE COMPANY,
a Delaware Corporation and SEAN MANLEY,
Individually and As agent for Hartford

      Defendant.

_____/

**DEFENDANT, THE HARTFORD INSURANCE COMPANY'S**
**RESPONSE TO PLAINTIFFS' OBJECTIONS TO RULE 26 DISCLOSURE REQUEST**
**AND RULE 34 REQUEST FOR PRODUCTION, AND MOTION TO COMPEL**

      The Defendant, THE HARTFORD INSURANCE COMPANY ("The Hartford"), files its

Response to Plaintiffs' Objections to Rule 26 Disclosure Request and Rule 34 Request for

Production and Motion to Compel, as follows:

      1.      Pursuant to Fed. R. Civ. P. 34, The Hartford propounded Requests for Production

upon both Plaintiffs.

      2.      In response, Plaintiffs have filed a document entitled "Objections to Rule 26

Disclosure Request and Rule 34 Request for Production", however, the body of the document

addresses only the objections to "specific items of defendant's Rule 34 request for certain

medical records", and makes no argument as to the Rule 26 disclosure.

      3.      The Hartford has not yet received any responses to the Rule 34 Request for

Production, aside from the filing of these objections.  Plaintiffs never contacted the undersigned

prior to the filing of their Objections, and as a result, undersigned counsel was unable to make

any attempt to confer regarding the objections prior to the Objections being filed with the Court. However, prior to the filing of this Response and Motion to Compel, the undersigned's office contacted Plaintiffs to resolve the issue, however Plaintiffs have advised, verbally, that they are not agreeable to production of any records at issue in this Motion.

4.      Plaintiffs' objections to the discovery requests by the Hartford are without merit and should therefore should be over-ruled.  Plaintiffs should be ordered to fully respond to the discovery requests, and the Hartford should be awarded sanctions.

## MEMORANDUM OF LAW

Under Fed. R. Civ. P. 34(a), "Any party may serve on any other party a request to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect, copy, test, or sample any designated documents or electronically stored information… which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served.  "Rule 26(b) provides, in pertinent part, that parties may obtain discovery regarding "any matter, not privileged, that is relevant to the claim of defense of any party."

This lawsuit involves claims by the Plaintiffs against the Hartford for uninsured/underinsured motorist benefits, arising out of an accident occurring in May of 1999. Plaintiffs are seeking compensation for personal injuries allegedly sustained as a result of that accident.

Upon investigation of this matter, it has been revealed that the Plaintiffs were involved in a subsequent automobile accident on March 10, 2005.  The nature and extent of the injuries, if any, resulting from that accident are unknown at this time, therefore the discovery requests propounded to Plaintiffs contained a request for records of any health care provider who

examined or treated the Plaintiff following that March 10, 2005 accident.  *See Rule 34 Requests attached as Exhibit "A."*

Plaintiffs have objected to these requests on the basis that information pertaining to this accident has no relevancy to the instant matter.  To the contrary, given that this action is a claim for personal injury benefits, any and all information pertaining to accidents and injuries sustained both before and after the May 4, 1999 date are highly relevant.  The impairment or disability currently suffered by Plaintiffs, if any, may have been caused or contributed to by the 2005 accident.  This information sought is clearly relevant to the Hartford's defense of these claims and the objections thereto are without any basis.  *See also Holmes v. Redland Construction Company*, 557 So.2d 911 (Fla. 3d DCA 1990) ("the evidence relating to the personal injury claim brought by Holmes for the 1987 accident was properly admitted…because it tended to prove that Holmes's presently claimed injuries resulted from a subsequent accident.")

Under Fed. R. Civ. P. 37(a)(2)(B), if a party fails to respond to a Rule 34 request, the requesting party may move for an order compelling inspection of those documents requested.  Although Plaintiffs filed their objections in lieu of providing them in the form of a response, the Hartford is entitled to an Order compelling inspection/production of those documents requested.

Fed. R. Civ. P. 37(a)(4)(A) further provides that:

> "If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the

3

motion, including attorney's fees, unless the court finds that the
motion was filed without the movant's first making a good faith
effort to obtain the disclosure or discovery without court action, or
that the opposing party's nondisclosure, response, or objection was
substantially justified, or that other circumstances make an award
of expenses unjust."

Plaintiffs' Objections are clearly without legal basis and therefore unjustified. Moreover, the office of the undersigned attempted to contact Plaintiffs via correspondence dated January 23, 2007, requesting that an agreed order be entered over-ruling the Objections, based upon the failure of the objections to be substantially justified. Correspondence was sent to the Plaintiffs advising of the Hartford's position and including the cite for the above-referenced *Holmes* case, requesting that Plaintiffs contact the undersigned's office to discuss entry of an agreed order. Plaintiff Thomas Stallworth subsequently advised, via telephone, that the Plaintiffs are not agreeable to production of the documents at issue. As a result, the Hartford is entitled to an Order compelling the discovery, as well as an award of expenses incurred in the filing of this Motion.

WHEREFORE, based upon the foregoing, The Hartford respectfully requests that Plaintiffs' Objections be overruled and an Order compelling the discovery responses be entered, along with an award of sanctions and any other relief deemed just and proper.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

**THE UNDERSIGNED HEREBY CERTIFIES** that I have conferred with pro se Plaintiff Thomas Stallworth in a good faith effort to resolve by agreement the issues raised in this Motion, however, for the reasons as stated above, was unsuccessful.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 26, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: Thomas Stallworth and Willie Mae Stallworth, P.O. Box 941148, Houston, TX 77094.

HINSHAW & CULBERTSON LLP

**s/Joseph T. Kissane**
Joseph T. Kissane
Florida Bar No.: 512966
50 North Laura Street
Suite 4100
Jacksonville, FL 32202
Telephone: 904-359-9620
Facsimile: 904-359-9640
jkissane@hinshawlaw.com
Attorneys for Defendants

5

22193028v1 865080