UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,

        Plaintiffs,

vs.

                                 CASE NO: 3:06CV89MCR/EMT

THE HARTFORD INSURANCE COMPANY,
a Delaware Corporation and SEAN MANLEY,
Individually and As agent for Hartford

        Defendant.

_____/

      Defendant, THE HARTFORD INSURANCE COMPANY, by and through its

undersigned attorneys, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby

requests Plaintiff, THOMAS STALLWORTH, to produce the following items within thirty days

(30) days at the office of the undersigned counsel.

## DEFINITIONS

      1.      "You" and "your" refer to the party to whom these requests are directed, each and

every name by which the party is known or has been known and each and every employee,

attorney, and other agent for such party.

      2.      "Document" shall include all insurance policies, notices, binders, estimates,

invoices, bills, receipts, records, books of account, journals, ledgers, statements, contracts,

correspondence, worksheets, checks, instructions, specifications, manuals, reports, books,

periodicals, publications, raw and refined data, memoranda, drafts, drawings, notes,

advertisements, lists, studies, meeting minutes, working papers, transcripts, magnetic tapes or

discs, punch cards, computer printouts, letters, telegrams, drafts, proposals, recommendations,

and any other data recorded in readable and/or retrievable form, or capable of being transmitted,

whether typed, handwritten, reproduced, magnetically recorded, coded, computer generated or stored in any other way readable or retrievable.

      3.      "And" and "or" shall be construed conjunctively and disjunctively herein in order to request the broadest scope of information possible.

## Requests to Plaintiff Thomas Stallworth

1.    Copies of all medical, psychiatric, and hospital records, including, where appropriate, x-rays and other films, pertinent to the incident described in the Complaint.

2.    Copies of all bills, invoices, and other documents evidencing expenses and economic damages claimed as a result of the incident described in the Complaint.

3.    Copies of all policies of insurance, correspondence, and documents related to any health plan or policy of health insurance for any insurance carrier responsible (or potentially responsible) for payment of any medical bills incurred as a result of the alleged incident with a list of all claimed medical expenses covered by insurance, indicating the extent to which covered.

4.    All income tax returns including without limitation all schedules and attachments to said returns, for the past eight (8) calendar years.

5.    Copies of all medical, psychiatric and hospital records, including, where appropriate, x-rays and other films, generated by or relating to any health care provider who has examined or treated the claimant after the occurrence of the incident described in the Complaint.

6.    Copies of all medical, psychiatric and hospital records, including where appropriate, x-rays and other films, generated by or relating to any health care provider who has examined or treated the Plaintiff following the accident that occurred on March 10, 2005.

7.    Copies of all medical, psychiatric and hospital records, including, where appropriate, x-rays and other films, generated by or relating to any health care provider who examined or treated the claimant in the seven (7) years prior to the occurrence of the incident described in the Complaint.

8.    Copies of reports of all treating physicians who have seen claimant for injuries allegedly resulting from the events set forth in the Complaint.

9.    If any of the above medical or hospital records are not available to Plaintiff at this time, execute a medical authorization in order to permit Defendant to obtain copies of the records.

10.    Copies of all pleadings and discovery propounded or received in any other litigation involving personal injury to the Plaintiff.

11.     Copies of all pleadings, correspondence, discovery propounded, discovery received or other documents pertaining to any worker's compensation claims filed by the Plaintiff in the last eight (8) years.

12.     All statements, documents, recordings and inscriptions executed by or taken from any of the parties to this suit, or witnesses to the incidents described in the Complaint.

13.     All drawings, graphs, charts, photographs or videos of the area of the incident described in the Complaint or any of the persons or things involved in the incident therein described.

14.     All drawings, graphs, charts, photographs or videos of the Defendant's person depicting any area of injury.

HINSHAW & CULBERTSON

Joseph T. Kissane
Florida Bar No.: 512966
50 North Laura Street
Suite 4100
Jacksonville, FL 32202
Telephone: 904-359-9620
Facsimile: 904-359-9640

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided by U.S. mail to Thomas Stallworth and Willie Mae Stallworth, P.O. Box 941148, Houston, TX 77094, this 27th day of December, 2006.

HINSHAW & CULBERTSON

Joseph T. Kissane
Florida Bar No.: 512966
50 North Laura Street, Suite 1800
Jacksonville, FL 32202
Telephone: 904-359-9620
Facsimile: 904-359-9640

22190317v1 865080

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,

            Plaintiffs,

vs.

                                    CASE NO: 3:06CV89MCR/EMT

THE HARTFORD INSURANCE COMPANY,
a Delaware Corporation and SEAN MANLEY,
Individually and As agent for Hartford

            Defendant.

_____/

Defendant, THE HARTFORD INSURANCE COMPANY, by and through its undersigned attorneys, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby requests Plaintiff, WILLIE MAE STALLWORTH, to produce the following items within thirty days (30) days at the office of the undersigned counsel.

## DEFINITIONS

1.     "You" and "your" refer to the party to whom these requests are directed, each and every name by which the party is known or has been known and each and every employee, attorney, and other agent for such party.

2.     "Document" shall include all insurance policies, notices, binders, estimates, invoices, bills, receipts, records, books of account, journals, ledgers, statements, contracts, correspondence, worksheets, checks, instructions, specifications, manuals, reports, books, periodicals, publications, raw and refined data, memoranda, drafts, drawings, notes, advertisements, lists, studies, meeting minutes, working papers, transcripts, magnetic tapes or discs, punch cards, computer printouts, letters, telegrams, drafts, proposals, recommendations, and any other data recorded in readable and/or retrievable form, or capable of being transmitted,

whether typed, handwritten, reproduced, magnetically recorded, coded, computer generated or stored in any other way readable or retrievable.

3.    "And" and "or" shall be construed conjunctively and disjunctively herein in order to request the broadest scope of information possible.

## Requests to Plaintiff Willie Mae Stallworth

1.      Copies of all medical, psychiatric, and hospital records, including, where appropriate, x-rays and other films, pertinent to the incident described in the Complaint.

2.      Copies of all bills, invoices, and other documents evidencing expenses and economic damages claimed as a result of the incident described in the Complaint.

3.      Copies of all policies of insurance, correspondence, and documents related to any health plan or policy of health insurance for any insurance carrier responsible (or potentially responsible) for payment of any medical bills incurred as a result of the alleged incident with a list of all claimed medical expenses covered by insurance, indicating the extent to which covered.

4.      All income tax returns including without limitation all schedules and attachments to said returns, for the past eight (8) calendar years.

5.      Copies of all medical, psychiatric and hospital records, including, where appropriate, x-rays and other films, generated by or relating to any health care provider who has examined or treated the claimant after the occurrence of the incident described in the Complaint.

6.      Copies of all medical, psychiatric and hospital records, including, where appropriate, x-rays and other films, generated by or relating to any health care provider who examined or treated the claimant in the seven (7) years prior to the occurrence of the incident described in the Complaint.

7.      Copies of all medical, psychiatric and hospital records, including where appropriate, x-rays and other films, generated by or relating to any health care provider who has examined or treated the Plaintiff following the accident that occurred on March 10, 2005.

8.      Copies of reports of all treating physicians who have seen claimant for injuries allegedly resulting from the events set forth in the Complaint.

9.      If any of the above medical or hospital records are not available to Plaintiff at this time, execute a medical authorization in order to permit Defendant to obtain copies of the records.

10.      Copies of all pleadings and discovery propounded or received in any other litigation involving personal injury to the Plaintiff.

11.   Copies of all pleadings, correspondence, discovery propounded, discovery received or other documents pertaining to any worker's compensation claims filed by the Plaintiff in the last eight (8) years.

12.   All statements, documents, recordings and inscriptions executed by or taken from any of the parties to this suit, or witnesses to the incidents described in the Complaint.

13.   All drawings, graphs, charts, photographs or videos of the area of the incident described in the Complaint or any of the persons or things involved in the incident therein described.

14.   All drawings, graphs, charts, photographs or videos of the Defendant's person depicting any area of injury.

HINSHAW & CULBERTSON

Joseph T. Kissane
Florida Bar No.: 512966
50 North Laura Street
Suite 4100
Jacksonville, FL 32202
Telephone: 904-359-9620
Facsimile: 904-359-9640

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided by U.S. mail to Thomas Stallworth and Willie Mae Stallworth, P.O. Box 941148, Houston, TX 77094, this 27th day of December, 2006.

HINSHAW & CULBERTSON

Joseph T. Kissane
Florida Bar No.: 512966
50 North Laura Street, Suite 1800
Jacksonville, FL 32202
Telephone:  904-359-9620
Facsimile:  904-359-9640