UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,

    Plaintiffs,

vs.                                          CASE NO.: 3:06CV89MCR/EMT

THE HARTFORD INSURANCE COMPANY,
a Delaware corporation,

    Defendant.

_____/

## UNOPPOSED MOTION TO ENLARGE DEADLINES IN INITIAL SCHEDULING ORDER

Defendant, THE HARTFORD INSURANCE COMPANY hereby files this its Motion to enlarge certain deadlines contained in this Court's Initial Scheduling Order and states as follows:

1. THE HARTFORD INSURANCE COMPANY filed its Answer and Affirmative Defenses to Count I of the Second Amended Complaint in this matter on November 6, 2006.

2. On November 9, 2006, this Court issued its Initial Scheduling Order.

3. This Initial Scheduling Order set a discovery cut off of March 7, 2007. This Order further provided that "modifications may be made to this Order upon consideration of the parties' joint report."

4. On December 27, 2006, the parties filed their Joint Scheduling Report. In that report, the parties mutually agreed that discovery would be completed on or before May 1, 2007.

5. In accordance with the parties' Joint Scheduling Report, HARTFORD respectfully requests that the Initial Scheduling Order be modified to reflect a discovery cut off of May 1, 2007.

6. This Court's Initial Scheduling Order also required Defendants to disclose their expert witnesses on or before February 7, 2007. The Plaintiffs' disclosure was due on or before January 8, 2007. To date, no experts have been disclosed.

7. HARTFORD would respectfully request this Court to enlarge the time period within which to disclose expert witnesses so that Plaintiffs' witness disclosures are due 60 days prior to the parties May 1, 2007 agreed discovery cut off date and Defendants' expert witness disclosures are due 30 days from said date.

8. As grounds in support of this Motion, undersigned counsel would advise that this matter has only been at issue for approximately ninety (90) days and that recently joined Co-Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST, has not yet answered. As additional grounds, counsel would also state that within the past week he has left the law firm of Hinshaw & Culbertson and jas joined the law firm of Cole, Scott & Kissane. Undersigned counsel had not been responsible for the day-to-day handling of this file for several months prior to his departure. He has now assumed day-to-day responsibility for this and several other files as a result of this move. Because of his substantially increased workload as a result of this move, counsel would be greatly assisted by the requested extension.

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(B)

Undersigned is able to represent that he has talked directly with the Pro Se Plaintiff, Thomas Stallworth. Mr. Stallworth is handling this litigation on behalf of himself and his wife. Mr. Stallworth has advised that he has no objection to this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 7, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: Thomas Stallworth and Willie Mae Stallworth, P. O. Box 941148, Houston, TX, 77094.

**COLE, SCOTT & KISSANE, P.A.**

/s/ **Joseph T. Kissane**
JOSEPH T. KISSANE
Florida Bar No. 512966
1805 Copeland Street
Jacksonville, FL  32204
Telephone:  904-399-2900
Facsimile:  904-399-2110
joseph.kissane@csklegal.com
Attorney for Defendants