IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,
    Plaintiffs,

v.                                                          Case No: 3:06cv89/MCR/EMT

THE HARTFORD INSURANCE COMPANY,
a Delaware Corporation, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court on Defendant Hartford Insurance Company's Motion to Dismiss Count II of Second Amended Complaint and Alternatively Motion to Strike (Doc. 34). Plaintiffs, proceeding pro se, filed a response opposing the motion (Doc. 41).

I.     BACKGROUND

    This is a civil action for damages brought pursuant to this court's diversity jurisdiction under 28 U.S.C. § 1332, as well as supplemental jurisdiction under 28 U.S.C. § 1367 (*see* Doc. 30). In their Second Amended Complaint, Plaintiffs allege that in 1997 they purchased an automobile insurance policy from The Hartford Insurance Company of the Midwest, and they have continued to make timely premium payments under the terms of the policy (*id.* at 2). They allege that the policy limit on coverage is $500,000.00 (*id.* at 2–3). Plaintiffs state that on May 4, 1999, they received bodily injuries as a result of an automobile accident for which they were not at fault, and at the time of the accident their policy with Defendants was in full force and effect (*id.* at 3). They state that they contacted Defendants and requested payment of benefits due under the policy, but Defendants unreasonably refused, denied, and delayed payment, despite Plaintiffs' providing all of the necessary information to pay the claim (*id.*). Additionally, Plaintiffs allege that Defendants

unreasonably delayed processing of Plaintiffs' claims, Defendants have not made good faith efforts to settle their claims, Defendants have unreasonably failed to promptly communicate with Plaintiffs, and Defendants have failed to provide a timely and reasonable explanation for denying benefits (*id.* at 4). Plaintiffs additionally allege that they received $50,000.00 from the other motorist as settlement of their claims against that person in state court (*id.* at 3–4).

The Second Amended Complaint contains two substantive counts (*id.* at 5). The first claim alleges breach of contract. The second claim alleges breach of the warranty of good faith and fair dealing (*id.*). Plaintiffs seek damages for their injuries in the amount of the full policy limits, and they seek punitive and exemplary damages (*id.* at 6–7). The complaint also includes a general prayer for relief (*id.* at 7).

In its motion to dismiss, Defendant Hartford argues that Plaintiffs' second claim, for breach of the warranty of good faith and fair dealing, should be dismissed for failure to state a claim upon which relief can be granted (Doc. 34 at 7–9). Hartford argues that pleading a claim of breach of the implied covenant of good faith and fair dealing requires identification of a specifically breached express term of the contract, and Plaintiffs failed to do this despite this court's previous order directing them to provide a more definite statement of their claim. Additionally, Defendant Hartford moves to strike paragraphs 11–13 of the Second Amended Complaint on the grounds that they are immaterial and prejudicial.

In their response to Defendant's motion, Plaintiffs assert that they are unable to identify an express term of the contract because they do not have a copy of the complete contract and discovery has not proceeded to a point where they have been able to obtain a copy (*see* Doc. 41 at 3).

II.     ANALYSIS

To state a claim for relief, Rule 8(a)(2) of the Federal Rules of Civil procedure requires only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." On a motion to dismiss, the court must accept all the allegations in the complaint as true, and must draw all inferences from those facts in the light most favorable to Plaintiffs. The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiffs. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006) (citing Hill v.

White, 321 F.3d 1334, 1334 (11th Cir. 2003). "A court may dismiss a complaint [on a motion to dismiss] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* (citing Conley v. Gibson, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)). Additionally, it is well settled that the allegations of a pro se complaint, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972).

In this case, Plaintiffs allege not only that Defendants breached the insurance contract, but they deliberately and unreasonably failed to discharge their contractual obligations. Furthermore, although Plaintiffs were previously directed to specify a written contract term giving rise to the breach of the implied duty of good faith by Defendants, and they concede that they have not done so in the Second Amended Complaint, they allege that their failure to do so is the result of Defendants' failure to supply them with a copy of the insurance contract in its entirety (Doc. 41 at 3). Liberally construing Plaintiffs' pleading and considering their assertions in response to Defendant Hartford's motion to dismiss, the undersigned cannot conclude beyond all doubt that Plaintiffs can prove no set of facts that would entitle them to relief on their claim of breach of the implied warranty of good faith and fair dealing. Therefore, Defendant Hartford's motion to dismiss this claim should be denied. Of course, this would not preclude Defendants from seeking disposition of this claim at a later stage in the proceedings, for example, in a motion for summary judgment.

Defendant Hartford also moves, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike paragraphs 11, 12, and 13 of the Second Amended Complaint as immaterial and prejudicial. Those paragraphs state the following:

> 11. Further, the Hartford defendants have failed to acknowledge with reasonable promptness pertinent communications from plaintiffs with respect to plaintiffs' claims. Additionally, the Hartford has not attempted in good faith to effectuate a prompt, fair, and equitable settlement of plaintiffs' claim submitted in a situation where Hartford's liability has become reasonably clear.
>
> 12. Further, the Hartford defendants have failed to provide in a timely manner any reasonable explanation of the basis in the policy of insurance for the denial of plaintiffs' claims; or for the failure to offer to plaintiffs any compromise settlement. The Hartford defendants' actions were wanton, willful and intentional

and were the proximate and producing cause of the damages complained in herein [sic].

13.  These deliberate, knowing and willful actions on the part of defendants Hartford Insurance Company and Hartford Insurance Company of the Midwest represent an ongoing and continuous pattern of fraud and bad faith business practices engaged in by defendants and their cadre of affiliated corporate entities. Legal claims and complaints alleging the same and similar acts complained of herein have been filed in other courts including, *inter alia*, that certain class styled "Frances Perry, et al. v. Hartford Accident & Indemnity Company, et al., No. 2:03cv040 in the United States District Court for the Eastern District of Texas, Marshall Division (hereinafter 'Perry Class Action'); as well as the cause filed in the Eleventh State Judicial Circuit Court of Florida and styled "Lucille Roker, et al. v. Hartford Insurance Company of the Midwest, et al., Case No. 98-14350 CA 32 (hereinafter 'Hartford PIP Settlement').

(Doc. 30 at 4).

Rule 12(f) provides: "Upon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In the instant case, the court previously dismissed Plaintiffs' statutory bad faith claim and their unfair settlement practices claims (*see* Doc. 28); thus the only remaining claims are breach of contract and breach of the implied warranty of good faith. The allegations contained in paragraph 13 are immaterial to Plaintiffs' claims; indeed, Plaintiffs do not refer to that paragraph as factually supportive of either of their claims (*see* Doc. 30 ¶ ¶ 14, 17). Therefore, Hartford is entitled to have paragraph 13 stricken. However, paragraphs 11 and 12 may be construed as factually supportive of Plaintiffs' breach of the implied warranty of good faith and fair dealing claim; therefore, those paragraphs may remain.

Accordingly, it is respectfully **RECOMMENDED**:

That Defendant Hartford Insurance Company's Motion to Dismiss Count II of Second Amended Complaint and Alternatively Motion to Strike (Doc. 34) be **GRANTED IN PART**. It is recommended that the motion be **GRANTED** only to the extent that paragraph 13 of the Second Amended Complaint (Doc. 30) be stricken, and that the motion be **DENIED** in all other respects.

At Pensacola, Florida, this 13th day of February 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**