P.O. BOX 941148
HOUSTON, TEXAS 77094-8148
PHONE: (832) 379-8840
FAX: (832) 379-8840

**THOMAS STALLWORTH**

# FAX

TO: _Stephanie Broder_   FROM: THOMAS

FAX: 9043599640   PAGES: 30

PHONE: 9043599620   DATE: 1/25/07

Re: _____   cc: 3:45 p.m.

☐ Urgent   ☒ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

---

• Comments: Copies of Interrogatories
  "    "       " Request for admissions
  "    "       " " Production

Exibit "A"

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF FLORIDA
PENSCOLA DIVISION

THOMAS STALLWORTH And
WILLIE MAE STALLWORTH,

        Plaintiffs,               CASE NO. 3:06CV89MCR/EMT

VS.                                    CIVIL ACTION FOR DAMAGES

THE HARTFORD INSURANCE COMPANY,
a Delaware Corporation; And
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, an Indiana corporation;

        Defendants.

_____\

**INTERROGATORY RESPONSES
OF
WILLIE MAE STALLWORTH**

    **COMES NOW** Willie Mae Stallworth, plaintiff herein, who pursuant to Federal Rules of Civil Procedure Rule 33, files these responses to defendant's interrogatories.

<u>Interrogatory #1</u>: What is your name, address, telephone number, social security number, driver license number and date of birth ?

Response: Objection. Compound Question. Subject to the court's ruling on this objection, response is as follows:

Willie Mae Stallworth
P.O. Box 941148
Houston, Texas 777094
(832) 379-8840
S.S. # has been previously provided
Driver's license #
D.O.B. March 31, 1949

Interrogatory #2: Describe in detail, each act or omission on the part of the defendant you contend constituted negligence that was a contributing legal cause of the accident in question.

Response: Objection. Vague. Subject to the court's ruling on this objection, response is as follows: Defendant in the subject automobile accident case was speeding and not maintaining control of his vehicle.

Interrogatory #3: List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which the witness has knowledge.

Response: Objection. Vague. Subject to the court's ruling on this objection, response is as follows: Any and all such persons are in the employ of defendant The Hartford and / or Hartford Insurance Company of the Midwest. Theses persons would include Sean Manley, Hartford agent in Tampa, Florida; and Susan Pages, a Hartford claims supervisor.

Interrogatory #4: List the name, residence address, business address and telephone number of each person believed or known by you, your agents, or attorneys to have heard or who is purported to have heard the Defendant make any statement, remark or comment concerning the accident described in the complaint and the substance of each statement, remark or comment.

Response: Objection. Vague. Subject to the court's ruling on this objection, response is as follows: Witnesses were persons from plaintiffs' church group in Florida. Plaintiffs will supplement these responses with those names at a later date.

Interrogatory #5: Were you suffering from any physical infirmity, disability, or sickness at the time of the occurrence of the accident described in the Complaint? If so, what was the nature of the infirmity, disability or sickness?

Response: Objection. Vague. Subject to the court's ruling on this objection, response is as follows: No.

Interrogatory #6: Did you consume any alcoholic beverages or take any drugs or medications within twelve (12) hours before the occurrence of the accident described in the Complaint? If so, what type and amount of alcoholic beverages, drugs or medication were consumed and where did you consume them?

2

Response: No.

Interrogatory #7: Have you ever been convicted of a crime? If so, what was the date and place of the conviction?

Response: No.

Interrogatory #8: Do you wear glasses or contact lenses? If so, who prescribed them, when were they prescribed, when were your eyes last examined and by whom?

Response: Plaintiff wears non-prescription reading glasses.

Interrogatory #9: Do you wear a hearing aid? If so, who last examined your ears?

Response: No.

Interrogatory #10: Describe in detail how the accident happened, including all actions taken by you to prevent the accident.

Response: Plaintiffs were rear-ended on an otherwise bright and clear day as Thomas Stallworth was preparing to turn left into a church driveway. The accident report for this incident has been previously provided.

Interrogatory #11: List each item of expense that you claim to have incurred as a result of the injuries sued on in this action, giving for each item the date incurred, to whom owed or paid and the goods or services for which each was incurred.

Response: Medical bills; doctor's visits, hospital costs, x-rays.

Interrogatory #12: Do you contend that you have lost any form of compensation as a result of the injuries sued on in this action? If so, what was the amount lost, the period during which it was lost, the nature of the compensation and the method that you used in computing the amount.

Response: Objection. Vague. Subject to the court's ruling on this objection, response is as follows: No.

Interrogatory #13: Have any benefits been paid or are any payable for the expenses listed in your answers to Interrogatories 11 and 12? If so, which expenses are covered by insurance, what type of insurance, and who paid the premium for the insurance?

Response: Yes. Medicals were paid by insurance under the Hartford's PIP coverage. Plaintiffs paid the monthly premiums under the contract of insurance.

Interrogatory #14: Describe each injury for which you are claiming damages in this case, specifying the part of your body that was injured; the nature of the injury; and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.

Response: Cervical strain. Pain in the right middle back. To date plaintiff has been advised of no permanent impairment.

Interrogatory #15: List each physician who has treated you and each medical facility where you have received any treatment for the injuries which you seek damages in this case, giving the dates that the treatment was received and stating which of the injuries described in your answer to Interrogatory No. 14 the treatment was rendered for.

Response:  Emergency Room treatment (10/17/99)
The Methodist Hospital
P.O. Box 297912
Houston, Texas 77297
Examination for neck and back pain
$105 dollars paid; $75 dollars owed

Bayshore Medical Center (5/27/99)
4000 Spencer Highway
Pasadena, Texas 77504
Spinal examination
$391 dollars paid

River Oaks Imaging (10/12/99); (11/24/99)
P.O. Box 297366
Houston, Texas 77297
$2544 dollars paid

Marcos A. Aquino, M.D.
3331 Fairview
Pasadena, Texas 77504

4

    $170 dollars paid  (5/27/99)
    $45 dollars paid  (9/30/99)

    Paul J. James, M.D.  (6/19/01)
    2101 Crawford, Suite 304
    Houston, Texas  77002
    $132 dollars paid

Interrogatory #16: Do you intend to call any non-medical expert witnesses at the trial of this case? If so, identify each witness; describe his qualifications as an expert; state the subject matter upon which he is expected to testify; state the substance of the facts and opinions to which he is expected to testify; and give a summary of the grounds for each opinion.

Response: No non-medical experts have been selected for purposes of trial testimony.

Interrogatory #17: List the names, business addresses and telephone numbers of all medical doctors by whom you have been treated in the last past seven (7) years, and all hospitals at which you have been examined and/or treated in the past seven (7) years.

Response: See Answers to Interrogatory #15.

Interrogatory #18: List the names, addresses, telephone numbers and rate of pay for all employers for whom you have worked in the past seven years.

Response:  Houston Independent School District
    3830 Richmond Avenue
    Houston, Texas  77027
    $13.00 per hour

Interrogatory #19: Describe any and all accidents, illnesses, and/or personal injuries you have suffered since the happening of the event in question, including in your answer the date, place, time and nature of the incidents, the names and addresses of all parties involved in the incident, the injuries sustained by you in this incident as well as the names and addresses of any of the treating and consulting physicians and hospitals or places of confinement in which you were a patient in connection with such injury.

Response: Plaintiff has suffered no serious accidents, illnesses or personal injuries since the time of the accident in May 1999.

Interrogatory #20: Describe any and all accidents, illnesses and/or personal injuries which you have suffered in the seven years before the happening of the incident in this

5

suit, including in your answer the date, time, place and nature of the incident, the names and addresses of any treating and consulting physicians and the names and addresses of the hospitals or places of confinement in which you were a patient in connection with such injuries.

Response: Objection. Relevance. Subject to the court's ruling on this objection, response is as follows: Plaintiff suffered no serious accidents, illnesses or personal injuries in the seven years prior to the time of the accident in May 1999.

Interrogatory #21: State whether or not you have had in effect any health and accident or disability insurance, or medical or hospitalization insurance in the past seven (7) years. If so, please state the type of policy, the name of the insurance carrier and the dates of coverage.

Response: Medical Insurance policy in effect with Cigna Health Care since January 2002.

Interrogatory #22: Identify in detail any payments that have been made to you or on your behalf, including payments made by public programs providing medical expenses and disability payments, as well as any payments that have been made to you or on your behalf by or pursuant to any contract or agreement arising from or relating to this accident which provides for or pays for the reimbursement of hospital, medical and dental costs.

Response: None.

Interrogatory #23: State the name, residence and business address, residence and business telephone numbers of all persons from whom you, your attorneys or investigators have obtained statements. For each statement obtained, please state such statement was written or oral, and the name and address of the person who took the statement.

Response: None.

*Willie Mae Stallworth*
WILLIE MAE STALLWORTH

STATE OF TEXAS )
) SS.
COUNTY OF HARRIS )

BEFORE ME, the undersigned authority, personally appeared WILLIE MAE STALLWORTH, who, after being duly sworn, deposes and says that the Answers to the Interrogatories hereto propounded are true and correct to the best of her knowledge and belief.

NOTARY PUBLIC, State of Texas

My commission expires: 12-04-2007



THI HIEU HUYNH
My Commission Expires
December 4, 2007

7

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF FLORIDA
PENSCOLA DIVISION

THOMAS STALLWORTH And
WILLIE MAE STALLWORTH,

    Plaintiffs,       CASE NO. 3:06CV89MCR/EMT

VS.             CIVIL ACTION FOR DAMAGES

THE HARTFORD INSURANCE COMPANY,
a Delaware Corporation; And
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, an Indiana corporation;

    Defendants.
_____\

THOMAS STALLWORTH'S RESPONSES
TO
REQUEST FOR ADMISSIONS

**COMES NOW** Thomas Stallworth, plaintiff herein who pursuant to Federal Rules of Civil Procedure Rule 36, files these responses to defendant's request for admissions.

Request #1 Plaintiff received or is entitled to receive benefits from a collateral source, as defined by Florida Statute 627.727(3), or Florida Statute 768.76, for medical bills alleged to have been incurred as a result of the incident described in the Complaint.

Response: Denied.

Request #2 Plaintiff received or is entitled to receive benefits from a collateral source, as defined by Florida Statute 627.727(3), or Florida Statute 768.76, for loss of wages or income alleged to have been sustained as a result of the incident described in the Complaint.

Response: Denied.

Request #3   Plaintiff received or is entitled to receive benefits under the Personal Injury Protection portion of an automobile policy for medical bills alleged to have been incurred as a result of the incident described in the Complaint.

Response:  Admitted.

Request #4   Plaintiff received or is entitled to receive benefits under the Personal Injury Protection portion of an automobile policy for loss of wages or income alleged to have been sustained as a result of the accident described in the Complaint.

Response:   Admitted.

Request #5   Plaintiff received or is entitled to receive benefits under the medical payments provisions of an automobile insurance policy for medical bills alleged to have been incurred as a result of the incident described in the Complaint.

Response:  Admitted.

Request #6   Plaintiff is subject to a deductible under the Personal Injury Protection portion of an automobile insurance policy.

Response:  Admitted.

Request #7   Plaintiff received or is entitled to receive benefits pursuant to personal or group health insurance policy, for medical bills alleged to have been incurred as a result of the incident described in the Complaint.

Response:   Plaintiff admits that these benefits were cut off by American General..

2

Request # 8   Plaintiff received or is entitled to receive benefits pursuant to a personal or group wage continuation plan or policy, for loss of wages or income alleged to have been sustained as a result of the incident described in the Complaint.

Response:  Denied.

Request # 9   This action is subject to the Florida Motor Vehicle No-Fault Law, Florida Statute 627.730 – 627.7405.

Response:  Without knowledge.

Request # 10   Plaintiff is an insured person under the Personal Injury Protection portion of an automobile insurance policy which was in force on the date of the incident described in the Complaint which provides payment of benefits of eighty (80%) percent of all reasonable and necessary medical expenses incurred and sixty (60%) percent of loss of income or earning capacity from inability to work as a result of the injury sustained from the incident described in the Complaint.

Response:  Admitted.

Request #11   At all times material hereto, the Defendant complied with the provision and security requirements set forth in Florida Statute 627.737 (1).

Response:  Without knowledge.

Request #12   The Defendant herein is entitled to a tort exemption under Florida Statute Section 627.727, and the Plaintiff must prove at least one of the following in order to prevail on Plaintiff's personal claim.

a.   Significant and permanent loss of an important bodily function.

b.   Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.

3

    c.   Significant and permanent scarring or disfigurement.

    d.   Death

Response: Denied.

Submitted by,

_/s/ Thomas Stallworth_  
Thomas Stallworth

4

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF FLORIDA
PENSCOLA DIVISION

THOMAS STALLWORTH And
WILLIE MAE STALLWORTH,

        Plaintiffs,                CASE NO. 3:06CV89MCR/EMT

VS.                                         CIVIL ACTION FOR DAMAGES

THE HARTFORD INSURANCE COMPANY,
a Delaware Corporation; And
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, an Indiana corporation;

        Defendants.

_____\

## INTERROGATORY RESPONSES
## OF
## THOMAS STALLWORTH

**COMES NOW** Thomas Stallworth, plaintiff herein, who pursuant to Federal Rules of Civil Procedure Rule 33, files these responses to defendant's interrogatories.

Interrogatory #1: What is your name, address, telephone number, social security number, driver license number and date of birth ?

Response: Objection. Compound Question. Subject to the court's ruling on this objection, response is as follows:

Thomas Stallworth
P.O. Box 941148
Houston, Texas 777094
(281) 636-3422
S.S. #
Driver's license #
D.O.B. March 31, 1949

Interrogatory #2: Describe in detail, each act or omission on the part of the defendant you contend constituted negligence that was a contributing legal cause of the accident in question.

Response: Objection. Vague. Subject to the court's ruling on this objection, response is as follows: Defendant in the subject automobile accident case was speeding and not maintaining control of his vehicle.

Interrogatory #3: List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which the witness has knowledge.

Response: Objection. Vague. Subject to the court's ruling on this objection, response is as follows: Any and all such persons are in the employ of defendant The Hartford and / or Hartford Insurance Company of the Midwest. Theses persons would include Sean Manley, Hartford agent in Tampa, Florida; Susan Pages, a Hartford claims supervisor; Dawn Gari, a Hartford adjuster; Rochelle Mock, a Hartford adjuster; Sandra Governathori and Brenda Maries, Hartford adjusters.

Interrogatory #4: List the name, residence address, business address and telephone number of each person believed or known by you, your agents, or attorneys to have heard or who is purported to have heard the Defendant make any statement, remark or comment concerning the accident described in the complaint and the substance of each statement, remark or comment.

Response: Objection. Vague. Subject to the court's ruling on this objection, response is as follows: Witnesses were persons from plaintiffs' church group in Florida. Plaintiffs will supplement these responses with those names at a later date.

Interrogatory #5: Were you suffering from any physical infirmity, disability, or sickness at the time of the occurrence of the accident described in the Complaint? If so, what was the nature of the infirmity, disability or sickness?

Response: Objection. Vague. Subject to the court's ruling on this objection, response is as follows: No.

Interrogatory #6: Did you consume any alcoholic beverages or take any drugs or medications within twelve (12) hours before the occurrence of the accident described in the Complaint? If so, what type and amount of alcoholic beverages, drugs or medication were consumed and where did you consume them?

2

Response: Cervical strain, root nerve damage, contusion of buttocks with possible

Response: No.

Interrogatory #7: Have you ever been convicted of a crime? If so, what was the date and place of the conviction?

Response: No.

Interrogatory #8: Do you wear glasses or contact lenses? If so, who prescribed them, when were they prescribed, when were your eyes last examined and by whom?

Response: No.

Interrogatory #9: Do you wear a hearing aid? If so, who last examined your ears?

Response: No.

Interrogatory #10: Describe in detail how the accident happened, including all actions taken by you to prevent the accident.

Response: Plaintiffs were rear-ended on an otherwise bright and clear day as Thomas Stallworth was preparing to turn left into a church driveway. The accident report for this incident has been previously provided.

Interrogatory #11: List each item of expense that you claim to have incurred as a result of the injuries sued on in this action, giving for each item the date incurred, to whom owed or paid and the goods or services for which each was incurred.

Response: Medical bills; travel expenses for doctor's visits, hospital costs, x-rays.

Interrogatory #12: Do you contend that you have lost any form of compensation as a result of the injuries sued on in this action? If so, what was the amount lost, the period during which it was lost, the nature of the compensation and the method that you used in computing the amount.

Response: Yes. Plaintiff lost the opportunity to earn a scheduled salary of $65,000 dollars in 1999 and beyond in his employment with American General

3

Interrogatory #13: Have any benefits been paid or are any payable for the expenses listed in your answers to Interrogatories 11 and 12? If so, which expenses are covered by insurance, what type of insurance, and who paid the premium for the insurance?

Response: Yes. Medicals were paid by insurance under the Hartford's PIP coverage. Plaintiffs paid the monthly premiums under the contract of insurance.

Interrogatory #14: Describe each injury for which you are claiming damages in this case, specifying the part of your body that was injured: the nature of the injury; and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.

Response: Cervical

Response: Same as Response #22.

Interrogatory #23: State the name, residence and business address, residence and business telephone numbers of all persons from whom you, your attorneys or investigators have obtained statements. For each statement obtained, please state such statement was written or oral, and the name and address of the person who took the statement.

Response: None.

_____
THOMAS STALLWORTH

STATE OF TEXAS        )
                      )  SS.
COUNTY OF HARRIS      )

BEFORE ME, the undersigned authority, personally appeared THOMAS STALLWORTH, who, after being duly sworn, deposes and says that the Answers to the Interrogatories hereto propounded are true and correct to the best of his knowledge and belief.

THI HIEU HUYNH
My Commission Expires
December 4, 2007

_____
NOTARY PUBLIC, State of Texas

6