IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH
and WILLIE MAE STALLWORTH,
    Plaintiffs,

v.                                  Case No.: 3:06cv89/MCR/EMT

THE HARTFORD INSURANCE COMPANY, et al.,
    Defendants.
_____/

## ORDER

       This cause is before the court on Defendant Hartford Insurance Company's motion to compel Plaintiffs' responses to requests for production (Doc. 53) and Plaintiffs' response thereto (Doc. 65).

       This is an action alleging breach of contract and breach of the implied warranty of good faith and fair dealing. Generally, Plaintiffs allege Defendants breached their contract for automobile insurance coverage by failing to pay benefits for injuries Plaintiffs incurred during an automobile accident in May of 1999, and failing to reasonably perform their duties under the contract (*see* Doc. 30). Plaintiffs seek compensatory and punitive damages (*id.*).

       On December 27, 2006, Defendant Hartford propounded, among other discovery requests, a request for production of documents (consisting of fourteen requests) upon each Plaintiff (*see* Doc. 53 ¶ 1, Ex. A). In Defendant's motion to compel, counsel alleges that Plaintiffs objected to request number 7, which requests copies of all medical, psychiatric and hospital records relating to an accident involving Plaintiffs that occurred on March 10, 2005 (*id.* at 2–3). Defendant asserts that Plaintiffs objected to the request on the ground that the information is irrelevant (*id.*). Counsel for Defendant further states that prior to the filing of the motion to compel, he made a good faith effort to obtain the discovery without court action but was unsuccessful (*id.* at 4).

Plaintiffs have responded to Defendant's motion to compel by stating that they submitted "copies of request for production" to Defendant on January 5, 2007 (Doc. 65 ¶ 2). Plaintiffs refer the court to Exhibit A in support of this assertion. Additionally, Plaintiffs state that on January 1, 2006, prior to initiation of his lawsuit, both of them signed medical authorizations and supplied them to Mr. Sean Manley and Nate F. Matthews, employees of Defendants, to enable Defendants to obtain "whatever medical documentation was needed by defendant from 1997 to present," and Plaintiffs refer the court to Exhibit D (*id.* ¶ 5).

The Federal Rules of Civil Procedure provide that a party may serve requests for production of documents which are "in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984). The response shall state that inspection and related activities will be permitted as requested, unless the request is objected to, in which case the reasons for objection shall be stated. Fed. R. Civ. P. 34(b). If the documents for production are not in existence, the objecting party should so state under oath. *See* Cairnes v. Chicago Exp., Inc., 25 F.R.D. 169, 170 (N.D. Ohio 1960). An evasive or incomplete answer to an interrogatory or request for production is to be treated as a failure to answer. Fed. R. Civ. P. 37(a)(3).

Upon review of Plaintiffs' response to the motion to compel, the court concludes that Plaintiffs have not responded to the discovery request and should be required to do so. As discussed *supra*, this action involves a claim for personal injury benefits; therefore, evidence relating to accidents and injuries that occurred after the accident in May of 1999 are relevant to the issue of whether Plaintiffs' presently claimed injuries resulted from the accident in May of 1999 or a subsequent accident. *See* Holmes v. Redland Const. Co., 557 So. 2d 911, 912 (Fla. 3d Dist. Ct. App. 1990) (evidence relating to personal injury claim brought by plaintiff five years after accident for which he was currently suing was relevant because it tended to prove that plaintiff's presently claimed injuries resulted from subsequent accident); State Farm Fire and Cas. Co. v. Pettigrew, 884 So. 2d 191, 197 (Fla. 2d Dist. Ct. App. 2004 (citing Holmes)). Additionally, to the extent Plaintiffs contend that they complied with the request for production because they supplied Defendants with medical authorizations in January of 2006 (*see* Doc. 65 ¶ 5, Ex. D), this does not constitute

compliance with Defendant's discovery request. Plaintiffs do not allege that they informed Defendant in their response to the request for production that they had executed the authorizations one year earlier, nor do they assert that they supplied the one-year-old authorizations in response to Defendant's request. Furthermore, the authorizations enable Defendant to obtain medical records only for the period of time from 1997 to January 1, 2006, thus the authorizations do not cover the period subsequent to January 1, 2006. Moreover, the authorizations attached to Plaintiffs' response to the motion to compel enable Defendant to obtain records of only one Plaintiff, Thomas Stallworth (Doc. 65, Ex. D). Because the documents requested by Defendant are discoverable and Plaintiffs did not provide them, Plaintiffs shall be required to provide them.

The remaining issue is whether Defendant Hartford is entitled to an award of expenses. Rule 37(a)(4) provides, in relevant part:

> (A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. Pro. 37(a)(4). There exists a rebuttable presumption that the court will impose sanctions against the party whose conduct necessitated the motion to compel. The party who necessitated the motion may rebut this presumption by showing that his or her failure to comply with a discovery request was either "substantially justified" or "that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4)(A). A party's objection to a discovery request is substantially justified if the objection raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the discovery request. *See* Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 766 (6th Cir. 2005) (citing Pierce v. Underwood, 487 U.S. 522, 565 (1988)).

In this case, the court cannot conclude that Plaintiffs' objection to the request for records related to the 2005 accident was "substantially justified." Furthermore, Defendant Hartford states that even after he advised Plaintiffs of the holding in <u>Holmes</u>, Plaintiffs refused to provide the requested documents. Therefore, the court cannot conclude that an award of expenses is unjust. Accordingly, Defendant Hartford is entitled to fees and expenses incurred in bringing the motion to compel.

Accordingly, it is **ORDERED**:

1. Defendant's Hartford's motion to compel (Doc. 53) is **GRANTED**.

2. Plaintiffs shall respond to Defendant's requests for production within **TWENTY (20) DAYS** of the date of docketing of this order.

3. Within **TWENTY (20) DAYS** of the date of docketing this order, Defendant Hartford shall submit documentation of fees and expenses incurred in making the motion to compel. Within **TWENTY (20) DAYS** thereafter, Plaintiffs will be permitted to address the issue of sanctions and the reasonableness of the fees and expenses submitted by Defendant Hartford's counsel.

**DONE AND ORDERED** this 16th day of February 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**