UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSCOLA DIVISION

THOMAS STALLWORTH And
WILLIE MAE STALLWORTH

               Plaintiffs.               CASE NO. 3:06CV89MCR/EMT

VS.

HARTFORD INSURANCE COMPANY
Of the MIDWEST, a Delaware Corporation;
And SEAN MANLEY, Individually and
As agent for Hartford Insurance Company

               Defendants.

_____\

## PLAINTIFFS' ANSWER TO MOTION FOR PHYSICAL EXAMINATION OF PERSON PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 35 (a)

COMES NOW, the Plaintiffs' responses to Defendant's Motion for Physical Examination

of Person Pursuant to Federal Rule of Civil Procedure 35 (a)

Plaintiffs will show the court as follows:

Defendant, THE HARTFORD INSURANCE COMPANY, by and through their counsel has

filed the aforesaid Motion and Order permitting physical examination of the Plaintiffs, THOMAS

STALLWORTH and WILLIE MAE STALLWORTH.

This Motion and Order is burdensome, oppressive and demanding due to the fact that Plaintiff

THOMAS STALLWORTH has already undergone a physical examination requirement by THE

HARTFORD INSURANCE COMPANY'S physician of their choice which examined Plaintiff

over four years ago which asserted aforesaid injuries.

Plaintiffs have provided full and complete copies of medical examinations, records, and reports pertaining to the injuries sustained as a result of this Law Suit.

Plaintiffs have never assessed physical injuries resulting from an accident in which they were struck by a motor vehicle driven by Defendant's employee.

**WHEREFORE,** it is respectfully requested that this Court issue an order not requiring Plaintiffs to undergo a second physical examination on the date and time requested in Defendants Motion and Order for Physical Examinations.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 20th day of February, 2007, Plaintiffs filed the foregoing with the Clerk of the Court by Certified Mail Return Requested. Plaintiffs further certify that the foregoing document was sent to Defendant's Attorney of record, Joseph T. Kissane.

Respectfully Submitted,

PLAINTIFF

By: _____

THOMAS E. STALLWORTH

By: _____

WILLIE MAE STALLWORTH
P.O. Box 941148
Houston, Texas 77094
PRO-SE



# Florida Claims Management

FCM REF: 993015
CLAIM #: 617AF22290

July 14th, 1999

Mr. Thomas Stallworth
P.O. Box 87129
Houston, TX 77287

Dear Mr. Stallworth:

This is to inform you that Florida Claims Management, as
designated agent for The Hartford Ins. Co., has
scheduled the following appointment for you to attend an
independent medical evaluation, as set forth below, and
pursuant to Florida Statute 627-736 (7)(a):

        Doctor    :  Steven Thompson
        Exam Type:   Orthopedic Surgeon
        Location :   7401 South Main Street
                     HOUSTON  TX 77030
        Tel #     :  713-799-2300
        Date      :  July 28th, 1999  Time : 09:30 a.m.

Please bring your most recent x-rays, CT scans and/or other
test results, if any, related to your present injury with
you to the examining physician.

If you are unable to attend this appointment you must contact
the offices of FLORIDA CLAIMS MANAGEMENT (1-800-893-7579) no
later than 72 hours prior to your scheduled exam. Failure to
attend an independent medical examination may result in
termination of further benefits under your policy.

PLEASE ADVISE IF AN INTERPRETER
IS NEEDED

Sincerely,

FLORIDA CLAIMS MANAGEMENT

CERTIFIED MAIL, RRR

SEE   EXiBiT "A" attached

CALLADINE, INC. D/B/A FLORIDA CLAIMS MANAGEMENT
1537 N. Dale Mabry Hwy., Lutz, Florida 33549
(813) 948-8801 • 1-800-893-7579 • Fax (813) 948-8875

**Fondren Orthopedic Group** L.L.P.

*NELLY*

Patient Name: ___Thomas Stallworth___   Clinic ID #: ___160122312___

Insurance Company: ___TPI Calladine, Inc___   SS#: ___367 70 6017___

Provider Number: ___OIG___   DBA Florida   Statement Group: ___TP___
claims management

RELEASE OF INFORMATION: I hereby authorize Fondren Orthopedic Group, L.L.P. to release any or all information acquired in the course of my examination and/or treatment.

I understand this may include the release of any medical or other information required in the processing of claims for payment. I also authorize the release of information to another doctor or health care facility to which the patient may be transferred or referred.

MEDICARE - PATIENT'S CERTIFICATION: I certify that the MEDICARE information given by me is correct. As this office does accept assignment with Medicare, this information will be used for the purpose of processing my Medicare claims for payment. I understand, due to government regulations, that if Medicare coverage is available to me, I must inform my physician. I also understand, if in addition to Medicare, I am covered under an EMPLOYER GROUP HEALTH INSURANCE, LIABILITY, NO-FAULT, WORKERS' COMPENSATION, or any other insurance which may be responsible for payment, I must inform this office.

I have read and understand the above statement regarding MEDICARE coverage.

_____ MEDICARE is my Primary coverage.

_____ MEDICARE is my Secondary coverage.

___✓___ I do not have MEDICARE / HMO.

___✓___ I do not have MEDICAID / HMO.

*ACH R/T 063100277*
*Nation's Bank*
*Signature on Check Robert f Calcline*
*063100277: 003603350596*

_____ I understand this office normally files insurance for surgical procedures only.
Payment is required today for all services.

*Recd Ck# 10382 for $750.00 to Dr. Thompson*

ASSIGNMENT OF BENEFITS: I hereby authorize payment to the Fondren Orthopedic Group, L.L.P. of the surgical and/or medical benefits, if any, otherwise payable to me for services I have received.

~~FINANCIAL OBLIGATION: The undersigned hereby unconditionally guarantees full and prompt payment of all charges incurred as a result of services rendered to me during the course of my medical treatment.~~

X _____   _____   _____ 7/28/04
Signature or Insured/Guardian      Date        Witness                        Date

FONDREN FORM 4

7-28-99          THOMAS STALLWORTH          new patient

This is a 56 year old sales representative who was involved in a motor vehicle accident while at work in Florida on or about 5-27-99. He was the driver of an automobile that was hit from the rear. Subsequent to that, he has been complaining of pain in the neck radiating into the bilateral shoulders as well as pain in the buttocks region. He has not really had any significant treatment other than antiinflammatory medication, Lortab, and Robaxin. He states that his physician told him to rest and allow the symptoms to recover. However, he does not seem to be particularly improving. He has had x-rays of the cervical spine as well as the lumbar spine and buttocks and presents with those x-rays.   In addition, he has had an MRI of the cervical spine. He states his symptoms have not improved at all in the past two months. He states that he had had a pre-existing cervical spine injury in the past but had fully recovered by the time of the automobile accident. The patient was dizzy but was not rendered unconscious. He was taken by his wife to a local emergency room. He has not been able to return to work. He had worked for the company two years before the accident. In general, the patient is otherwise healthy. He doesn't smoke or drink. He has had previous gall bladder surgery and a colonoscopy. He has no other major medical illnesses, takes no other medications other than those mentioned above, and is allergic to Penicillin.  He is 6' 1 1/2" tall and weighs 190 pounds.

CLINICAL EXAMINATION of the cervical spine is difficult. The patient has a list to the left and has a slight shaking motion of the head. The patient either can not or will not perform range of motion of the cervical spine to pass validity criteria. Any attempt to move the neck is met with severe resistance. Neurological examination of the upper extremities otherwise is normal, taking into consideration manifest breakaway weakness. No definitive neurological deficit to resisted abduction, internal or external rotation, flexion or extension of the shoulders, flexion or extension of the elbows or wrists, or grip strength can be identified. There is minimal tenderness but no specific spasm in the paraspinal cervical muscles or the trapezius muscles. Examination of the buttocks shows tenderness over the left gluteus maximus region. He is only minimally tender over the coccyx. Range of motion of the lumbar spine is not particularly restricted and does not reproduce significant leg pain, although flexion past 70° does reproduce slight left leg pain. Neurological examination again of the lower extremities is within normal limits.

X-RAYS of the buttocks, coccyx, and cervical spine are all within normal limits. His MRI scan is within normal limits.

Re: Thomas Stallworth
July 28, 1999
Page Two


IMPRESSION:      (1) Buttocks contusion with possible coccydynia.
                 (2) Cervical strain.

PLAN:    This  patient  is  clearly  not  a  surgically  treatable
candidate  and  should  ultimately  recover  uneventfully.  I  would
suggest  physical  therapy  in  addition  to  his  medication.   At
present, he is not able to return to work in a full duty capacity.


Steven D. Thompson, M.D.
SDT:gg