UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF FLORIDA
PENSCOLA DIVISION

THOMAS STALLWORTH And
WILLIE MAE STALLWORTH,

        Plaintiffs,                CASE NO. 3:06CV89MCR/EMT

VS.                                        CIVIL ACTION FOR DAMAGES

THE HARTFORD INSURANCE COMPANY,
a Delaware Corporation; And
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, an Indiana corporation;

        Defendants.
_____\



**PLAINTIFFS' OBJECTIONS TO
DEFENDANTS' MOTION FOR PHYSICAL EXAMINATION**

    **Now Come Thomas Stallworth and Willie Mae Stallworth**, plaintiffs herein who files this objection to the motion for physical examination; and in support of said objection, would respectfully show the court as follows:

### I. Factual Background

    In May of 1999, Thomas Stallworth and his wife, Willie Mae Stallworth, were injured when they were struck from behind while driving their automobile on a public thoroughfare in Escambia County, Florida. The Stallworths eventually brought suit against the driver of the offending automobile, Daniel Frank Oaks. At the time of the accident, the Stallworths were covered under the provisions of an automobile liability

policy, including a standard Uninsured Motorist (UIM) clause, written by The Hartford Insurance Company; and sold to them by the Hartford Insurance Company of the Midwest as agent for The Hartford. Although the Stallworths sought to have The Hartford represent their interests in the tort lawsuit, The Hartford declined to participate and the Stallworths eventually settled the case with defendant Oaks for the policy limits of Oaks's automobile liability insurance policy.

Because the damages sustained and incurred by the Stallworths as a result of the accident exceeded the policy limits recovered by them in the settlement with Oaks, the Stallworths filed a claim with Hartford seeking to recover payment for the amount of excess damages not recovered from Oaks. Hartford has denied the UIM claim filed by the Stallworths; as well as any coverage for other damages and loss arising out of the May 1999 accident.

## II. The Hartford's Motion

Defendants The Hartford Insurance Company and Hartford Insurance Company of the Midwest have filed, pursuant to Fed. R. Civ. P. Rule 35(a), a motion seeking a medical examination of plaintiffs Thomas Stallworth and Willie Mae Stallworth to be performed by a physician of defendants' choosing. Plaintiff Thomas Stallworth objects to the requested examination for the reasons outlined below. Additionally, plaintiff Willie Mae Stallworth sets out a further basis for objection in Part C below.

### III. Argument

### The Hartford's Motion Fails In Pertinent Respects Under Rule 35(a)

A.  Rule 35(a) permits a medical examination *"when the mental or physical condition ... of a party ... is in controversy"*. The physical examination under rule 35(a), however, cannot be ordered upon a showing of mere relevance. Caban v. 600 E. 21st St. Company, 200 F.R.D. 176, 178 (E.D.N.Y. 2001). To be in controversy, a fact must be at issue in the lawsuit. There is no controversy regarding the fact of injury sustained by Thomas Stallworth. Nor is the extent and degree of plaintiff Thomas Stallworth's injury in question: rather, the question – and the only issue in controversy in this suit – is whether defendants are liable for payment under the UIM or other provisions of the Hartford policy of insurance issued to the Stallworths.

Recall that this is not a first party suit by plaintiff against Hartford for recovery of tort damages. First party tort liability arising out of the May 1999 automobile crash has already been resolved against the offending driver and his liability carrier. In that lawsuit, a bottom floor for the dollar amount of damages to plaintiff Thomas Stallworth was established; and the amount paid by defendant Oaks, the offending driver, and his insuror in that matter was limited to the contractual amount of the policy held by defendant Oaks. The Hartford Insurance Company and Hartford Insurance Company of the Midwest, insurors for Thomas Stallworth, chose not to be a part of the prior tort lawsuit – although The Hartford had the right to participate in the suit on behalf of Thomas Stallworth. The Hartford chose not to participate – and a damages floor was established. The contractual amount of plaintiffs' damages in that case was at least $50,000 dollars. The instant action

3

by plaintiffs seeks payment for damages sustained in excess of the prior defendant's policy limits. The court should remain vigilant to make this continuing distinction as this matter unfolds. Defendants' motion fails to pass the threshold requirement for demonstrating that the degree of Thomas Stallworth's injuries are in controversy in this suit.

B.   Second, there exists a "*for good cause shown*" requirement for the invocation of Rule 35(a). Generally, good cause exists where the information cannot be found in any other way. The Hartford has not demonstrated any justifiable cause necessitating a second medical examination for plaintiff. Again, the court should be aware that July of 1999 in the immediate aftermath of the accident and the initial filing of plaintiffs' claim, The Hartford required Thomas Stallworth to submit to a full medical examination by a physician chosen by Hartford. Plaintiff duly presented and underwent the medical examination performed by Dr. Steven Thompson in Houston, Texas. Dr. Thompson's diagnosis confirmed the serious nature of plaintiff's injuries; and found plaintiff to be suffering from cervical strain and coccydynia as well as other related maladies. Dr. Thompson at that time found plaintiff unable to return to work. The Hartford contested this diagnosis in a letter to Dr. Thompson - and at that time took the extraordinary step of suggesting that the physician *re-examine* Mr. Stallworth. The request for a repeat examination was refused. The results of the original physical examination of Thomas Stallworth are already available to defendants. The order for medical examination of Thomas Stallworth at this juncture in the dispute serves no useful purpose.   *See* Petition of Trinidad Corp., 238 F. Supp. 928, 936 (ED Va. 1965)(holding that availability of

existing medical records negated ability of party seeking examination to demonstrate good cause).

The Hartford has posited no compelling rationale why the original physical examination, performed contemporaneous to the accident as opposed to six years later, should not be considered the definitive diagnosis in the case; and why the examination now sought by Hartford should not be deemed redundant, repetitious and burdensome. Documentation relating to the previous medical examination and its findings are in plaintiff's possession.

Finally, Rule 35(a) carries an implicit requirement for specificity regarding the nature and extent of the physical examination to be performed. A broad, undifferentiated demand that plaintiff present himself for physical examination and evaluation does not satisfy the requirement that the personal intrusion occasioned by the physical examination be limited in scope and related to the specific injuries forming the basis of the claim. Defendants' generalized call for a medical examination failed to advert to the specificity requirement imbedded in the rule.

C.   Plaintiff Willie Mae Stallworth makes a similar and related objection to the order for medical examination. Plaintiffs are both over the age of sixty years. The accident which forms the basis of this dispute occurred over seven years ago. The normal rates of human physiological decline, coupled with the effects of a second intervening automobile accident, make unreliable the diagnosis and conclusions of any medical examination which purports to apply solely to the May 1999 incident. It is difficult – approaching an impossibility – to make discerning medical distinctions between injuries and symptoms which are seven years old; and similar injuries and symptoms arising less than two years

ago. While medical experts are to be charged with precisely this task, it is essentially a fool's errand; and any allocation and assignment of damages to one accident or the other is, ultimately, nothing more than mere medical speculation.

Defendants herein cannot demonstrate any cause justifying the current demand for medical examination - let alone satisfying the heightened standard for a showing of good cause required by Rule 35(a).

### Prayer for Relief

Plaintiffs respectfully suggest that defendants have failed to make the necessary showing to justify the grant of a Rule 35 motion for physical examination. Plaintiffs pray that the motion for physical examination be denied as it applies to both plaintiffs; and that plaintiffs be granted any and all such other and further relief to which at law or in equity they may show themselves justly entitled.

Respectfully submitted,

By _____
Thomas Stallworth

_____
Willie Mae Stallworth

### Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing objection to motion for physical examination was delivered to Joseph Kissane, counsel for defendants, 1805 Copeland Street, Jacksonville, Florida 32204 by facsimile; as well as by depositing same, postpaid, with the United States Postal Service at Houston, Texas on this 20 day of February, 2007.

_____