IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,
      Plaintiffs,

v.                              Case No: 3:06cv89/MCR/EMT

THE HARTFORD INSURANCE COMPANY,
a Delaware Corporation,
      Defendants.
_____/

## ORDER

      This cause is before the court on Defendant The Hartford Insurance Company's (Hartford) Motion for Physical Examination of Persons Pursuant to Federal Rule of Civil Procedure 35(a) (Doc. 61) and Hartford's amended motion (Doc. 69), which corrected a deficiency noted by the court in Hartford's original motion (*see* Doc. 66).  Plaintiffs have responded in opposition to the motion (Docs. 70, 71).

      Rule 35(a) provides that '[w]hen the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order may be made only on motion for good cause shown." Fed. R. Civ. Pro. 35(a) (West 2005).  Defendants must make an affirmative showing that each condition as to which the examination is sought is "really and genuinely" in controversy and that good cause exists for ordering the examination.  *See* Schlagenhauf v. Holder, 379 U.S. 104, 118, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964).

      In the instant case, Plaintiffs are seeking monetary damages, up to the insurance policy limits of $500,000.00, to redress physical injuries they suffered as the result of an automobile accident (*see* Doc. 30 at 6–7).  Plaintiffs allege in their complaint that they "have been forced to continue to

endure physical pain and discomfort resulting from the underlying and original automobile accident," they suffer "continuing pain and discomfort," and "[t]he persistence of said pain and discomfort was the natural, likely and foreseeable consequence" of Defendants' failure to tender benefits under the insurance policy (*id.* at 6).  In Plaintiffs' opposition to the instant motion, they assert that there is no question that they were injured, nor is there a question regarding the extent and degree of their injuries; rather, the only issue is whether Defendants are liable for payment of uninsured motorist benefits under the policy (*see* Doc. 71 at 3).  Plaintiffs further contend that the "bottom floor" of the amount of damages to Plaintiffs was already established at $50,000.00 in a tort action against the driver of the other vehicle (*id*. at 3–4).  Therefore, they argue, Hartford has failed to demonstrate that the degree of their injuries is in controversy.

Plaintiffs' arguments miss the mark.  Plaintiffs' claims for insurance benefits to compensate them for ongoing physical injuries incurred during the accident have placed their physical conditions in controversy.  Furthermore, even if their tort action with the other driver indicated a "bottom floor" of damages that they suffered, Plaintiffs are claiming that the "bottom floor" of $50,000.00 was insufficient to compensate them for their injuries; indeed they are claiming damages up to the $500,000.00 policy limit.  The fact that Plaintiffs claim that present physical conditions were caused by the 1999 accident place their physical conditions in controversy.

The next issue is whether Defendant Hartford has shown good cause for the examination.  The fact that Plaintiffs claim continuing physical injuries provides Defendants with good cause for an orthopedic examination to determine the existence and extent of such asserted injuries.  *See* Schlangenhauf, 379 U.S. at 119.  Furthermore, Hartford has limited the examinations to one examination of each Plaintiff by an orthopedic physician.  In opposition to the examinations, Plaintiffs contend that in July of 1999, Defendant Hartford required Plaintiff Thomas Stallworth to undergo a medical examination performed by a physician selected by Hartford (*see* Doc. 71 at 4).  Additionally Plaintiffs state they have provided Defendant Hartford with all of their medical records (Doc. 70 at 2).  The fact that Hartford has medical records from an examination of Plaintiff Thomas Stallworth over seven years ago, albeit an examination performed by a physician selected by Hartford, and that Plaintiffs have provided medical records from examinations by their physicians since then does not show that Hartford already possesses the information it seeks to pursue in the

examinations that are at issue in the instant motion, nor does it otherwise vitiate this court's conclusion that Hartford has shown good cause for the orthopedic examinations.

Accordingly, it is **ORDERED**:

Defendant The Hartford Insurance Company's (Hartford) Motion for Physical Examination of Persons Pursuant to Federal Rule of Civil Procedure 35(a) (Doc. 61) and Hartford's amended motion (Doc. 69) are **GRANTED**.

**DONE AND ORDERED** this 26th day of February 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**