UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSCOLA DIVISION

THOMAS STALLWORTH And
WILLIE MAE STALLWORTH
    Plaintiffs,

                       CASE NO. 3:06CV89MCR/EMT

VS.

THE HARTFORD INSURANCE
COMPANY, et. al,
    Defendants

_____\

### PLAINTIFFS RESPONSE TO SERVE SECOND AMENDED COMPLAINT ON THE HARTFORD INSURANCE COMPANY A DELAWARE CORPORATION AND HARTFORD INSURANCE COMPANY OF THE MIDWEST, AN INDIANA CORPORATION

### NOW COME THOMAS STALLWORTH and WILLIE MAE STALLWORTH,

Plaintiffs herein who file this second amended complaint to the Law Firm of Cole, Scott &

Kissane, P.A., as agreed by Mr. Joseph T. Kissane by telephone on the date of February 14, 2007.

Please see a copy of the attached letter.

Respectfully Submitted

THOMAS E. STALLWORTH

WILLIE MAE STALLWORTH
P.O. BOX 941148
HOUSTON, TEXAS 77O94
832 379-8840
FEBRUARY 26, 2007

CLERK
DISTRICT CT.
SOUTHERN DIST. FLA.
PENSACOLA, FLA.

07 FEB 28  PM 1: 11

FILED



COLE, SCOTT
&KISSANE, P.A.

1805 COPELAND STREET
JACKSONVILLE, FLORIDA 32204

Attorneys at Law
MIAMI - WEST PALM BEACH - TAMPA - KEY WEST - FT. LAUDERDALE - NAPLES - JACKSONVILLE

TELEPHONE (904) 399-2900
FACSIMILE (904) 399-2110
WEBSITE *www.csklegal.com*
EMAIL Joe.Kissane@csklegal.com

February 14, 2007

Thomas Stallworth
P. O. Box 941148
Houston, TX, 77094

      Re:    Thomas Stallworth v. Hartford Ins. Co.

Dear Mr. Stallworth:

This will confirm our conversation of February 14, 2007 during which I advised you that you had erroneously served Hartford Insurance Company of the Midwest with the original Complaint in this matter. As you know, this original Complaint has now been superseded by an amended pleading you filed. As I indicated to you, the Hartford Insurance Company of the Midwest is only obligated to respond to the operative pleading. Rather than file a Motion to Dismiss and have you go through the process of reserving this entity, I am agreeable to accepting service of the amended pleading on behalf this entity via mail. As agreed, I will file a responsive pleading on behalf of this entity via mail. As agreed, I will file a responsive pleading on behalf of that entity within ten (10) days of receipt of that mailing.

Should anything in this letter fail to reflect our agreement, please contact me.

Very truly yours,

Joseph K Kissane

JTK:ljc

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

THOMAS STALLWORTH, et. a.l
Plaiintiffs,

vs.

Case No. 3:06cv89/MCR/EMT

THE HARTFORD INSURANCE
COMPANY, et. al,
Defendants

## SECOND AMENDED COMPLAINT

NOW COME THOMAS STALLWORTH and WILLIE MAE STALLWORTH,

Plaintiffs herein who file this second amended complaint for actual damages,

compensatory damages, and for punitive and exemplary damages against The Hartford

Insurance Company and Hartford Insurance Company of the Midwest; and in support of

the said attended complaint would show the court as follows:

## JURISCICTION AND VENUE

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. 1332

as well as supplemental jurisdiction under 28 U.S.C. 1367 to hear the state claims that

will be set forth in this complaint. Venue for this action is proper in the Northern District

of Florida, Pensacola Division because it is the district in which a substantial part of the

events or omissions giving rise to this cause occurred as described in 28 U.S.C. 1391.

1

2.     Plaintiffs Thomas Stallworth and Willie Mae Stallworth (hereinafter "Plaintiffs"
are husband and wife; and are both Texas residents and domiciled in Houston, Harris
County, Texas. Their mailing address is P.O. Box 941148, Houston, Texas 77094.

3.     Defendant Hartford Insurance Company of the Midwest is an Indiana Corporation
doing business in the state of Florida. Hartford Insurance Company of the Midwest may
be served with the process by delivery to its registered agent Corporation Service
Company, 251 East Ohio Street, Suite 500, Indianapolis, Indiana 46204.

4.     Defendant The Hartford Insurance Company has been served with process and
has made an appearance in this case.

5.     Whenever in this complaint it is alleged that any defendant did any act or thing,
either by commission or omission, it is meant that each and every defendant, by and
through its officers, agents, servants, employees, or representatives, jointly and severally,
did such act thing commission or omission; and that at the time it was done it was done
with the full authorization, approval, ratification, assent and consent of each and every
defendant; and was done in the normal and routine course and scope of employment of
the aforementioned officers, agents, servants, employees, or representatives.

## FACTS AND ALLEGATIONS

6.     While residing in Pensacola, Florida in 1997, plaintiff's purchased a policy of
automobile insurance from The Hartford Insurance Company of the Midwest. Plaintiff's
began to pay the required premiums under the terms of the insurance policy; and

2

continued to make timely premium payments thereafter. The policy limits for the subject
Hardford policy of insurance was in the amount of Five Hundred Thousand
($500,000.00) Dollars. A copy of the Hartford insurance policy declarations page is
attached to this amended complaint as Exhibit "A".

7.      On May 4, 1999 plaintiffs received serious, painful and disabling bodily injuries
as a result of an automobile accident which occurred in Escambia County, Florida.
Plaintiffs were not at fault in the occurrence of this vehicular collision. At the time of
this accident, plaintiffs' insurance policy with the Hartford was in full force and effect.

8.      After the accident and after plaintiff's initial contacts with the insurer of the other
party to the automobile accident, plaintiffs sent a letter to the Hartford claims adjuster,
Sean Manley. The letter advised of the occurrence of the accident; related the details of
plaintiffs' initial contacts with the offending driver, and referenced the necessity and
urgency of a prompt and timely tender by Hartford of appropriate coverage and benefit
payments under the terms of the Hartford policy. The Hartford declined plaintiff
Stallworth's request and invitation to litigate on Stallworth's behalf the accident case
against the offending driver.

9.      Defendant Hartford intentionally refused and denied payment of medical benefits
under their policy with plaintiffs; and has continued and continues today to refuse; deny
and delay any payment to plaintiffs.

3

Plaintiffs have submitted proof of their injuries, medical records, as well as responses to defendant's questioning regarding the accident and resulting injuries. No reasonable basis exists for the defendant's refusal, denial or delay in tendering the coverage and benefit payments due and payable under the terms of the policy of insurance.

10.     Plaintiffs have settled the underlying tort, injury and damage claims against the automobile crash defendants in Florida state court. That underlying action was styled *Stallworth, et. al., v Oaks, et. al., No. 03-CA-0296* in the First Judicial Circuit Court, Escambia County, Florida. The tort, injury and damage claims in that litigation were settled for Fifty Thousand Dollars ($50,000).

11.     Further, the Hartford defendants have failed to acknowledge with reasonable promptness pertinent communications from plaintiffs with respect to plaintiffs' claims. Additionally, the Hartford has not attempted in good faith to effectuate a prompt, fair and equitable settlement of plaintiffs' claim submitted in a situation where Hartford's liability has become reasonably clear.

12.     Further, the Hartford defendants have failed to provide in a timely manner any reasonable explanation of the basis in the policy of insurance for the denial of plaintiffs' claims; or for the failure to offer to plaintiffs any compromise settlement. The Hartford defendants' actions were wanton, willful and intentional and were the pr0oximate and producing cause of the damages complained in herein.

4

13.     These deliberate, knowing and willful actions on the part of defendants Hartford

Insurance Company and Hartford Insurance Company of the Midwest represent an

ongoing and continuous pattern of fraud and bad faith business practices engaged in by

defendants and their dadre of affiliated corporate entities.  Legal claims and complaints

alleging the same and similar acts complained of herein have been filed in other courts

including, *inter alia*, that certain class styled "Frances Perry, et al. v. Hartford Accident

& Indemnity Company, et al., No. 2-03-CV-040 in the United States District for the

Eastern District of Texas, Marshall Division thereinafter ("Perry Class Action"); as well

as the cause filed in the Eleventh State Judicial Circuit Court of Florida and styled

"Lucille Roker, et al. v. Hartford Insurance Company of the Midwest, et al.; Case No. 98-

14350 CA 32 (hereinafter "Hartford PIP Settlement").

## FIRST CLAIM FOR RELIEF

14.     BREACH OF CONTRACT.  All of the allegations contained in Paragraphs 6

through 12 are incorporated herein by referenced, the same as if fully set out verbatim for

any all purposes of this pleading.

15.     Defendants' conduct represents a breach of contract for insurance entered into by

the parties.  Defendants acted willfully and intentionally in refusing to tender benefits and

payments under the terms of the policy of insurance.  Plaintiffs sue for the actual and

consequential damages arising as a direct and proximate result of the breach, as well as

the full policy limits of the policy of insurance.

16.     Additionally, defendant Hartford's conduct demonstrated a conscious and
extreme indifference to the rights of its insured; therefore plaintiffs please and sue for
punitive and exemplary damages as provided by law.

## SECOND CLAIM FOR RELIEF

17.     BREACH OF THE WARRANTY OF GOOD FAITH AND FAIR DEALING.

All of the allegations contained in Paragraphs 6 through 12 are incorporated herein by
reference; the same is fully set out verbatim for any and all purposes of his pleading.

18.     Plaintiffs were entitled to rely on the representations made by Hartford at the time
in which the parties entered into the contract for insurance.  Hartford's conduct violates
both the consumer protection provisions of the Florida Insurance Doe, and specifically
Fla. Stat. §627.736 e; seq.; as well as the common law duty of good faith and fair dealing.
Accordingly, plaintiffs sue for all actual and economic damages arising out of the failure
of defendant to tender benefits under the terms of the policy of insurance and all
applicable state law.

DAMAGES

        As a result of the foregoing and wrongful acts of the defendants plaintiffs have
suffered general damages, including but not limited to emotional and mental distress.
Personal humiliation and shock, along with severe emotional distress.  Further, Plaintiffs
have been forced to come to endure physical pain and discomfort resulting from the
underlying and original automobile accident; pain and discomfort which could and
should have been remedied long ago had defendants offered policy benefits sufficient to
cover the cost of needed medical care and attention.

To the extent possible, plaintiffs have suffered the out-of-pocket costs of intermittent but necessary medical care associated with the treatment of their containing pain and discomfort.

The persistence of said pain and discomfort was the natural, likely and foreseeable consequence of defendant Hartford's failure to tender benefits under the policy of insurance. Additionally, plaintiffs seek punitive and exemplary damages. Punitive and exemplary damages are designed to punish and deter parties such as defendants who have engaged in egregious wrongdoing; or where defendant's conduct is shown be motivated by evil motive or intent, malice or actual malice, or when it involves reckless or callous indifference to the contractually protected rights of others.

## PRAYER

Plaintiffs pray that defendants The Hartford Insurance Company and the Hartford Insurance Company of the Midwest be cited to appear and to answer herein; and that upon final trial in this matter, Plaintiffs have judgment against the defendants, jointly and severally, for the full policy limits of the subject insurance policy as actual, special and compensatory damages, and as an amount adequate to redress the injuries incurred by plaintiffs; that the court assess punitive and exemplary damages against these same defendants in an amount sufficient to punish and to deter against similar future conduct. Plaintiff further prays that he recover against defendants all reasonable attorneys' fees should they become necessary interest on the judgment from the date it is rendered

7

together with prejudgment interest at the legal rate, as well as any and all such other

further relief to which at law or equity plaintiffs may show themselves justly entitled.

## PLAINTIFFS DEMAND TRIAL BY JURY

Respectfully Submitted,

PLAINTIFF

By:

THOMAS E. STALLWORTH
P.O. Box 941148
Houston, Texas 77094
832-379-8840
PRO-SE

By:

WILLIE MAE STALLWORTH
P.O. Box 941148
Houston, Texas 77094
832-379-8840
PRO-SE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing
Second Amended Complaint was mailed to Joseph T. Kissane, attorney for The Hartford
Insurance Company, 1805 Copeland Street, Jacksonville, Florida 32284, by depositing
same with the United States Postal Service at Houston, Texas on this 26 day of
February, 2007.

THOMAS E. STALLWORTH

8