UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,

    Plaintiffs,

vs.                              CASE NO.: 3:06CV89MCR/EMT

THE HARTFORD INSURANCE COMPANY,
et al.,

    Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, HARTFORD INSURANCE COMPANY OF THE MIDWEST, TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST, hereby files this its answer and affirmative defenses to Plaintiffs' Second Amended Complaint and states as follows:

1.    Each and every allegation of fault, negligence, breach of contract and/or damage alleged or asserted within the Second Amended Complaint is hereby denied in its entirety.

2.    Each and every allegation contained within the Second Amended Complaint not specifically addressed in this answer is hereby denied in its entirety.

3.    No response is herein provided to paragraph 13 which is currently subject to being stricken from the Second Amended Complaint pursuant to a Report and Recommendation entered by this Court on February 13, 2007.

4.    Specifically as to paragraph 1, this Defendant would deny the allegations contained therein.

5. Specifically as to paragraph 2, this Defendant would state that it is without sufficient knowledge to form a belief as to the truth of the allegations contained therein and therefore must deny same and demand strict proof thereof.

6. Specifically as to paragraph 3, this Defendant would admit that it is a non-domestic insurance carrier authorized to and doing business in the State of Florida. The remaining allegations within this paragraph are denied.

7. Specifically as to paragraph 4, the allegations contained within this paragraph are admitted.

8. Specifically as to paragraph 5, this Defendant would deny the allegations contained therein in their entirety.

9. Specifically as to paragraph 6, this Defendant would admit that the uninsured motorist coverage limits under the subject policy are $250,000 per person/$500,000 per accident. The remaining allegations contained within this paragraph are denied.

10. Specifically as to paragraph 7, this Defendant would admit that the Plaintiffs' policy was in force on May 4, 1999. The remaining allegations in this paragraph are denied.

11. Specifically as to paragraph 8, this Defendant would deny the allegations contained therein in their entirety.

12. Specifically as to paragraph 9, this Defendant would deny the allegations contained therein in their entirety.

13. Specifically as to paragraph 10, this Defendant would state that it is without sufficient knowledge to form a belief as to the truth of the allegations contained within this paragraph and therefore must deny same and demand strict proof thereof.

14. Specifically as to paragraph 11, this Defendant would deny the allegations contained therein in their entirety.

15. Specifically as to paragraph 12, this Defendant would deny the allegations contained therein in their entirety.

16. Specifically as to paragraph 14, this Defendant would readopt its responses to the paragraphs realleged therein by the Plaintiffs.

17. Specifically as to paragraph 15, the allegations contained therein are denied in their entirety.

18. Specifically as to paragraph 16, this Defendant would deny the allegations contained therein in their entirety.

19. Specifically as to paragraph 17, this Defendant would readopt its responses to the paragraphs realleged therein by the Plaintiffs.

20. Specifically as to paragraph 18, this Defendant would deny the allegations contained therein in their entirety.

21. Each and every prayer for relief and/or damage contained within the Second Amended Complaint is denied in their entirety.

**AFFIRMATIVE DEFENSE**

1. By and for its first affirmative defense, this Defendant would assert that the Plaintiffs' Complaint affirmatively alleges that the subject accident took place on May 4, 1999. Any cause of action for uninsured motorist benefits pursuant to any policy of insurance issued by this Defendant is barred by the applicable statute of limitations.

2. By and for its second affirmative defense, this Defendant would assert that the Plaintiffs herein were comparatively negligent and that any recovery in this action must be

reduced by an amount equal or equivalent to said degree of negligence. This comparative negligence includes, but is not limited to, negligent failure to operate their automobile in a safe manner, and the failure to use an available and fully operational seatbelt which resulted in causing all of some of the alleged injuries.

3. By and for its third affirmative defense, this Defendant would allege that the Plaintiffs have received or are entitled to receive or in the future may receive compensation for injuries and damages sustained from collateral sources and this Defendant claims a set off for all said compensation pursuant to applicable law.

4. By and for its fourth affirmative defense, this Defendant would assert that to the extent it is responsible for any uninsured motorist benefits to the Plaintiffs, any such benefits are over and above and must not duplicate any recovery received by the Plaintiffs from any other source for injuries and/or expenses incurred in the underlying accident. This would include, but not be limited to, the $50,000 settlement allegedly received from the tortfeasor as alleged in the Second Amended Complaint.

5. By and for its fifth affirmative defense, this Defendant would assert that the Plaintiffs' claims, as a result of the accident which is the subject of this litigation, failed to cross the threshold of the Florida Automobile Reparations Reform Act and Plaintiffs claims as a result thereof are barred pursuant to Florida law, including Florida Statute 627.737 et seq.

6. By and for its sixth affirmative defense, this Defendant would assert that the matter herein is governed by the Florida Tort Reform and Insurance Act, including all applicable revisions and amendments thereto, this Defendant hereby pleads and asserts all defenses available to it under said act, including but not limited to those dealing with apportionment of damages, collateral source set off and joint and several liability.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 8, 2007, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: Thomas Stallworth and Willie Mae Stallworth, P. O. Box 941148, Houston, TX, 77094.

**COLE, SCOTT & KISSANE, P.A.**

**/s/ Joseph T. Kissane**
JOSEPH T. KISSANE
Florida Bar No. 512966
1805 Copeland Street
Jacksonville, FL  32204
Telephone:  904-399-2900
Facsimile:  904-399-2110
joseph.kissane@csklegal.com
Attorney for Defendants