IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,

      Plaintiffs,

v.                                    CASE NO. 3:06cv89/MCR/EMT

HARTFORD INSURANCE COMPANY,

      Defendant.
_____/

**REFERRAL TO MEDIATION
AND ORDER FOR PRETRIAL CONFERENCE**

      This matter is before the Court upon referral from the clerk. A review of the docket indicates the deadlines for completion of discovery and filing dispositive motions have passed. No dispositive motions having been filed, it appears appropriate at this time to direct the parties to mediate this case and to schedule this matter for pretrial conference. Accordingly,

      IT IS ORDERED:

      1.    The parties shall mediate this case in accordance with the following procedures:

      (a)    The parties are directed to select a mediator certified by the Supreme Court of Florida as a Circuit Court Mediator or a person otherwise mutually agreeable to the parties. If the parties are unable to agree upon a mediator by **June 18, 2007**, the plaintiff shall immediately file a notice so indicating, and I will appoint a mediator.

(b) Unless otherwise agreed, the fee of the mediator shall be paid equally by the parties. The fee shall be paid in the manner required by the mediator.

(c) The first mediation conference shall commence by not later than **July 20, 2007** (but may commence at any earlier time). The mediator shall set the initial mediation conference with due regard to schedules and other commitments of the parties and counsel and may continue or adjourn the mediation conferences in his or her discretion within the time constraints set out in this order.

(d) The following persons MUST attend the mediation conference:

(1) Counsel of record primarily responsible for the conduct of this matter on behalf of each party.

(2) All parties. In the case of a corporation, governmental entity, or other organization, or officer in his or her official capacity, the party must attend through a representative having full authority to settle the entire case for the party without further consultation. In his or her discretion, however, the mediator may waive the requirement that the attending representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending representative's full authority to settle be "without further consultation."

(3) If a party is insured, a representative of the insurer having full authority to settle without further consultation. In his or her discretion, however, the mediator may waive the requirement that the insurer's representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending insurer's representative's full authority to settle be "without further consultation."

(e) Failure of any person to attend the mediation conference as required shall result in the imposition of sanctions.

(f)     The parties shall confer in advance on the submission of written materials to the mediator and shall proceed in accordance with any agreement they reach or the instructions of the mediator.  In the absence of agreement of the parties or instructions from the mediator, no written submissions to the mediator are required, but either party may submit materials as it deems appropriate, which the mediator may consider as he or she deems appropriate.

(g)     The mediator shall have authority to control the procedures to be followed in mediation, may adjourn the mediation conference and set times for reconvening, and may suspend or terminate mediation whenever, in the opinion of the mediator, the matter is not appropriate for further mediation.

(h)     All discussions, representations, and statements made at the mediation conference shall be off the record and privileged as settlement negotiations.  Mediation proceedings shall not be recorded by a court reporter or by an electronic recording device, except as necessary to memorialize any settlement that may be reached.

(i)     This referral to mediation does not automatically toll the time for completion of any other matter in this case.

(j)     The parties are encouraged to settle as many issues during mediation as possible.  Partial or complete settlements shall immediately be reduced to writing in the presence of the mediator and shall be signed by all parties and their counsel.

(k)     Mediation in this case must be completed on or before **August 3, 2007**. The mediator or parties shall file a report within 14 days thereafter indicating when mediation was conducted and the outcome of the mediation (that is, whether the matter was settled or impasse was declared).  If the matter is settled in full, notice to the court shall be immediate.

(l)     Counsel for each party shall, within 10 days of the date of this order, consult with his or her client about the advantages (including savings of costs and

attorney's fees) and disadvantages of proceeding with mediation immediately rather than awaiting the deadlines set in this order.  On motion of any party, the court will consider ordering that mediation commence immediately or at a time earlier than otherwise required by this order.  With or without such an order, the parties by agreement may commence mediation at any time before the deadlines set in this order.

     2.    This case is set for pretrial conference **Monday, August 27, 2007**, at **9:00 AM**.  The following pretrial schedule and procedure is established:

    (a)    <u>DATES FOR COMPLIANCE WITH PRETRIAL PROCEDURES</u>

        (1)    The attorney's conference required by Paragraph 2(b) shall be held no later than **August 10, 2007**.

        (2)    The pretrial stipulation and other papers required by Paragraphs 2(c) and 2(d) shall be <u>filed</u> with the Clerk of the Court on or before **August 22, 2007**.

        (3)    This case will be tried on a date set at the pretrial conference.

    (b)    <u>ATTORNEYS TO CONFER</u>

Counsel for all parties shall meet together on or before the date specified in Paragraph 2(a)(1) for the following purposes:

        (1)    To discuss the possibility of settlement or mediation;

        (2)    To stipulate to as many facts and issues as possible;

        (3)    To draw up the pretrial stipulation in accordance with Paragraph 2(c) of this order;

        (4)    To examine all exhibits proposed to be used in the trial;

        (5)    To furnish opposing counsel the names and addresses of <u>all</u> witnesses, including possible rebuttal witnesses and experts;

        (6)    To discuss the question of damages, including matters of evidence and proof which either party proposes to present at trial and the law in regard thereto; and

(7) To complete all other matters which may expedite both the pretrial and the trial of this case.

Counsel for plaintiff shall initiate arrangements for the attorneys' conference. However, all attorneys in this cause are charged with the duty of meeting in such conferences and of complying with the schedule set forth in this order. If the schedule is not kept by any counsel, it is the duty of other counsel to insist upon the necessary meeting or meetings to effect the pretrial stipulation, and failing to succeed to advise the court by motion seeking sanctions against any party failing or refusing to meet as directed after request.

(c) <u>PRETRIAL STIPULATION</u>

The pretrial stipulation shall contain:

(1) The basis of federal jurisdiction;

(2) A concise statement of the nature of the action;

(3) A brief general statement of each party's case;

(4) A list of all exhibits to be offered at the trial, noting any objections thereto and the grounds for each objection. <u>Any objections not listed will be deemed waived</u>.

(5) A list of the names and addresses of <u>all</u> witnesses, including rebuttal and expert, intended to be called at the trial by each party. Expert witnesses shall be labeled as such;

(6) A concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions;

(7) A concise statement of those issues of law upon which there is agreement;

(8) A concise statement of those issues of fact which remain to be litigated;

(9) A concise statement of those issues of law which remain for determination by the court;

(10) A concise statement of any disagreement as to the application of rules of evidence or of the Federal Rules of Civil Procedure;

(11) A list of all motions or other matters which require action by the court;

(12) A statement whether this is now a jury or a non-jury case;

(13) Counsel's respective estimates of the length of the trial; and

(14) The signature of counsel for all parties.

(d) <u>PAPERS TO BE SUBMITTED</u>

No later than the date specified in Paragraph 2(a)(2), the parties shall file with the Clerk of the Court:

(1) The pretrial stipulation prepared in accordance with Paragraph 2(c) of this order.

(2) Each side shall submit to the Clerk of the Court for filing, with copy to opposing counsel, a trial brief or memorandum with citation of authorities and arguments in support of that side's position on all disputed issues of law.

(3) Counsel for each party in any <u>jury</u> trial shall submit to the Clerk of the Court for filing, with copies to opposing counsel, written request for instructions to the jury, together with proposed forms of verdict. Upon good cause shown, supplemental requests for instructions may be submitted at any time prior to the arguments to the jury. All requests for instructions shall be plainly marked with the name and number of the case, shall contain citations of supporting authorities, shall designate the party submitting the same, and in the case of multiple requests by a party shall be numbered in sequence. Requests for instructions taken verbatim from the Pattern Jury Instructions - Civil Cases issued by the U.S. Eleventh Circuit District

Judges Association or from the Florida Standard Jury Instructions in Civil Cases may be made by reference; the requested instructions need not be set forth in full.

(4) Counsel for each party in any <u>non-jury</u> case shall submit to the clerk of the court for filing, with copies to opposing counsel, proposed written findings of fact and conclusions of law, or, in lieu thereof, a proposed opinion or memorandum of decision in which such proposed findings of fact and conclusions of law appear, with complete citation of authorities where appropriate (See Rule 52, FRCP).

(5) Counsel for each party in any case shall arrange with the clerk for marking for identification, as nearly as possible in the sequence proposed to be offered, all exhibits intended to be offered by such party.

(e) <u>CONDUCT OF THE PRETRIAL CONFERENCE</u>

(1) Counsel who will conduct the trial are required to be present for the pretrial conference. They will be prepared to act with final authority in the resolution of all matters. Counsel will be prepared to discuss the prospects of settlement and mediation.

(2) The court will ordinarily dispose of all motions and other matters then at issue. The court will review all matters contained in the pretrial stipulation and consider any other matters which may be presented with a view towards simplifying the issues and bringing about a just, speedy and inexpensive determination of the case. Any motion in limine or other pretrial motion shall be served sufficiently in advance of the pretrial conference to allow consideration of the motion at or prior to the pretrial conference.

(f) <u>PRETRIAL ORDER</u>

(1) Unless the court orders otherwise at the pretrial conference, counsel for all parties, with counsel for plaintiff taking the initiative, shall submit a proposed pretrial order for the court's approval within ten (10) days after the pretrial

conference.  The pretrial order so prepared shall incorporate and modify the pretrial stipulation in light of any additional agreements reached and rulings made at the pretrial conference.

(2)     After the pretrial order is entered by the court, the pleadings will be merged therein and the pretrial order will control the conduct of the trial and may not be amended except by order of the court in the furtherance of justice.

(g)     NEWLY DISCOVERED EVIDENCE OR WITNESSES

Except as provided in this paragraph, witnesses not timely listed in the pretrial stipulation will not be allowed to testify, and exhibits not timely listed in the pretrial stipulation will not be admitted into evidence.  If any new witness is discovered after submission of the pretrial stipulation, the party desiring to call the witness shall immediately file with the clerk and serve on all counsel notice of the witness's name and address and the substance of the witness's proposed testimony, together with the reason for the late discovery.  If any new exhibit is discovered after submission of the pretrial stipulation, the party desiring to use it shall immediately disclose the exhibit to the court and all other counsel together with the reason for late discovery.  Use of such newly-discovered witnesses or evidence shall be allowed only by order of the court in the furtherance of justice.

(h)     ADDITIONAL PRETRIAL CONFERENCE

If necessary or advisable, the court may adjourn the pretrial conference from time to time or may order additional pretrial conferences.

(i)     SPECIAL MATTERS

(1)     No motion for summary judgment or other motion filed after the date of this order will be grounds for cancellation or postponement of the pretrial conference or non-compliance with any other requirement of this order. The parties will be expected to comply with this order as fully and to the same extent as though no

such motion had been filed.  Absent prior court approval, a motion for summary judgment not served in time to permit the party opposing the same to make its written response prior to the pretrial conference will not be heard or considered during that pretrial conference.  Parties will submit memoranda regarding any such motion to the court in accordance with N.D. Fla. Loc. R. 7.1.

(2)	If the case is settled, it is the responsibility of the parties to see that the court is <u>immediately</u> advised.

(3)	Should a party or a party's attorney fail to appear at a pretrial conference or otherwise fail to comply with this order, a judgment of dismissal or default or other appropriate judgment may be entered, and sanctions or other appropriate relief may be imposed.

(4)	Counsel, as used herein, includes any party who is appearing pro se.

**SO ORDERED** this 30th day of May, 2007.

　　　　　　　　　　　　　　*s/ M. Casey Rodgers*
　　　　　　　　　　　　　　**M. CASEY RODGERS**
　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**