UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,

    Plaintiffs,

vs.                        CASE NO.: 3:06CV89MCR/EMT

THE HARTFORD INSURANCE COMPANY,
a Delaware corporation, HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

    Defendants.
_____/

### DEFENDANTS', THE HARTFORD INSURANCE COMPANY and HARTFORD INSURANCE COMPANY OF THE MIDWEST, MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants, THE HARTFORD INSURANCE COMPANY and HARTFORD INSURANCE COMPANY OF THE MIDWEST, hereby file this their Motion for Leave to File their Motion for Partial Summary Judgment and in support thereof state as follows:

1.    THE HARTFORD INSURANCE COMPANY and HARTFORD INSURANCE COMPANY OF THE MIDWEST hereby seek leave of the Court to file the attached Motion for Summary Judgment as to Count II of the Second Amended Complaint.

2.    The Initial Scheduling Order issued by this Court on November 9, 2006 required that Motions for Summary Judgment be filed, unless otherwise permitted by Court Order, not later than 20 days after the close of discovery. (See Doc. No. 37.)

3.    On January 5, 2007, this Court entered a Final Scheduling Order setting the discovery deadline in this matter for May 1, 2007. (See Doc. No. 49)

4.  At the time that the Final Scheduling Order was received in January of 2007, undersigned counsel was employed with the law firm of Hinshaw & Culbertson. At that time, the day-to-day handling of the file was the responsibility of Stephanie Broder, an attorney with Hinshaw & Culbertson.

5.  Within a week of receiving the Final Scheduling Order, undersigned counsel, after fourteen years, announced his decision to leave the employ of Hinshaw & Culbertson to join his current law firm, Cole, Scott & Kissane, P.A. This transition was completed in less than one month. At that time, in excess of two hundred active files transferred with undersigned counsel. In the confusion of this transfer, it was not immediately realized that the applicable deadlines in this case had not been appropriately recorded in the calendar of undersigned counsel. As a result, upon transfer to his new law firm certain of the deadlines in this case, including the deadline in the Initial Scheduling Order for the filing of motions for summary judgment, were not reflected in the calendar of undersigned counsel.

6.  Since motions for summary judgment, pursuant to the Initial Scheduling Order, were due to be filed on or before May 20, 2007, the Defendants would respectfully seek leave to file the attached Motion for Partial Summary Judgment. This Motion for Partial Summary Judgment applies solely to Count II of the Plaintiffs' Second Amended Complaint. This count is for an alleged breach of the covenant of good faith and fair dealing claim. The issues raised in this Motion for Partial Summary Judgment have been addressed by this Court in two prior Motions to Dismiss filed by Defendants. As a result, this issue has previously been fully briefed by the parties and is well known to them. Further, in the Report and Recommendation dated February 13, 2007, recommending the denial of these Defendants' Motion to Dismiss Count II, it was noted that, "[o]f course, this would not preclude defendants from seeking disposition of this

2

claim at a later stage in the proceedings, for example, in a motion for summary judgment." (Doc. No. 62, pg. 3) Respectfully, the brief delay in filing this motion will not serve to prejudice the Plaintiffs as this issue is well known to them. This Court also issued an Order of Referral to Mediation dated May 30, 2007 in which it noted that:

> Absent court approval, a motion for summary judgment not served in time to permit the party opposing the same to make its written response prior to the pretrial conference will not be heard or considered during the pretrial conference. Parties will submit memoranda regarding any such motion to the court in accordance with N.D. Fla. Loc. R. 7.1. (See Doc. No. 79)

Pursuant to the same Order, this Court set this matter for pretrial conference on Monday, August 27, 2007. Respectfully, there is sufficient time, particularly since the involved issue is limited and well known to the parties to this cause, for the matter to be fully briefed by the Plaintiffs prior to the pretrial conference. Further, resolution of the issue raised in the Motion for Partial Summary Judgment would assist both this Court and the parties by appropriately limiting the trial of this case to matters concerning the extent of any alleged injuries sustained by the Plaintiffs.

7. Respectfully, these Defendants would seek leave to file the attached Motion for Partial Summary Judgment based upon the excusable neglect and substantial confusion which surrounded the transfer of undersigned counsel's practice from his prior place of employment to his new firm in January and February of 2007. Further, these Defendants would assert that no prejudice will accrue from the granting of this Motion as this issue is well know to the Plaintiffs.

## CERTIFICATION PURSUANT TO RULE 7.1(B)

Undersigned counsel has contacted Mr. STALLWORTH concerning this motion. He has advised that he objects to the motion and the relief requested.

## **MEMORANDUM OF LAW**

This Court has the discretion pursuant to Fed. R. Civ. Pro. 6(b) to enlarge the time within which to perform an act for cause shown. <u>Wallace v. City of Tarpon</u> Springs, 2007 WL 128839 (M.D. Fla. 2007. It is respectfully submitted that such cause exists in this situation. As indicated, within days of the Final Scheduling Order, undersigned counsel announced his departure from his long term place of employment. This announcement began an immediate series of events concerning which files would be transferred with undersigned counsel to his new place of employment. Ultimately, in excess of 200 active files departed with undersigned counsel. This confusion was compounded by the fact that the attorney then responsible for handling the day-to-day activity in this file did not accompany undersigned counsel to his new place of employment. As a result of this confusion, all of the necessary deadlines applicable to this cause were not placed in the calendar of undersigned counsel.

WHEREFORE, the Defendants would respectfully request this Court to find the existence of good cause and grant them leave to file the attached Motion for Partial Summary Judgment.

**COLE, SCOTT & KISSANE, P.A.**

<u>**/s/ Joseph T. Kissane**</u>
JOSEPH T. KISSANE
Florida Bar No. 512966
1805 Copeland Street
Jacksonville, FL  32204
Telephone:  904-399-2900
Facsimile:  904-399-2110
joseph.kissane@csklegal.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: Thomas Stallworth and Willie Mae Stallworth, P. O. Box 941148, Houston, TX, 77094.

**COLE, SCOTT & KISSANE, P.A.**

**/s/ Joseph T. Kissane**
JOSEPH T. KISSANE
Florida Bar No. 512966
1805 Copeland Street
Jacksonville, FL 32204
Telephone: 904-399-2900
Facsimile: 904-399-2110
joseph.kissane@csklegal.com
Attorney for Defendants