UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,

    Plaintiffs,

vs.                                      CASE NO.: 3:06CV89MCR/EMT

THE HARTFORD INSURANCE COMPANY,
a Delaware corporation, HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

    Defendants.

_____/

**DEFENDANTS', THE HARTFORD INSURANCE COMPANY AND HARTFORD INSURANCE COMPANY OF THE MIDWEST, MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants, THE HARTFORD INSURANCE COMPANY and HARTFORD INSURANCE COMPANY OF THE MIDWEST, by and pursuant to Federal Rules of Civil Procedure 56 and Local Rule 56.1, hereby file this their Motion for Partial Summary Judgment and state as follows:

**PROCEDURAL OVERVIEW**

This matter relates to an automobile accident which occurred on May 4, 1999. The underlying action is one for uninsured motorist benefits by the Plaintiffs. This Motion for Partial Summary Judgment relates solely to Plaintiffs' second claim for relief for an alleged breach of the covenant of good faith and fair dealing. As will be shown, there is no genuine issue of material fact concerning the inability of Plaintiffs to recover under this theory. Defendants, THE HARTFORD INSURANCE COMPANY ("THE HARTFORD") and HARTFORD

1

INSURANCE COMPANY OF THE MIDWEST, hereby respectfully request this Court to issue an order granting summary final judgment in their favor as to Count II of the Second Amended Complaint.

## STATEMENT OF UNCONTESTED FACTS

Pursuant to Local Rule 56.1, the following is a short, separate and concise statement of the material facts as to which the Defendants claim there is no issue to be tried.

1. This matter relates to a May 4, 1999 automobile accident which allegedly caused injury to the Plaintiffs, THOMAS and WILLIE MAE STALLWORTH. (See Doc. No. 30, Para. 7.)

2. At the time of the aforesaid accident, the Plaintiffs had in force a policy of automobile insurance issued by HARTFORD INSURANCE COMPANY OF THE MIDWEST. (Doc. No. 30, Para. 6)[1]

3. As a result of the aforementioned accident, Plaintiffs claim an entitlement to uninsured motorist benefits under the above referenced policy. (Doc. No. 30, Para. 8)

4. Plaintiffs have asserted two counts in their Second Amended Complaint. The first count is for a breach of contract. (Doc. No. 30, Para. 14-15) The instant motion does not apply to Plaintiffs' count for breach of contract. Instead, this motion is directed to Count II of Plaintiffs' Second Amended Complaint which purports to assert a claim for breach of covenant of good faith and fair dealing.

5. The count for breach of covenant of good faith and fair dealing, as contained in Plaintiff's original Complaint, was the subject of a Motion to Dismiss filed by THE HARTFORD. (See Docket No. 13) In its Motion to Dismiss, THE HARTFORD argued, inter

---

[1] Although Plaintiffs have also sued The Hartford Insurance Company, this entity is an improper party to this action. Initially, The Hartford Insurance Company is not a legal entity. Further, it did not issue the subject policy of insurance and cannot be liable to the Plaintiffs for any amounts allegedly due under or pursuant to this policy.

alia, that Plaintiffs' breach of warranty of good faith and fair dealing claim failed to state a cause of action because the Plaintiffs had not identified a specific provision of the contract that had been breached. THE HARTFORD also argued that the breach of covenant of good faith and fair dealing count was redundant and simply a restatement of the breach of contract action.

6. In its Order adopting the Amended Report and Recommendation of the Magistrate, this Court held, with respect to the count for breach of the covenant of good faith and fair dealing, that in order to state a claim:

> ....Plaintiffs must identify the specific contract term(s) giving rise to the implied duty of good faith and also allege how defendants breached their implied duty, alleging facts different from those giving rise to the breach of contract claim.

(See Amended Report and Recommendation, Doc. No. 27 at 8 and <u>Stallworth v. The Hartford Insurance</u> Company, 2006 W.L. 2711597 (N.D. Fla. 2006).) Ultimately, this Court issued an Order denying the Motion to Dismiss as to Count II for breach of the warranty of good faith and fair dealing. However, it was ordered that, "Plaintiffs shall file an amended complaint in compliance with the Order of the District Judge, including sufficient jurisdiction allegations <u>and a more definite statement of their common law claim of breach of the warranty of good faith and fair dealing</u>." (Emphasis supplied.) (See Magistrate's Order dated September 21, 2006, Doc. No. 29 at 2.)

7. On October 16, 2006, Plaintiffs served what it entitled their Second Amended Complaint.[2] (Docket No. 30) The Second Amended Complaint was the same in virtually every material respect as the Complaint. This lack of any substantive changes, particularly as to the count for breach of the warranty of good faith and fair dealing, was fully detailed in THE

---

[2] It appears from the pleadings that this is actually Plaintiffs' Amended Complaint misstyled as Second Amended Complaint, however, for consistency of reference it will be referenced to as the Second Amended Complaint.

3

HARTFORD's Motion to Dismiss Count II of the Second Amended Complaint. (See Doc. No. 34 at 4). In its Motion to Dismiss Count II of the Second Amended Complaint, THE HARTFORD again detailed that the count for breach of warranty of good faith and fair dealing was deficient because the Plaintiffs had failed to identify any specific term of the contract which THE HARTFORD had allegedly breached. Further, THE HARTFORD pointed out that the claim for breach of warranty of good faith and fair dealing was again merely a restatement of Plaintiffs' breach of contract claim. It was stressed by THE HARTFORD that in order to assert a valid breach of covenant claim, it was incumbent upon the Plaintiffs to do more than simply reassert their breach of contract action.

8. In the Report and Recommendation on THE HARTFORD's renewed Motion to Dismiss the Magistrate agreed that the Plaintiffs had, again, failed to identify a specific contract term(s) giving rise to a breach of implied duty of good faith by the Defendants. However, because the Plaintiffs indicated that they had not yet had a full opportunity to review a copy of the insurance policy at issue, the Motion to Dismiss Count II was denied. ("Furthermore, although Plaintiffs were previously directed to specify a written contract term giving rise to the breach of implied duty of good faith by Defendants, they concede that they have not done so. In the Second Amended Complaint, they allege that their failure to do so is the result of Defendants' failure to supply them with a copy of the insurance contract in its entirety.") (See Doc. No. 62 at 3)

9. In the Report and Recommendation on the Motion to Dismiss Count II of the Second Amended Complaint, the Magistrate specifically noted that THE HARTFORD could seek disposition of this claim at a later stage of the proceedings, including by summary judgment. (See Thomas Stallworth deposition, Pg. 176, l. 8-10.) (See Doc. No. 62 at 3.)

4

10. The depositions of the Plaintiffs have now been concluded. Plaintiff, THOMAS STALLWORTH, at his deposition, acknowledged that the Plaintiffs have a copy of the policy of insurance. Although, at his deposition, he indicated that they did not have a copy of the declaration page, this document was actually attached as Exhibit "A" to the Plaintiffs' Second Amended Complaint. (Doc. No. 30) As a result, it is undisputed that the Plaintiffs have in their possession a copy of the contract of insurance.

11. At his deposition conducted March 23, 2007, Mr. STALLWORTH was given several opportunities to identify a specific provision of the insurance policy which had been breached separate and apart from the simple allegation that the Defendants had failed to pay what he and his wife believed their respective bodily injury claims were worth. During his deposition, Mr. STALLWORTH was unable to point to any provision in the subject policy which had been breached. In response to extensive questioning on this issue, he ultimately indicated that he was still looking at the contract. The inability of the Plaintiffs to identify an express provision of the contract which had been breached in support of their claim for breach of warranty of good faith and fair dealing is demonstrated by the following colloquy from Mr. STALLWORTH's deposition:

> Q. What provision of the contract has been breached?
> A. I've already eluded to it. It's in the Court. It has already been submitted to you – all.
> Q. Alright. So you are relying upon your pleadings and memorandum as setting forth the reason that you believe exist that would support the breach of any provision of this contract?
> A. Correct. Plus we are looking at the rest of the contract.
> Q. Alright. So there may be additional things that ---
> A. There may be additional things that we will submit to the Court.
> Q. Okay. But at this point, as you sit here today, you are not able to identify what those other provisions of the contract are that may have been…
> A. No.
> Q. -- breached?
> A. No, I am not.

5

> Q. Alright. So unless you identify new provisions of the contract which you believe have been breached, you are going to stand on whatever memoranda and pleadings you have filed --- have filed with the Court as identifying those breaches?
> A. Correct.

(See Exhibit "A", Thomas Stallworth deposition, page 173, ln. 3 to page 178, ln. 3.)

12. During the course of these proceedings, up through the present date, the Plaintiffs have not identified a breach of any separate contractual provision which would support their claim for breach of warranty of good faith and fair dealing. Further, they have failed to assert or establish how their breach of warranty of good faith and fair dealing count is in any manner different from their breach of contract count.

13. Respectfully, there is no difference between the two counts for breach of contract and breach of warranty of good faith and fair dealing. They are redundant and both simply relate to an alleged failure to pay uninsured motorist benefits. Further, the Plaintiffs have failed, despite repeated opportunities by this Court and in discovery, to identify the breach of any specific provision of the contract which would support a claim for breach of warranty of good faith and fair dealing. Respectfully, this failure requires the entry of summary judgment as to this count.

## **MEMORANDUM OF LAW**

It is well settled that a claim for breach of the implied covenant of good faith and fair dealing must do something more than simply restate a breach of contract action. See <u>Dennis v. Northwestern Mutual Life Insurance Company</u>, 2006 W.L. at 1000313 ("Plaintiff must assert allegations different than those underlying the accompanying breach of contract claim.") When, however, the two claims are a mere restatement of one another, the need for, and purpose of an implied covenant of good faith and fair dealing claim ceases to exist. See <u>Shibata</u> 133 F. Supp.

6

2d at 1319. ("A breach of the implied duty may be dismissed as redundant where the conduct allegedly violating the implied covenant is duplicative of the companion cause of action alleging breach of contract.") This position was well expressed by this Court in its opinion on Defendant's Initial Motion to Dismiss in this matter wherein it stated:

> However, a claim for breach of the implied covenant may be dismissed as redundant where it is based on the same allegations as those underlying the breach of contract claim.

(See Doc. No. 27 at 8 and Doc. no. 28.) In the instant case, there is nothing in the Second Amended Complaint, or that Plaintiffs have identified in discovery, which differentiates or in any manner distinguishes the breach of covenant action from the breach of contract action.

It is also incumbent upon the Plaintiffs to establish that the implied covenant of good faith and fair dealing claim relates to the breach of an express term of the policy. See Burger King Corporation v. Weaver, 169 F. 3d 1310, 1318 (11th Cir. 1999) ("More specifically, a cause of action for breach of the implied covenant cannot be maintained... in the absence of breach of an express term of the underlying contract.") The identification of a specific policy provision which has been breached is necessary because a breach of the implied covenant of good faith and fair dealing is not a stand alone claim. Instead, in order to assert a valid cause of action, the breach of covenant claim must attach to the breach of an express policy provision. See Centurion Air Cargo, Inc. v. United Parcel Service 420 F.3d 1146, 11th Cir. 2005. ("A breach of the implied covenant of good faith and fair dealing is not an independent cause of action, but attaches to the performance of a specific contractual obligation.") As set forth above, Mr. STALLWORTH has specifically admitted that even though he is in possession of the contract of insurance, he has not been able to identify any specific term of the insurance contract that has been breached. When given the opportunity to do so, Mr. STALLWORTH specifically said that

7

he would rely upon the pleadings and prior memoranda that he and his wife have filed in this action. As of his deposition in March of 2007, he was simply unable to identify any additional term or provision of the contract that he believed would support a claim for breach of implied warranty of good faith and fair dealing.

> Q. Okay. But at this point, as you sit here today, you are not able to identify what those other provisions of the contract are that may have been...
> A. No.
> Q. -- breached?
> A. No, I am not.

See Thomas Stallworth deposition, page 177, ll. 17-22.

In the instant case, Plaintiffs have asserted a cause of action for breach of contract relating to the failure to pay uninsured motorists benefits. This failure relates solely to a disagreement between the parties as to the value of the STALLWORTH's personal injury claims. When given repeated opportunities to identify a breach of contract arising from a failure to pay the Plaintiffs what they unilaterally believe their claims are worth, Mr. STALLWORTH simply referred to his pleadings in this cause.

> Q. Okay. Now, in terms of your breach of contract, they didn't pay me what my case was worth, how else has Hartford Insurance Company of the Midwest or The Hartford breached a provision of your insurance policy?
> A. Again, I --- I--- the things that are outlined that are --- that are have already been outlined. You have a copy of them.
> Q. You are talking about your pleadings that you filed?
> A. Right. My pleadings in the --- in the file.
> Q. Right.
> A. That's all you have to do is go by those.

(See Thomas Stallworth deposition, page 173, l.4 through l. 16.) It is obvious that the STALLWORTHS are dissatisfied with the evaluation of their bodily injury claims by the Defendants. The STALLWORTHS believe that their alleged injuries require a payment under their uninsured motorist coverage and the Defendants do not. However, such a disagreement in

the context of personal injury litigation is not unusual and simply amounts to a garden variety uninsured motorist claim under the provisions of a policy of insurance. Despite the fact that this claim was filed well in excess of one year ago, the STALLWORTHS have been unable to identify a single thing in controversy between the parties other than the amounts they are demanding as compensation for their injuries. He further has been unable to identify any breach of the insurance policy which would support his covenant of good faith and fair dealing action. As aforesaid, to the extent he is simply restating his breach of contract action that claim is improper and entitles these Defendants to judgment as a matter of law. See Beach Street Bikes v. Bourgette Bike Works, Inc., 900 So. 2d 697, 700 (Fla. 5th DCA 2005). ("The duty of good faith does not attach until the Plaintiffs can establish a term of the contract that HPS was obligated to perform.") Accord Johnson Enterprises of Jacksonville, Inc. v. FPL Group, 162 F.3d 1290 (11th Cir. 1998). (Noting that the implied good faith obligations does not exist in the air.)

    This Court has already determined that any claim for bad faith would be premature at this juncture, since the issue of coverage has not yet been determined. See Doc. No. 27, p. 6 ("Under Florida law, however, 'a Florida statutory bad faith claim cannot be brought at the same time as a claim disputing insurance coverage'.") Citing Shulman v. Liberty Mut. Fire Ins. Co., 2006 WL 952327 at 3 (11th Cir. 2006). Such a decision is all together correct given the longstanding precedent in this state requiring underlying coverage issues to be resolved prior to addressing allegations of bad faith. Blanchard v. State Farm Mut. Auto Ins. Co., 575 So 2d 1289 (Fla. 1991). Such a requirement also serves the salutary purpose of not allowing allegations of bad faith to color the trier of facts consideration of the issue of coverage and recovery under the policy. See General Star Indemnity Company v. Anheuser Bush Companies, Inc., 741 So. 2d 1259 (Fla. 5th

DCA 1999). ("We also agree with General Star that it would be irreparably harmed by having to litigate the bad faith claim with the coverage claim because the evidence used to prove the bad faith claim would prejudice the jury's views on the coverage issues.") For this well settled precedent to have continued vitality, courts need to be on guard against attempts by plaintiffs to bring bad faith claims through the back door, in the guise of breach of covenant and good faith and fair dealing claims. Quadomain Condominium Association, Inc v. QBE Insurance Corporation, 2007 WL 1424596 at 6 (S.D. Fla 2007). (dismissing claim because it was "one for statutory bad faith dressed in breach of implied warranty clothing.") Claims for bad faith and breach of covenant claims are separate, serve distinct purposes and arise from entirely different circumstances. A bad faith claim, in the context of the instant uninsured motorist claim, is exclusively a creature of statute and is designed to address alleged wrongful conduct which is in violation of the provisions of Fla. Stat. 624.155. By contrast, a breach of covenant claim is a tool to assist the parties to a contract in the construction and interpretation of their respective rights and obligations. As set forth above, it is a gap filling device that provides a tool of interpretation where the parties' contract does not otherwise address the issue presented. See Doc. No. 27 at p.7 ("Good faith and fair dealing is an interpreting, gap filling doctrine which applies only when the propriety of a contracting party's conduct is not resolved by the terms of the contract.") For that reason, such a claim is not appropriate if the contract already speaks to and addresses the issue presented. It is for this reason that the courts have carefully circumscribed the use of breach of covenant claims where they simply restate claims for breach of contract. See Trief v. American General Life Insurance Company, 444 F. Supp. 2d 1268 (S.D. Fla. 2006) (dismissing count for breach of covenant of good faith where it was duplicative of breach of contract action.) It is not necessarily the redundancy that is of concern as much as the fact that the claim has no

10

purpose if the contract already addresses the issue. It is for that reason that breach of covenant claims are often seen where a contract is ambiguous or a party to the contract has unbridled discretion which is not otherwise circumscribed by the contract. (See Doc. 30 at pg. 7.) Under such circumstances, the courts have allowed the use of the doctrine to further define the obligations of the parties. However, to appropriately use such a claim its proponent must, of necessity, be able to point to a specific contract term which has been breached, although said breach may not readily apparent from the language of the agreement. Under such limited circumstances a breach of covenant claim will be allowed to further define or give context to the actions of the allegedly breaching party.

Such a claim has no place in the instant litigation. This is a straight forward dispute over amounts allegedly due under a policy of uninsured motorist coverage. The involved coverage part fully speaks to this issue and is in fact specifically designed to address claims for bodily injury in an uninsured motorist context. In this regard, the policy specifically provides it "will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury." (See The Hartford Personal Auto Policy attached as Exhibit "B" – Part C, Section 1, pg. 20-37.) There is nothing ambiguous or broadly discretionary about this obligation. Further, the respective rights and obligations of the parties are set forth in the policy and are fully addressed by Plaintiffs' claim for uninsured motorist benefits. There is simply no need in this case for contractual gap filling or the use of interpretative tools of construction.

Based upon the foregoing, the Defendants, THE HARTFORD INSURANCE COMPANY and HARTFORD INSURANCE COMPANY OF THE MIDWEST respectfully

move this Court for entry of an Order granting a summary final judgment as to Count II of the Plaintiffs' Second Amended Complaint.

**COLE, SCOTT & KISSANE, P.A.**

/s/ Joseph T. Kissane
JOSEPH T. KISSANE
Florida Bar No. 512966
1805 Copeland Street
Jacksonville, FL  32204
Telephone:  904-399-2900
Facsimile:  904-399-2110
joseph.kissane@csklegal.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  Thomas Stallworth and Willie Mae Stallworth, P. O. Box 941148, Houston, TX, 77094.

**COLE, SCOTT & KISSANE, P.A.**

/s/ Joseph T. Kissane
JOSEPH T. KISSANE
Florida Bar No. 512966
1805 Copeland Street
Jacksonville, FL  32204
Telephone:  904-399-2900
Facsimile:  904-399-2110
joseph.kissane@csklegal.com
Attorney for Defendants