UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,

    Plaintiffs,

vs.                                               CASE NO.: 3:06CV89MCR/EMT

THE HARTFORD INSURANCE COMPANY,
a Delaware corporation, HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

    Defendants.

_____/

## DEFENDANTS', THE HARTFORD INSURANCE COMPANY and HARTFORD INSURANCE COMPANY OF THE MIDWEST, NOTICE OF FILING DEPOSITION EXCERPTS OF THOMAS STALLWORTH

Comes now the Defendants, THE HARTFORD INSURANCE COMPANY and HARTFORD INSURANCE COMPANY OF THE MIDWEST, by and through undersigned counsel, and serves this Notice of Filing pages 172 through 175 from the Deposition of Plaintiff, THOMAS STALLWORTH taken on March 23, 2007 in support of Defendants' Motion for Partial Summary Judgment.

                                                     **COLE, SCOTT & KISSANE, P.A.**

                                                     **/s/ Joseph T. Kissane**
                                                     JOSEPH T. KISSANE
                                                     Florida Bar No. 512966
                                                     1805 Copeland Street
                                                     Jacksonville, FL 32204
                                                     Telephone: 904-399-2900
                                                     Facsimile: 904-399-2110
                                                     joseph.kissane@csklegal.com
                                                     Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: Thomas Stallworth and Willie Mae Stallworth, P. O. Box 941148, Houston, TX, 77094.

                              **COLE, SCOTT & KISSANE, P.A.**

                              **/s/ Joseph T. Kissane**
                              JOSEPH T. KISSANE
                              Florida Bar No. 512966
                              1805 Copeland Street
                              Jacksonville, FL  32204
                              Telephone:  904-399-2900
                              Facsimile:  904-399-2110
                              joseph.kissane@csklegal.com
                              Attorney for Defendants

```
 1    A.   No.  I'm not -- I'm not arguing with you.
 2    Q.   It's just a --
 3    A.   But I'm -- I'm telling you, but isn't that the
 4  reason why you end up having to file a lawsuit?
 5    Q.   It's a -- it's a business dispute.
 6    A.   Bear in mind, frankly, to be honest with
 7  you --
 8    Q.   I assume you're being --
 9    A.   -- I would rather not --
10    Q.   I assume you're being --
11    A.   Listen, I've got a lot of other things to do
12  than to be sitting here before these people and you
13  having to come all the way from Florida.  Believe me, if
14  I thought this case was not worth any more than $25,000,
15  frankly I wouldn't be sitting here.
16    Q.   Yeah.  I understand --
17    A.   Okay.
18    Q.   -- that you believe that.
19    A.   To be honest with you.
20    Q.   And you understand I wouldn't have flown from
21  Florida unless I believed --
22    A.   Oh, I understand that.
23    Q.   -- that it wasn't worth --
24    A.   I understand that.
25    Q.   -- any more than $25,000?
```

1   A.   Oh, I understand that.
2   Q.   Yeah.
3   A.   Believe me, I understand that.
4   Q.   Okay.  Now, in terms of your breach of
5   contract, they didn't pay me what my case was worth, how
6   else has Hartford Insurance Company of the Midwest or
7   The Hartford breached a provision of your insurance
8   policy?
9   A.   Again, I -- I -- the things that are outlined
10  that are -- that have already been outlined.  You have a
11  copy of them.
12  Q.   You're talking about your pleadings that you
13  filed?
14  A.   Right, my pleadings in the -- in the file.
15  Q.   Right.
16  A.   That's all you have to do is go by those.
17  Q.   Listen, I understand that you've made some
18  arguments before the court --
19  A.   Sure.
20  Q.   -- in written -- in written memorandum and in
21  your pleadings.  Other than that, is there anything else
22  that you would like to advise the court, facts that you
23  would like to advise the court of that supports your
24  breach of contract claim other than they haven't paid me
25  what this claim is worth?

1   A.   Well, that's not the only thing.  Again, go
2   back and look at the -- the documents that you alluded
3   to.
4   Q.   And --
5   A.   Other than that, no.
6   Q.   Yeah.
7   A.   Other than that, no.
8   Q.   And I understand whatever's in the documents.
9   A.   Right.
10  Q.   I'm just asking you what you know now --
11  A.   Right.
12  Q.   -- as you sit here.  Other than these two
13  insurance companies did not pay me what I believe my
14  claim was worth, what else or what other provision of
15  the insurance policy do you believe they've breached?
16  A.   Well, again, the law in Florida has certain
17  things that shows a breach of contract, those we've
18  outlined to the court, and then the court has to make a
19  decision.
20  Q.   You understand that to be very specific with
21  you?
22  A.   Sure.
23  Q.   With regard to your breach of covenant of good
24  faith and fair dealing, the court I believe has said
25  that you're required to show a provision of the contract

```
 1  that was breached other than simply they failed --
 2      A.   Right.
 3      Q.   -- to pay me?
 4      A.   Right.
 5      Q.   And what I'm trying to explore with you,
 6  Mr. Stallworth, is, what other provision of the
 7  insurance contract has been breached other than a
 8  failure to pay you what you think your claim is worth?
 9      A.   Again, we've outlined it to the court before.
10  You -- you have a copy of those documentations.  We have
11  a copy of it.  Also, if you remember, when -- the courts
12  required you-all to send us a copy of the contract,
13  right, submit us a copy of the contract?  We still
14  didn't get a copy of the declaration from you-all.  Are
15  you aware of that?
16      Q.   Listen, like I said, you can take my
17  deposition later --
18      A.   Well, but --
19      Q.   -- but anything you requested --
20      A.   -- I'm saying --
21      Q.   Anything you requested from me --
22      A.   We requested a copy of the court -- the
23  document of -- the contract through the courts.  We only
24  got a pro -- portion of that contract.  We didn't get
25  the full contract.
```