...

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

THOMAS STALLWORTH And
WILLIE MAE STALLWORTH            CASE NO. 3:06-CV-89 MCR/EMT

                Plaintiffs,

VS.

THE HARTFORD INSURANCE COMPANY
And HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

                Defendants.
_____/

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

**COME NOW PLAINTIFFS** Thomas Stallworth and Willie Mae Stallworth who file this Opposition to the Motion for Leave; and in support of said opposition would show the Court as follows:

### Background

The Hartford defendants seek an extension of the deadline for filing their motion for partial summary judgment. The motion for partial summary judgment concerns the alleged failure of plaintiffs to provide support for their claim of breach of the covenant of good faith and fair dealing. In the motion for leave, defendants reference this court's scheduling orders governing discovery and the filing of dispositive motions. Those orders direct that this instant motion for partial summary judgment be filed on or before May 20, 2007. Thus, on its face, defendants' motion for partial summary judgment is not timely.

### I. Defendants Have Failed to Posit A Legally Sufficient Basis To Support the Motion for Leave

Simply stated, none of the reasons cited by defendants for relief can be attributed to any acts or omissions on the part of plaintiffs. Reduced to its base essence, defendants' excuse is "we dropped the ball". While Fed. R. Civ. Pro. Rule 6(b)(2) permits an enlargement of time where cause is shown, leave to amend is not automatic. *See* Dedge v. Kendrick, 849 F.2d 1398 (11th Cir. 1988)(adhering tersely to the trial court's scheduling order in denying motion for leave). The governing legal standard for excusable neglect is a balancing of five principal factors: 1) the danger of prejudice to the non-moving party, 2) the length of delay and potential impact on judicial proceedings, 3) the reason for the delay, 4) whether delay was in the reasonable control of the moving party, and 5) whether the late-filing party acted in good faith. Pioneer Invest. Serv. Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 395, 113 S. Ct. 1489 (1993). These factors, considered in sum, provide a gauge by which legally sufficient 'excusable neglect' may be evaluated. Plaintiffs must candidly concede with regard to the first two of the factors, that 1) the motion occasions no prejudice to plaintiffs' case, and 2) the delay has minimal impact on the progress of the cause. The third, fourth and fifth of the factors, however, pose a legitimate hurdle for defendants.

#### "Excusable neglect and substantial confusion"

As stated above, the gist of defendants' excuse sounds a lot like "*my dog ate my homework*". Thus, defendants' reason for the delay lacks the tenor of credible excuse sufficient to merit the court's indulgence. At the same time, there can be no doubt that the delay – as described by defendants – was within the reasonable control of The Hartford

as the moving party. The delay was caused by actions of defendants' counsel and his former associates: plaintiffs bear no culpability for missteps and gaffes committed by defendants against their own interests. *See* McLaughlin v. City of LaGrange, 662 F.2d 1385, 1387 (11th Cir. 1981)(explaining that mistakes occasioned by defense counsel's busy law practice do not establish "excusable neglect" under Rule 6(b)(2)). Finally, and most significantly, the question of defendants' good faith is the issue upon which defendants' motion for leave is most vulnerable to attack as outlined below.

## II. "He who does not act equitably, shall not be granted equity"

The issue giving rise to this motion for partial summary judgment concerns plaintiffs' claims that Hartford breached its covenant of good faith and fair dealing by failing to promptly pay the damages claim presented by plaintiffs under their PIP/UIM automobile policy written by Hartford; and defendants' claim that, to date, plaintiffs have failed to identify specific policy provisions to support the bad faith claim.

Defendants correctly assert in paragraph 6 of their motion for leave that "the brief delay in filing this motion [for partial summary judgment] will not serve to prejudice the Plaintiffs as this issue is well known to them." The issue of Hartford's duty of good faith fair dealing is in controversy because plaintiffs have based a portion of their claim on representations and contractual duties and obligations which were not honored by the Hartford. The source of this duty lies in the textual provisions of the policy of insurance originally agreed to by the parties. In their attempt to substantiate this claim, plaintiffs sought to obtain from Hartford – and this court ordered the production of – the entire text of the policy of insurance between The Hartford and plaintiffs. Instead of producing the

3

policy, Hartford delivered to the Stallworths summary pages of the contact of insurance. The first and only time that plaintiffs ever received a full copy of the text of the insurance policy occurred on the occasion of the filing of this instant motion for leave. Defendants attached to their proposed motion for partial summary judgment an Exhibit "B" – *The Hartford Personal Auto Insurance Policy (Florida)*. Before the filing of the motion for leave, defendants had never produced or made this document available to plaintiffs.

Thus, defendants misstate fact when they assert that "*As set forth above, Mr. Stallworth has specifically admitted that even though he is in possession of the contract of insurance, he has not been able to identify any specific term of the insurance contract that has been breached*". Motion for Partial Summary Judgment at 7. Curiously, defendants do not include a deposition excerpt of this alleged admission in either their motion for leave or the proposed motion for partial summary judgment. Nonetheless, the fact is that at the time of his deposition in March of 2007, <u>Stallworth had never seen a complete (or incomplete) copy of the Hartford insurance policy</u>.

In fact, defendants' own proposed partial summary judgment evidence contains the seed of material factual opposition on this point. Defendants present as Exhibit "A" to the motion for partial summary judgment, an excerpt of the deposition of Thomas Stallworth. At page 175 of that excerpt, Stallworth makes the following challenge addressing a question from Hartford counsel:

"… *Also, if you remember, when … the courts required you-all to send us a copy of the contract, right, submit us a copy of the contract? We still didn't get a copy of the declaration from you-all. Are you aware of that? …. We requested a copy of the court …*

4

*the document of ... the contract through the courts. We only got a pro ... portion of that contract. We didn't get the full contract"*. (Emphasis added).

Thomas Stallworth is a former insurance salesman; he is reasonably familiar with where the bodies are buried in these automobile policies. Without a full opportunity to scrutinize the pertinent provisions of the insurance policy, plaintiffs are precluded from making their best case with regards to their claim for breach of the covenant of good faith and fair dealing. And defendants are well aware of this fact; yet they refused to produce, until this very motion, the contract document essential to plaintiffs' efforts to substantiate their claim.

Illustrative of defendants' posture with regard to this issue of compliance with the discovery request is the following exchange between defense counsel and Mr. Stallworth during Stallworth's deposition. During the questioning, Hartford counsel has pressed for specifics regarding the bad faith claim; and Stallworth has only referred generally back to his pleadings in the case – while chastising counsel about his failure to produce the policy. At that point, instead of confirming that indeed all requested materials were produced to plaintiffs, counsel resorted to taunting obfuscation:

"... *Listen, like I said, you can take my deposition later...*". Exhibit "A" (Stallworth Deposition) at 175. Defendants cannot come before the court seeking equity – an extralegal consideration – where they have failed to act equitably in the discovery process.

### Prayer for Relief

WHEREFORE, Plaintiffs pray that the court deny the motion for leave; and grant to

plaintiffs any and all such other and further relief to which at law or in equity they may show themselves justly entitled.

Respectfully submitted,

*/s/ Thomas Stallworth*
Thomas Stallworth

*/s/ Willie Mae Stallworth*
Willie Mae Stallworth

### Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing Opposition to Motion for Leave was delivered to Joseph Kissane, 1805 Copeland Street, Jacksonville, Florida 32204, by depositing same, postpaid, with the United States Postal Service at Houston, Texas on this 29th day of June 2007.

*/s/ Thomas Stallworth*
Thomas Stallworth

6