IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH

       Plaintiffs,

vs.                                    Case No. 3:06cv89/MCR/EMT

THE HARTFORD INSURANCE
COMPANY, a Delaware corporation,
HARTFORD INSURANCE COMPANY
OF THE MIDWEST

       Defendants

## PLAINTIFFS, THOMAS STALLWORTH AND WILLIE MAE STALLWORTH RESPONSE TO THE HARTFORD INSURANCE COMPANY AND HARTFORD INSURANCE COMPANY OF THE MIDWEST, MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGEMENT

COMES NOW THOMAS STALLWORTH and WILLIE MAE STALLWORTH, Objection to the Defendant The Hartford Insurance Company of the Midwest, Motion for leave to file their Motion for Partial Summary Judgement and in support thereof state as follows:

1. The initial scheduling order issued by this court on November 9, 2006 required that Motions for Summary Judgement be filed not later than <u>20 days</u> after the close of discovery <u>deadline</u> for the defendant which was extended by this court, whereas Plaintiffs was March 2007 (see document attached).



OFFICE OF CLERK
U.S. DISTRICT COURT
NORTHERN DIST. FLA
PENSACOLA, FLA

07 JUN 29 AM 9: 23

FILED

2. As stated by the Defendants' Attorneys Cole, Scott & Kissane, in the confusion of this transfer, it was not immediately realized that the applicable deadline in this case had not been appropriately recorded in the calendar of undersigned counsel. (Admitted by Mr. Joe Kissane.)

3. The Plaintiff's Thomas Stallworth and Willie Mae Stallworth were notified by the Defendant's The Hartford Insurance Company and Hartford Insurance Company of the Midwest, that our files were put herein who file this second amended complaint for actual damages, compensatory damages, and for punitive and exemplary damages against The Hartford Insurance Company and The Hartford Insurance Company of the Midwest; and in away in <u>storage</u> because they felt they had <u>no responsibility</u> to the Plaintiffs.

4. The Representative for the Defendants' Sean Manely notified Mr. Thomas Stallworth and Mrs. Willie Mae Stallworth by telephone that they weren't worth the contract that they paid for (both #384 clearly shows that The Hartford of the Midwest <u>breached</u> the covenant of <u>good faith</u> and <u>fair dealings.</u>

5. The representatives for the defendants' constantly requested copies of medical records, bills, notes, etc. that already had been submitted to them, which cause a delay in payment, thus causing Plaintiff's credit problems. Again a breach of the covenant of good faith and fail dealing. See letter dated August 9, 2000 marked as Exhibit "A" See also a letter submitted to the Texas Department of Insurance and their

2

response dated June 13, 2000 and letter dated June 26, 2000 as Exhibit "B".

## FACTS AND ALLEGATIONS

6. While residing in Pensacola, Florida in 1997, plaintiffs purchased a policy of automobile from The Hartford Insurance Company. Plaintiffs began to pay the required premiums under the terms of the insurance policy; and continued to make timely premium payment thereafter. The policy limits for the subject The Hartford policy of insurance was in the amount of Five Hundred and Four Thousand ($504,000.00 and no/100) Dollars.

7. On May 4, 1999 plaintiffs received serious, painful and disabling bodily injuries as a result of an automobile accident which occurred in Escambia County, Florida. Plaintiffs were not at fault in the occurrence of this vehicular collision. At the time of this accident, Plaintiffs' insurance policy with the The Hartford was in full force and effect.

8. After the accident and after plaintiffs' initial contacts with the insurer of the other party to the automobile accident, plaintiffs sent a letter to The Hartford claims adjuster, defendant Sean Manley. The letter advised of the occurrence of the accident; related the details of plaintiffs' initial contacts with the offending driver, and referenced the necessity and urgency of a prompt and timely tender by The Hartford of appropriate coverage and benefit payments under the terms of The Hartford policy.

3

9. Defendant The Hartford intentionally refused and denied medical benefits under their policy with plaintiffs; and has continued and continues today to refuse; deny and delay any payment to plaintiff. Plaintiffs have submitted proof of their injuries, medical records, as well as responses to defendant's questioning regarding the accident and resulting injuries. No reasonable basis exists for defendants' refusal, denial or delay in tendering the coverage and benefit payments due and payable under the terms of the policy of insurance.

10. Further, The Hartford has failed to acknowledge with reasonable promptness pertinent communications from plaintiffs with respect to plaintiffs' claims. Additionally, The Hartford has not attempted in good faith to effectuate a prompt, fair, and equitable settlement of plaintiffs' claim submitted in a situation where The Hartford's liability has become reasonably clear.

11. Further, The Hartford has failed to provide in a timely manner any reasonable explanation of the basis in the policy of insurance of the denial of plaintiffs' claim; or for the failure to offer to plaintiffs any compro9mise settlement. Defendants' actions were wanton, willful and international and were the proximate and producing cause of the damages complained of herein.

12. These deliberate, knowing and willful actions on the part of defendant The Hartford Insurance Company represent an ongoing and continuous pattern of fraud and bad faith business practices engaged in by

defendant and its cadre of affiliated corporate entities. Legal claims and complaints alleging the same and similar acts complained of herein have been filed in other courts including, *inter alia*, that certain class action styled *"Frances Perry, et al. v. Hartford Accident & Indemnity Company, et. Al; No. 2:03-CV-040* in the United States District Court for the Eastern District of Texas, Marshall Division (hereinafter "Perry Class Action"); as well as the cause filed in the Eleventh State Judicial Circuit Court of Florida and styled "Lucille Roker, et al. v. Hartford Insurance Company of the Midwest, et al.; Case No. 98-14350 CA 32 (hereinafter "Hartford PIP Settlement").

13. It is interesting that the Firm of Cole Scott & Kissane Now uses the Whole contract to their advantage, however, when the Courts requested that The Hartford Insurance Company and The Hartford of The Midwest submit a copy of the Plaintiff's Thomas Stallworth and Willie Mae Stallworth for their review, we received just part of the contract.

14. It is also interesting that the Firm of Cole, Scott and Kissane showed up in Houston to take the deposition of Doctor Bruce Weiner on the date of _____. Yet we received a letter stating the deposition on Thomas Stallworth and Willie Mae Stallworth would be taken on August 24, 2007; at 1:00 p.m. (See letter submitted April 17, 2007 as Exhibit "D".

**FIRST CLAIM FOR RELIEF**

5

15. <u>BREACH OF CONTRACT</u>. All of the allegations contained in Paragraphs 6 through 14 are incorporated herein by reference, the same as if fully set out verbatim for any and all purposes of this pleading.

16. Defendants' conduct represents a breach of the contract for insurance entered into by the parties. Defendants acted willfully and intentionally in refusing to tender benefits and payment under the terms of the policy of insurance. Plaintiffs sue for the actual and consequential damages arising as a direct and proximate result of the breach, as well as the full policy limits of the policy of insurance.

17. Additionally, defendant The Hartford's conduct demonstrated a conscious and extreme indifference to the rights of its insured; therefore plaintiffs plead and sue for punitive and exemplary damages as provided by law.

**SECOND CLAIM FOR RELIEF**

18. <u>BREACH OF THE WARRANTY OF GOOD FAITH AND FAIR DEALING.</u> All of the allegations contained in Paragraphs 6 through 14 are incorporated herein by reference, the same as if fully set out verbatim for any and all purposes of this pleading.

19. Plaintiffs were entitled to rely on the representations made by The Hartford at the time in which the parties entered into the contract for insurance. The Hartford's conduct violates both the consumer protection provisions of the Florida Insurance Code, and specifically Fla.

Stat. §627.736 et seq.: as well as the common law duty of good faith and fair dealing. Accordingly, plaintiffs sue for all actual and economic damages arising out of the failure of defendant to tender benefits under the terms of the policy of insurance and all applicable state law.

### THIRD CLAIM FOR DAMAGES

20. <u>UNFAIR CLAIM SETTLEMENT PRACTICES</u>. All of the allegations contained in Paragraphs 7 through 14 are incorporated herein by reference, the same as if fully set out verbatim for any and all purposes of this pleading.

21. The acts and omissions complained of on the part of The Hartford constitute an unconscionable course of conduct resulting in damage and detriment to plaintiffs. At all times herein, defendant Hartford was a sophisticated provider of various lines of private insurance: and acted knowingly and with full awareness of the damage and harm caused by its actions. Accordingly, plaintiffs plead and sue for punitive and exemplary damages as provided by law.

### DAMAGES

As a result of the foregoing and wrongful acts of defendants, plaintiffs have suffered general damages, including but not limited to emotional and mental distress, personal humiliation and shock, along with severe emotional distress. Further, Plaintiffs have been forced to continue to endure physical pain and discomfort resulting from the underlying and original automobile accident; pain and discomfort which could and should have been remedied long ago had defendants offered policy benefits sufficient to

cover the cost of needed medical care and attention. To the extent possible, plaintiff s have suffered the out-of-pocket costs of intermittent but necessary medical care associated with the treatment of their continuing pain and discomfort.

The persistence of said pain and discomfort was the natural, likely and foreseeable consequence of defendant Hartford's failure to tender benefits under the policy of insurance. Additionally, plaintiffs seek punitive and exemplary damages. Punitive and exemplary damages are designed to punish and deter parties such as defendants who have engaged in egregious wrongdoing; or where defendant's conduct is shown be motivated by evil motive or intent, malice or actual malice, or when it involves reckless or callous indifference to the contractually protected rights of others.

## PRAYER

Plaintiffs pray that defendants The Hartford Insurance Company and The Hartford Insurance Company of the Midwest be cited to appear and to answer herein; and that upon final trial in this matter, Plaintiffs have judgment against the defendants, jointly and severally, for the full policy limits of the subject insurance policy as actual, special and compensatory damages, and as an amount adequate to redress the injuries incurred by plaintiffs; that the court assess punitive and exemplary damages against these same defendants in an amount sufficient to punish and to deter against similar future conduct. Plaintiff further prays that he recover against defendants all reasonable attorneys' fees should they become necessary interest on the judgment from the date it is rendered together with prejudgment interest at the legal rate, as well as any and all such other further relief to which at law or equity plaintiffs may show themselves justly entitled.

**PLAINTIFFS DEMAND TRIAL BY JURY**

Respectfully Submitted,

PLAINTIFF

By: /s/ Thomas E. Stallworth

THOMAS E. STALLWORTH
P.O. Box 941148
Houston, Texas 77094
832-379-8840
PRO-SE

By: /s/ Willie Mae Stallworth

WILLIE MAE STALLWORTH
P.O. Box 941148
Houston, Texas 77094
832-379-8840
PRO-SE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing Second Amended Complaint was mailed to Joseph T. Kissane, attorney for The Hartford Insurance Company, 1805 Copeland Street, Jacksonville, Florida 32284, by depositing same with the United States Postal Service at Houston, Texas on this 25 day of June, 2007.

THOMAS E. STALLWORTH

WILLIE MAE STALLWORTH