
THE HARTFORD

August 09, 2000

Thomas & Willie Mae Stallworth
*P O Box 87129
Houston, TX 77287

Insured:       Thomas & Willie Mae Stallworth
Claimant:      Thomas Stallworth
Claim Number:  617 AU 50155
Date of Loss:  05/04/99

Dear Mr. Stallworth:

This letter is in reference to the above mentioned claim. I am in receipt of the package of information you sent for us to review. In reviewing the documents it was determined that we still do not have enough information and are requesting additional medical bills and notes from your past treatment. When that information is recieved we will review your file and apprise you of our decision.

If you have questions I can be contacted Monday thru Friday between the hours of 8:15 a.m. and 5:15 p.m.

Sincerely,

Regina Brooks
Claims Representative

B

Recieved 8-16-00
11:30 AM

(R) RB2 - YE    Blank Memo/Insd

Date 8-17-00
Time 1:05 PM
Date 8-22-00
Time 9:34 AM

Southeast Personal Lines
Claim Service Center
2502 Rocky Point Drive
Suite 400
P.O. Box 30773
Tampa, FL 33630-3773
Telephone 813 286 8243
Toll Free 1 800 243 5860

TEXAS DEPARTMENT OF INSURANCE
CONSUMER SERVICES (111-1A)
MS. LINDA RODGERS
P.O. BOX 149091
AUSTIN, TEXAS 78714-1771
6/13/00

"B"

Please be advised that on or about June 6, 2000, at approximately 10:35 A.M., I spoke to Ms. Linda Rogers concerning the problems we have been experiencing with Hartford Insurance Company since my wife and I were injured in an auto accident on May 4, 1999. The problems are as follows.

(1) Dawn Gari, the represenative for Hartford hung up in both myself and my wife's face. She would do this whenever we would ask her a question that she couldn't answer, and very harsh in talking to us.

(2) My wife and I both signed medical authorizarions, but to date there are still outstanding medicals which have not been paid since October 1999.

(3) Dawn Gari chose to pay my wage lost out of my P.I.P. coverage though she was aware that I have additional medical coverage worth a hundred thousand dollars that has not been touched.

(4) Enclosed are copies of two of my wifes bills that have not been paid. One for $2544.00 and another for $75.00.

(5) Hartford sent my a request form dated May 12, 2000 asking for the names of doctors that have already been sent to them along with copies of my bills in 1999.

(6) On July 14, 1999, Hartford submitted a letter to me requesting that I go to their doctor for an independent medical examination, which I found very unusual. Dr. Steven Thompson confirmed that I was disabled. a copy a copy is enclosed for your review.

(7) On 12/3/99 I was told by Hartford to take my car to any transmission shop, of which I did. At first their adjuster agreed that my transmission had been affected by the 5/4/99 accident as well as the transmission personal, but when the adjuster for Hartford went to AAMCO he changed his mind and said my transmission was damaged from wear and tear. This was also strange because before the accident I never experienced a slip or a leak in my transmission. Again copies are enclosed for your review.

(2)

I would appreciate any assistance that you can give me in this matter. Thank you in advance for your kind assistance.

Sincerel yours


Thomas E. Stallworth
P.O.Box 87129
Houston, Texas 77287-7129
(713) 910-4965



## OFFICE OF THE PRESIDENT

June 26, 2000

MR. THOMAS STALLWORTH
P O BOX 87129
HOUSTON, TX  77287

Re: COMPLAINT ID # 200005786, State Reference # 458414
    Policy # 55PHE948371, Claim # 617AF22291
    Insured: THOMAS STALLWORTH

DEAR MR. STALLWORTH:

This letter will acknowledge receipt of the complaint dated June 13, 2000 filed with the State Insurance Department, against a company of the The Hartford Insurance Group. I am directing this complaint to the area of the company that is responsible for its resolution and asking the personnel in that area to respond directly to the State Insurance Department, who in turn will respond to you.

Please be advised that The Hartford is committed to customer satisfaction and takes its responsibility to policyholders very seriously. Every effort will be made to satisfactorily resolve this issue in the most expeditious manner.

Sincerely,

*James R. Parker*

JAMES R. PARKER, MANAGER
CUSTOMER RELATIONS DEPARTMENT
THE HARTFORD INSURANCE GROUP
HARTFORD PLAZA
HARTFORD, CT  06115

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,

    Plaintiffs,

vs.                                    CASE NO.: 3:06CV89MCR/EMT

THE HARTFORD INSURANCE COMPANY,
a Delaware corporation, et al.,

    Defendants.
_____/

## NOTICE OF TAKING VIDEO DEPOSITION

TO:   THOMAS STALLWORTH
       WILLIE MAE STALLWORTH
       Post Office Box 941148
       Houston, Texas 77094
       Pro Se Plaintiffs

Please take notice that Defendants, THE HARTFORD INSURANCE COMPANY and HARTFORD INSURANCE COMPANY OF THE MIDWEST, will take the video deposition of **Dr. Bruce Weiner** at the date and time indicated below, before Houston Reporting and Video Conferencing or some other officer duly authorized by law to take video depositions.

The video deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

**DEPONENT:**

Dr. Bruce Weiner

**DATE AND TIME:**

Tuesday, August 24, 2007
1:00 p.m. CENTRAL time

Exibit "D"

**LOCATION:**
**Office of Dr. Bruce Weiner**
**East Houston Orthopedics**
**12930 East Freeway**
**Houston, Texas 77015**
**Telephone: 713-453-6909**

**COURT REPORTER'S ADDRESS & TELEPHONE NUMBER:**
Houston Reporting & Video Conferencing
1010 Lamar Street
Suite 1400
Houston, Texas 77002
Telephone No. 713-739-1400

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 17, 2007, I mailed the foregoing document and the by first-class mail to the following non-CM/ECF participants: Thomas Stallworth and Willie Mae Stallworth, P. O. Box 941148, Houston, TX, 77094.

**COLE, SCOTT & KISSANE, P.A.**

JOSEPH T. KISSANE
Florida Bar No. 512966
1805 Copeland Street
Jacksonville, FL 32204
Telephone: 904-399-2900
Facsimile: 904-399-2110
joseph.kissane@csklegal.com
Attorney for Defendants

*[Handwritten note:]* JOE called KISSANE 904 545-2157 4-27-07 Friday I tried to return call at 2:40 PM

*[Handwritten:]* Exibit "D"

   (a) Municipality;
   (b) Transit or public school transportation authority; or
   (c) Political subdivision of the state.
   b. A mobile home.
2. "Named Insured" means:
   a. The person named in the Declarations; or
   b. That person's spouse, if a resident of the same household.
3. "Pedestrian" means a person who is not **occupying** a self-propelled vehicle.

D. "Insured" as used in this Part B Section III means:
   1. The **named insured** or any **family member** while:
      a. **Occupying**; or
      b. A **pedestrian** struck by;
      a motor vehicle.
   2. Any other person while:
      a. **Occupying**; or
      b. A **pedestrian** struck by;
      **your covered auto**.

## II. EXTENDED PERSONAL INJURY PROTECTION COVERAGE
### INSURING AGREEMENT

A. We will pay, in accordance with the Florida Motor Vehicle No-Fault Law, extended personal injury protection benefits to or for an **insured** who sustains **bodily injury**. The **bodily injury** must be caused by an accident arising out of the ownership, maintenance or use of **a motor vehicle**.

B. Subject to the limits shown in the Schedule or Declarations, extended personal injury protection benefits consist of the following:
   1. Medical expenses. Reasonable expenses for:
      a. Necessary medical, surgical, x-ray, dental, ambulance, hospital, professional nursing and rehabilitative services; and
      b. Prosthetic devices.
      
      This includes necessary remedial treatment and services, recognized and permitted under state law, for an **insured** who relies on spiritual means through prayer alone for healing in accordance with that **insured's** religious beliefs.
      
      We will pay:
      a. All medical expenses incurred by the **named insured** or any **family member**; and
      b. 80% of medical expenses incurred by any other **insured**; due to **bodily injury**.
   2. Work loss. With respect to the period of disability of an **insured**, any loss of income and earning capacity from that **insured's** inability to work due to **bodily injury**. However, work loss does not include any loss after an **insured's** death.
      
      We will pay:
      a. 80% of work loss to or for the **named insured** or any **family member**; and
      b. 60% of work loss to or for any other **insured**.

"E"