IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH and
WILLIE MAE STALLWORTH,
    Plaintiffs,

v.                                        Case No: 3:06cv89/MCR/EMT

THE HARTFORD INSURANCE COMPANY,
a Delaware Corporation,
HARTFORD INSURANCE COMPANY
OF THE MIDWEST,
    Defendants.
_____/

## ORDER

        This cause is before the court on Defendants' Motion for Leave to File Motion for Partial Summary Judgment (Doc. 80). Plaintiffs filed responses in opposition to the motion (Docs. 83, 84).

        Defendants request permission to file a belated motion for partial summary judgment. The deadline for filing such dispositive motions was May 21, 2007, as set in the Final Scheduling Order issued by the undersigned on January 5, 2007 (Doc. 49). Defendants filed the instant motion on June 15, 2007, nearly one month after the deadline (*see* Doc. 80).

        Rule 6(b) of the Federal Rules of Civil Procedure provides, in relevant part:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; . . .

Fed. R. Civ. P. 6(b). The determinative question in the instant case is whether Defendants have shown that their failure to file a timely motion for partial summary judgment was the result of excusable neglect.

In Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), the Supreme Court held that neglect encompasses "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." *Id.* at 388. Whether neglect is excusable is an equitable determination "taking account of all relevant circumstances surrounding the party's omission." *Id.* These circumstances include the following: (1) danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.* The Eleventh Circuit has recognized that Pioneer "accorded primary importance to the absence of prejudice . . . and to the interest of efficient judicial administration." Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996). Additionally, the Eleventh Circuit has applied the Pioneer standard to Rule 6(b) motions for enlargement of time. *See* Fisher v. Office of State Attorney 13th Judicial Circuit Florida, No. 05-11115, 162 Fed. Appx. 937 (11th Cir. 2006).

In support of the instant motion, Defendants assert that the reason for their failure to file a timely motion for partial summary judgment is that their counsel inadvertently neglected to confirm that the deadline for filing the motion was noted on his calendar (*see* Doc. 80 at 2–3). Defendants assert that the delay in filing the summary judgment motion will not prejudice Plaintiffs (*id.*). They further assert that resolution of the issue raised in the summary judgment motion would assist the court and the parties by limiting the issues at trial (*id.*).

In Plaintiffs' response to the instant motion, they concede that the first two Pioneer factors weigh in favor of granting the instant motion in that Plaintiffs will not suffer prejudice if the instant motion is granted, and that the granting of the motion will have minimal impact on the judicial proceedings (*see* Doc. 83 at 2). They contend, however, that the last two factors weigh against granting the motion because Defendants' delay in filing the motion for partial summary judgment was within the reasonable control of Defendants' counsel, and Defendants' counsel has not acted fairly and in good faith during the discovery process (*id.* at 2–5).

Because it is undisputed that the first two Pioneer factors weigh in favor of granting the instant motion, the undersigned will address only the last two factors, namely, whether the delay was within the reasonable control of Defendants, and whether Defendants acted in good faith. As to the third factor, the undersigned agrees with Plaintiffs that Defendants' failure to file a timely summary judgment motion was the fault of Defendants' counsel. However, the court disagrees with Plaintiffs as to the fourth factor as there is no evidence whatsoever that the failure by Defendants' counsel was the result of deliberate or insubordinate conduct or in any way suggestive of bad faith. *See* In re Greenberg, No. 06-10328, 2006 WL 1594202, at *5 (11th Cir. June 9, 2006) (district court erred in concluding that bad faith factor of Pioneer was satisfied in the absence of any evidence that the non-compliant party's failure was the result of contumacious or deliberate conduct or in any way suggestive of a lack of good faith). Because three of the four Pioneer circumstances weigh in favor of finding excusable neglect on the part of Defendants, and two of those three should be accorded primary importance, *see* Cheney, *supra*, the undersigned concludes that Defendants' motion to file a belated motion for partial summary judgment should be granted. Defendants are reminded of the District Judge's warning that the late filing of their motion for partial summary judgment will not be grounds for cancellation or postponement of the pretrial conference or non-compliance with any other requirement of the Referral to Mediation and Order for Pretrial Conference, including the requirement that the parties complete mediation on or before August 3, 2007 (*see* Doc. 79 at 3, 8).

In light of Plaintiffs' pro se status, the court gives the following advisory regarding their response to the motion for partial summary judgment. In opposing a motion for summary judgment, Plaintiffs are the nonmoving party, and as Plaintiffs they are the parties with the burden of proof. Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The rule does not require Defendants to submit evidence **negating** Plaintiffs' claim, but instead to demonstrate ("**with or without supporting affidavits**") that the Rule 56(c) standard is satisfied. Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986).

Plaintiffs are cautioned that they must dispute or contradict Defendants' arguments with evidence of a substantial nature as distinguished from legal conclusions.  Plaintiffs cannot successfully defeat a motion for summary judgment with mere formal denials or general allegations that do not disclose the facts in detail and with precision, nor can they simply rely upon the pleadings.  A general denial unaccompanied by any evidentiary support will not suffice.  *See, e.g.*, Courson v. McMillian, 939 F.2d 1479 (11th Cir. 1991); Hutton v. Strickland, 919 F.2d 1531 (11th Cir. 1991).

Evidentiary material which is acceptable in opposition to a motion for summary judgment includes sworn affidavits or other sworn documentary or other evidence indicating the existence of a genuine issue of material fact.  Fed. R. Civ. P. 56(e).  Affidavits must be based on personal knowledge, setting forth such facts as would be admissible into evidence and affirmatively showing that the affiant is competent to testify to the matters stated therein.  Fed. R. Civ. P. 56(e).  If affidavits of witnesses are unavailable, Plaintiffs should so indicate by their own affidavits and seek an extension of time to obtain other affidavits.  Fed. R. Civ. P. 56(f).  If Plaintiffs are unable to present, by affidavit or other evidence, facts essential to justify their opposition to Defendants' motion for summary judgment, Plaintiffs must file a sworn statement as to why they are unable to do so.

Materials submitted on a motion for summary judgment are viewed in the light most favorable to the party opposing the motion (Plaintiffs), but unreasonable and speculative inferences will not be drawn from the materials.  Tyler v. Vickery, 517 F.2d 1089 (5th Cir. 1975).  Evidence filed by Defendants in support of the motion for summary judgment may be accepted as true by the court if Plaintiffs do not file contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56.  Brown v. Shinbaum, 828 F.2d 707 (11th Cir. 1987).

Plaintiffs are cautioned that only those pleadings and evidentiary materials currently in the record or filed in accordance with this order will be considered by the court in ruling on such a motion.  A motion for summary judgment will result in a final judgment without a full trial or any further proceeding, if the pleadings, sworn affidavits, and other appropriate evidentiary materials properly filed in the record show that there is no genuine issue as to any material fact and that

Defendants are entitled to a judgment as a matter of law.  <u>Celotex</u>, 477 U.S. 317; <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202, 212 (1986).

Accordingly, it is **ORDERED**:

1.   Defendants' Motion for Leave to File Motion for Partial Summary Judgment (Doc. 80) is **GRANTED**.  The clerk shall separately docket Defendants' Motion for Partial Summary Judgment, which is attached to the Motion for Leave to File Motion for Partial Summary Judgment (Doc. 80).

2. On or before **AUGUST 6, 2007**, Plaintiffs shall file a response to Defendants' motion for partial summary judgment.

3. Plaintiffs' failure to comply with this order may result in a recommendation of dismissal for failure to comply with an order of the court.

**DONE AND ORDERED** this 5th day of July 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**