ownership, maintenance or use of the **uninsured motor vehicle**.
Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

B. "**Insured**" as used in this Part means:
1. **You** or any **family member**.
2. Any other person **occupying your covered auto**.
3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in 1. or 2. above.

C. "**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:
1. To which no bodily injury liability bond or policy applies at the time of the accident.
2. To which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for **bodily injury** under that bond or policy to an **insured** is not enough to pay the full amount the **insured** is legally entitled to recover as damages.
3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in **bodily injury** without hitting:
   a. **You** or any **family member**;
   b. A vehicle which **you** or any **family member** are **occupying**; or
   c. **Your covered auto**.
   If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved. We will only accept competent evidence other than the testimony of a person making claims under this or any similar coverage.
4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:
   a. Denies coverage; or
   b. Is or becomes insolvent.

However, **uninsured motor vehicle** does not include any vehicle or equipment:
1. Owned by or furnished or available for the regular use of **you** or any **family member** unless it is a **your covered auto** to which Part A of the policy applies and liability coverage is excluded for any person other than **you** or any **family member** for damages sustained in the accident by **you** or any **family member**.
2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.
3. Owned by any governmental unit or agency.
4. Operated on rails or crawler treads.
5. Designed mainly for use off public roads while not on public roads.
6. While located for use as a residence or premises.

## EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any person:
1. If that **insured** or the legal representative settles the **bodily injury** claim without our consent. However, this exclusion (A.1.) does not apply:
   a. If such settlement does not prejudice our right to recover payment; or

   b. To a settlement made with the insurer of a vehicle described in Section
    2. of the definition of uninsured motor vehicle.
  2. While occupying your covered auto when it is being used as a public or livery conveyance. This exclusion (A.2.) does not apply to a share-the-expense car pool.
  3. Using a vehicle without a reasonable belief that that insured is entitled to do so.
B. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:
  1. Workers' compensation law; or
  2. Disability benefits law.
C. We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

## LIMIT OF LIABILITY

A. Our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of bodily injury sustained by any one person in any one accident is the sum of the limits of liability shown in the Declarations for each person. Subject to this limit for each person, our maximum limit of liability for all damages arising out of bodily injury resulting from any one accident is the sum of the limits of liability shown in the Declarations for each accident.
This is the most we will pay regardless of the number of:
  1. Insureds;
  2. Claims made;
  3. Vehicles or premiums shown in the Declarations; or
  4. Vehicles involved in the accident.
However, no one will be entitled to receive duplicate payments of loss as a result of the application of this provision.
B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
  1. Part A of this policy;
  2. No-fault coverage; or
  3. Automobile medical payments coverage.
C. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.
D. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law.
  1. Workers' compensation law; or
  2. Disability benefits law.

## OTHER INSURANCE

If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

## ARBITRATION

A. If we and an insured do not agree:
   1. Whether that insured is legally entitled to recover damages; or
   2. As to the amount of damages which are recoverable by that insured;
   from the owner or operator of an uninsured motor vehicle then the matter may be:
   1. Mediated, in accordance with the Mediation provision contained in Part F of the policy, if the damages resulting from bodily injury are for $10,000 or less; or
   2. Arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

   If either party demands mediation, the mediation must be completed before arbitration can occur.
B. Both parties must agree to arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.
C. Each party will:
   1. Pay the expenses it incurs; and
   2. Bear the expenses of the third arbitrator equally.
D. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:
   1. Whether the insured is legally entitled to recover damages; and
   2. The amount of damages.

## FLORIDA ARBITRATION CODE

If we and an insured agree to arbitration, the Florida Arbitration Code will not apply.

## ADDITIONAL DUTY

A person seeking Uninsured Motorists Coverage under Section 2. of the definition of **uninsured motor vehicle** must also promptly:
   1. Send us copies of the legal papers if a suit is brought; and
   2. Notify us in writing by certified or registered mail of a tentative settlement between the **insured** and the insurer of the **uninsured motor vehicle** and allow us 30 days to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **uninsured motor vehicle**.

## PART F - GENERAL PROVISIONS

The following is added to the Two Or More Auto Policies provision:
   1. This provision does not apply to Uninsured Motorists Coverage.
   2. No one will be entitled to receive duplicate payments for the same elements of loss under Uninsured Motorists Coverage.

## SECTION II UNINSURED MOTORISTS COVERAGE - NON-STACKED
### This Section Applies Only If Non-Stacked Uninsured Motorists Coverage Is Indicated On The Declarations Page

**INSURING AGREEMENT**

A. We will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury**:
   1. Sustained by an **insured**; and
   2. Caused by an accident.

   The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

   Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

B. "Insured" as used in this Part means:
   1. You or any **family member**.
   2. Any other person occupying **your covered auto**.
   3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in 1. or 2. above.

C. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:
   1. To which no bodily injury liability bond or policy applies at the time of the accident.
   2. To which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for **bodily injury** under that bond or policy to an **insured** is not enough to pay the full amount the **insured** is legally entitled to recover as damages.
   3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in bodily injury without hitting:
      a. You or any **family member**;
      b. A vehicle which you or any **family member** are occupying; or
      c. **Your covered auto**.

      If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved. We will only accept competent evidence other than the testimony of a person making claims under this or any similar coverage.
   4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:
      a. Denies coverage; or
      b. Is or becomes insolvent.

However, **uninsured motor vehicle** does not include any vehicle or equipment:
   1. Owned by or furnished or available for the regular use of you or any **family member** unless it is a **your covered auto** to which Part A of the policy applies and liability coverage is excluded for any person other than you or any **family member** for damages sustained in the accident by you or any **family member**.
   2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.
   3. Owned by any governmental unit or agency.
   4. Operated on rails or crawler treads.
   5. Designed mainly for use off public roads while not on public roads.
   6. While located for use as a residence or premises.

EXCLUSIONS
A. We do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any person:
   1. By an **insured** while occupying any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.
   2. By any **family member** while occupying any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.
B. We do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any insured:
   1. If that **insured** or the legal representative settles the **bodily injury** claim without our consent. However, this exclusion (B.1.) does not apply:
      a. If such settlement does not prejudice our right to recover payment; or
      b. To a settlement made with the insurer of a vehicle described in Section 2. of the definition of **uninsured motor vehicle.**
   2. While **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion (B.2.) does not apply to a share-the-expense car pool.
      3. Using a vehicle without a reasonable belief that that person is entitled to do so.
C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under an of the following or similar law:
   1. Workers' compensation law; or
   2. Disability benefits law.
D. We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

LIMIT OF LIABILITY
A. When the **insured is occupying your covered auto** at the time of the accident:
   1. The limit of liability for Uninsured Motorists Coverage stated in the Declarations for each person applicable to that **your covered auto** is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in that accident; and
   2. Subject to this limit for each person, the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each accident applicable to that **your covered auto** is our maximum limit of liability for all damages for **bodily injury** resulting from that accident.
B. When the **insured** is not **occupying your covered auto** at the time of the accident:
   1. The highest limit of liability for Uninsured Motorists Coverage stated in the Declarations for each person applicable to any of **your covered autos** is our maximum limit of liability for all damages, including damages for care, loss for services or death, arising out of **bodily injury** sustained by any one person in that accident; and
   2. Subject to this limit for each person, the highest limit of liability for Uninsured Motorists Coverage stated in the Declarations for each accident applicable to any of **your covered autos** is our maximum limit of liability for all damages for **bodily injury** resulting from that accident.

This is the most we will pay regardless of the number of:
1. Insureds;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
1. Part A of this policy;
2. No-fault coverage; or
3. Automobile medical payments coverage.

D. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

E. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law.
1. Workers' compensation law; or
2. Disability benefits law.

## OTHER INSURANCE

If there is other applicable similar insurance available under this policy or any other policy:
1. Any recovery for damages sustained by you or any **family member**:
   a. While occupying a vehicle owned by you or any **family member** may equal, but not exceed, the limit of liability for Uninsured Motorists Coverage applicable to that vehicle;
   b. While occupying a vehicle not owned by you or any **family member** may equal, but not exceed, the sum of:
      (1) The limit of liability for Uninsured Motorists Coverage applicable to the vehicle you or any **family member** were occupying at the time of the accident; and
      (2) The highest limit of liability for Uninsured Motorists Coverage applicable to any one vehicle under any one policy affording coverage to you or any **family member**;
   c. While not occupying any vehicle may equal, but not exceed, the highest limit of liability for Uninsured Motorists Coverage applicable to any one vehicle under any one policy affording coverage to you or any **family member**.
2. Any insurance we provide with respect to a vehicle you do not own will be excess over any other collectible insurance.
3. We will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

## ARBITRATION

A. If we and an **insured** do not agree:
1. Whether that person is legally entitled to recover damages; or
2. As to the amount of damages which are recoverable by that **insured**;
from the owner or operator of an **uninsured motor vehicle** then the matter may be:

Form 8309                                    Page 26 of 37

1. Mediated, in accordance with the Mediation provision contained in Part F of the policy, if the damages resulting from bodily injury are for $10,000 or less; or
2. Arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

If either party demands mediation, the mediation must be completed before arbitration can occur.

B. Both parties must agree to arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.
C. Each party will:
   1. Pay the expenses it incurs; an
   2. Bear the expenses of the third arbitrator equally.
D. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:
   1. Whether the insured is legally entitled to recover damages; and
   2. The amount of damages.

## FLORIDA ARBITRATION CODE

If we and an insured agree to arbitration, the Florida Arbitration Code will not apply.

## ADDITIONAL DUTY

A person seeking Uninsured Motorists Coverage under Section 2. of the definition of uninsured motor vehicle must also promptly:
1. Send us copies of the legal papers if a suit is brought; and
2. Notify us in writing by certified or registered mail of a tentative settlement between the insured and the insurer of the uninsured motor vehicle and allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such uninsured motor vehicle.

## PART D - COVERAGE FOR DAMAGE TO YOUR AUTO

### INSURING AGREEMENT

A. We will pay for direct and accidental loss to your covered auto or any non-owned auto, including their equipment, minus any applicable deductible shown in the Declarations. If loss to more than one your covered auto or non-owned auto results from the same collision, only the highest applicable deductible will apply. We will pay for loss to your covered auto caused by:
   1. Other than collision only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.
   2. Collision only if the Declarations indicate that Collision Coverage is provided for that auto.

We will pay under Other Than Collision Coverage for the cost of repairing or replacing the damaged windshield on your covered auto without a deductible. We will pay only if the Declarations indicates that Other Than Collision Coverage applies.

If there is a loss to a non-owned auto, we will provide the broadest coverage applicable to any your covered auto shown in the Declarations.

B. "Collision" means the upset of your covered auto or a non-owned auto or their impact with another vehicle or object.

Loss caused by the following is considered other than "collision":
1. Missiles or falling objects;
2. Fire;
3. Theft or larceny;
4. Explosion or earthquake;
5. Windstorm;
6. Hail, water or flood;
7. Malicious mischief or vandalism;
8. Riot or civil commotion;
9. Contact with bird or animal; or
10. Breakage of glass

If breakage of glass is caused by a **collision**, you may elect to have it considered a loss cause by collision.

C. "Non-owned auto" means:
1. Any private passenger auto, pickup, van or trailer not owned by or furnished or available for the regular use of you or any family member while in the custody of or being operated by you or any family member; or
2. Any auto or trailer you do not own while used as a temporary substitute for your covered auto which is out of normal use because of its:
   a. Breakdown;
   b. Repair;
   c. Servicing;
   d. Loss; or
   e. Destruction.

## TRANSPORTATION EXPENSES

In addition, we will pay, without application of a deductible, up to $15 per day, to a maximum of $450, for:

1. Temporary transportation expenses incurred by you in the event of a loss to your covered auto. We will pay for such expenses if the loss is caused by:
   a. Other than **collision** only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.
   b. **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.
2. Loss of use expenses for which you become legally responsible in the event of loss to a non-owned auto. We will pay for loss of use expenses if the loss is caused by:
   a. Other than **collision** only if the Declarations indicate that Other Than Collision Coverage is provided for any **your covered auto**.
   b. **Collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto**.

If the loss is caused by a total theft of your covered auto or a non-owned auto, we will pay only expenses incurred during the period:
1. Beginning 48 hours after the theft; and
2. Ending when your covered auto or the non-owned auto is returned to use or we pay for its loss.

If the loss is caused by other than theft of a your covered auto or a non-owned auto, we will pay only expenses beginning when the auto is withdrawn from use for more than 24 hours.

Our payment will be limited to that period of time reasonably required to repair

or replace the **your covered auto** or the **non-owned auto**.

## EXCLUSIONS
We will not pay for:
1. Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This exclusion (1.) does not apply to a share-the-expense car pool.
2. Damage due and confined to:
   a. Wear and tear;
   b. Freezing;
   c. Mechanical or electrical breakdown or failure; or
   d. Road damage to tires.
   This exclusion (2.) does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto**.
3. Loss due to or as a consequence of:
   a. Radioactive contamination;
   b. Discharge of any nuclear weapon (even if accidental);
   c. War (declared or undeclared);
   d. Civil war;
   e. Insurrection; or
   f. Rebellion or revolution.
4. Loss to:
   a. Any electronic equipment designed for the reproduction of sound, including, but not limited to:
      (1) Radios and stereos;
      (2) Tape decks; or
      (3) Compact disc players;
   b. Any other electronic equipment that receives or transmits audio, visual or data signals, including, but not limited to:
      (1) Citizens band radios;
      (2) Telephones;
      (3) Two-way mobile radios;
      (4) Scanning monitor receivers;
      (5) Television monitor receivers;
      (6) Video cassette recorders;
      (7) Audio cassette recorders; or
      (8) Personal computers;
   c. Tapes, records, discs, or other media used with equipment described in a. or b. or
   d. Any other accessories used with equipment described in a. or b.
   This exclusion (4.) does not apply to:
   a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided:
      (1) The equipment is permanently installed in **your covered auto** or any **non-owned auto**; or
      (2) The equipment is:
         (a) Removable from a housing unit which is permanently installed in the auto;
         (b) Designed to be solely operated by use of the power from the

auto's electrical system; and
- (c) In or upon **your covered auto** or any **non-owned auto**;

at the time of the loss.
   b. Any other electronic equipment that is:
   (1) Necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or
   (2) An integral part of the same unit housing any sound reproducing equipment described in **a.** and permanently installed in the opening of the dash or console of **your covered auto** or any **non-owned auto** normally used by the manufacturer for installation of a radio.
5. A total loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities.
   This exclusion (5.) does not apply to the interests of Loss Payees in **your covered auto**.
6. Loss to a camper body or trailer **you** own which is not shown in the Declarations. This exclusion (6.) does not apply to a camper body or trailer **you**:
   a. Acquire during the policy period; and
   b. Ask us to insure within 30 days after **you** become the owner.
7. Loss to any **non-owned auto** when used by **you** or any **family member** without a reasonable belief that **you** or that **family member** are entitled to do so.
8. Loss to:
   a. Awnings or cabanas; or
   b. Equipment designed to create additional living facilities.
9. Loss to equipment designed or used for the detection or location of radar or laser.
10. Loss to any custom furnishings or equipment in or upon any pickup or van. Custom furnishings or equipment include but are not limited to:
    a. Special carpeting and insulation, furniture or bars;
    b. Facilities for cooking and sleeping;
    c. Height-extending roofs; or
    d. Custom murals, paintings or other decals or graphics.
11. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:
    a. Selling;          d. Storing; or
    b. Repairing;        e. Parking;
    c. Servicing;
    vehicles designed for use on public highways. This includes road testing and delivery.
12. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion 11. This exclusion (12.) does not apply to the maintenance or use by **you** or any **family member** of a **non-owned auto** which is a private passenger auto or trailer.
13. Loss to **your covered auto** or any **non-owned auto**, located inside a facility, designed for racing, for the purpose of:
    a. Competing in; or

      b. Practicing or preparing for:
  any prearranged or organized racing or speed contest.
14. Loss to, or loss of use of, a **non-owned auto** rented by:
   a. **You**; or
   b. Any **family member**; if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member**, pursuant to the provisions of any applicable rental agreement or state law.

## LIMIT OF LIABILITY
A. Our limit of liability for loss will be the lesser of the:
   1. Actual cash value of the stolen or damaged property;
   2. Amount necessary to repair or replace the property with other property of like kind and quality.

   However, the most we will pay for loss to any **non-owned auto** which is a trailer is $500.
B. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss.
C. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

## PAYMENT OF LOSS
We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:
   1. **You**; or
   2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

## LOSS PAYABLE CLAUSE
Loss or Damage under this policy shall be paid, as interest may appear, to you and the loss payee shown in the Declarations. This insurance with respect to the interest of the loss payee, shall not become invalid because of your fraudulent acts or omissions unless the loss results from your conversion, secretion or embezzlement of **your covered auto**. However, we reserve the right to cancel the policy as permitted by policy terms and the cancellation shall terminate this agreement as to the loss payee's interest. We will give the same advance notice of cancellation to the loss payee as we give to the named insured shown in the Declarations.

When we pay the loss payee we shall, to the extent of payment, be subrogated to the loss payee's rights of recovery.

## TOWING AND LABOR COSTS COVERAGE
We will pay towing and labor costs incurred each time **your covered auto** or any **non-owned auto** is disabled, up to the amount shown in the Declarations as applicable to that vehicle. If a **non-owned auto** is disabled, we will provide the broadest towing and labor costs coverage applicable to any **your covered auto** shown in the Declarations. We will only pay for labor performed at the place of disablement.

**NO BENEFIT TO BAILEE**
This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**OTHER SOURCES OF RECOVERY**
If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:
   1. Any coverage provided by the owner of the **non-owned auto**;
   2. Any other applicable physical damage insurance;
   3. Any other source of recovery applicable to the loss.

**APPRAISAL**
A. If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. Upon notice of a demand for appraisal, the opposing party may, prior to the appraisal, demand mediation of the dispute in accordance with the Mediation Provision contained in Part F of the policy. The mediation must be completed before demand for appraisal can be made.
B. In the event of a demand for appraisal, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
   1. Pay its chosen appraiser; and
   2. Bear the expenses of the appraisal and umpire equally.

## PART E - DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.
B. A person seeking any coverage must:
   1. Cooperate with us in the investigation, settlement or defense of any claim or suit.
   2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.
   3. Submit, as often as we reasonably require:
      a. To physical exams by physicians we select. We will pay for these exams.
      b. To examination under oath and subscribe the same.
   4. Authorize us to obtain:
      a. Medical reports; and
      b. Other pertinent records.
   5. Submit a proof of loss when required by us.
C. A person seeking Uninsured Motorists Coverage must also:
   1. Promptly notify the police if a hit-and-run driver is involved.

Form 8309                                       Page 32 of 37

   2. Promptly send us copies of the legal papers if a suit is brought.
D. A person seeking Coverage for Damage to Your Auto must also:
   1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and their equipment from further loss. We will pay reasonable expenses incurred to do this.
   2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.
   3. Permit us to inspect and appraise the damaged property before its repair or disposal.

## PART F - GENERAL PROVISIONS

### BANKRUPTCY
Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

### CHANGES
A. This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.
B. If there is a change to the information used to develop the policy premium, we may adjust you premium. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:
   1. The number, type or use classification of insured vehicles;
   2. Operators using insured vehicles;
   3. The place of principal garaging of insured vehicles;
   4. Coverage, deductible or limits.
   
   If a change resulting from A. or B. requires a premium adjustment, we will make the premium adjustment in accordance with our manual rules.
C. If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph (C.) does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:
   1. A subsequent edition of your policy; or
   2. An Amendatory Endorsement.

### FRAUD
We do not provide coverage for any **insured** who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

### LEGAL ACTION AGAINST US
A. No legal action may be brought against us until there has been full compliance with all the term of this policy. In addition, under Part A, no legal action may be brought against us until:
   1. We agree in writing that the **insured** has an obligation to pay; or
   2. The amount of that obligation has been finally determined by judgment after trial.
B. No person or organization has any right under this policy to bring us into any action to determine the liability of an **insured**.

## OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:
   1. Whatever is necessary to enable us to exercise our rights; and
   2. Nothing after loss to prejudice them.

   However, our rights in this paragraph (A.) do not apply under Part D, against any person using **your covered auto** with a reasonable belief that that person is entitled to do so.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:
   1. Hold in trust for us the proceeds of the recovery; and
   2. Reimburse us to the extent of our payment.

C. Our rights do not apply under Paragraph A. with respect to coverage under Section 2. of the definition of **uninsured motor vehicle** if we:
   1. Have been given prompt written notice of a tentative settlement between an **insured** and the insurer of an **uninsured motor vehicle**; and
   2. Fail to advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

   If we advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification:
   1. That payment will be separate from any amount the **insured** is entitled to recover under the provisions of Uninsured Motorists Coverage; and
   2. We also have a right to recover advance payment.

## POLICY PERIOD AND TERRITORY

A. This policy applies only to accidents and losses which occur:
   1. During the policy period as shown in the Declarations; and
   2. Within the policy territory.

B. The policy territory is:
   1. The United States of America, its territories or possessions;
   2. Puerto Rico; or
   3. Canada.

   This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

## PREMIUM

The premium stated in the Declarations is the initial premium for this policy. On each renewal, continuation or anniversary of the effective date of this policy the premium shall be computed by us in accordance with our manuals then in use.

## TERMINATION

A. **Cancellation.** This policy may be cancelled during the policy period as follows:
   1. The named insured shown in the Declarations may cancel by:
      a. Returning this policy to us; or
      b. Giving us advance written notice of the date cancellation is to take effect.
   2. The named insured:
      a. May not cancel this policy, if this policy provides Personal Injury Protection and Liability Coverage, during the first 60 days immediately

Form B309                                Page 34 of 37

       following the date of issuance or renewal unless:
- (1) **Your covered auto** has been totally destroyed so that it is no longer operable on the roads of Florida; or
- (2) The named insured transfers ownership of **your covered auto**; or
- (3) The named insured obtains other insurance on **your covered auto**; or
- (4) The named insured is a member of the United States Armed Forces and is called to or on active duty outside the United States in an emergency situation.

   b. We may cancel for any reason after this policy is in effect for 60 days.

3. If this is a new policy, we will not cancel for nonpayment of premium during the first 60 days following the date of issuance. However, we may cancel if a check used to pay us is dishonored for any reason.
4. After this policy is in effect for 60 days, we will cancel only:
   a. For nonpayment of premium; or
   b. If your driver's license or that of:
      - (1) Any driver who lives with you; or
      - (2) Any driver who customarily uses **your covered auto**;
      
      has been suspended or revoked. This must have occurred during:
      - (1) The policy period; or
      - (2) The 180 days immediately preceding the original effective date of the policy.
   c. If the policy was obtained through material misrepresentation or fraud.
5. Except as provided in Section 6., we may cancel by mailing by registered or certified mail or United States Post Office proof of mailing to the named insured shown in the Declarations at the address shown in the policy:
   a. At least 10 days notice if cancellation is for nonpayment of premium; or
   b. At least 45 days notice in all other cases.
6. In the event we determine that you have been charged an incorrect premium for coverage requested in your application for insurance, we shall immediately mail you notice of any additional premium due us. If within 15 days of the notice of additional premium due (or a longer time period as specified in the notice), you fail to either:
   a. Pay the additional premium and maintain this policy in full force under its original terms; or
   
   b. Cancel this policy and demand a refund of any unearned premium;
   
   then this policy shall be cancelled effective 15 days from the date of the notice (or a longer time period as specified in the notice).

B. **Nonrenewal.** If we decide not to renew or continue this policy we will mail advance notice to the named insured shown in the Declarations at the address shown in this policy at least 45 day before the end of the policy period. Notice will be mailed by registered or certified mail or United States Post Office proof of mailing. If the policy period is:
1. Less than 6 months, we will have the right not to renew or continue this policy every 6 months, beginning 6 months after its original effective date.
2. 1 year or longer, we will have the right not to renew or continue this policy at each anniversary of its original effective date.

1. You were convicted of one or more traffic violations which did not involve an accident or cause revocation or suspension of your driving privilege unless you have been convicted of, or plead guilty to:
   a. Two such traffic violations within an 18 month period;
   b. Three or more such traffic violations within a 36 month period; or
   c. Exceeding the lawful speed limit by more than 15 miles per hour; or
2. You have had only one accident if we have insured **your covered auto** for a period of at least 5 years immediately preceding the renewal date.

C. **Automatic Termination.** If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.
If you obtain other insurance on **your covered auto**, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

D. **Other Termination Provisions.**
1. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.
2. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.
3. The effective date of cancellation stated in the notice shall become the end of the policy period.

## MEDIATION

In any claim filed with us for:
1. Loss resulting from bodily injury in an amount of $10,000 or less;
2. Property damage; or
3. Loss to your covered auto or any non-owned auto;

either party may demand mediation of the claim, prior to taking legal action, by filing written request with the Department of Insurance on a form which may be obtained from the Department. The request must state:
1. Why mediation is being requested; and
2. The issues in dispute which are to be mediated.

Only one mediation may be requested for each claim, unless all parties agree to further mediation. A party demanding mediation shall not be entitled to demand or request mediation after a suit is filed relating to the same facts already mediated. The Department shall randomly select mediators. Each party may reject one mediator, either before or after the opposing side has rejected a mediator. The mediator will notify the parties of the date, time and place of the mediation conference, which will be held within 45 days of the request for mediation. The conference may be held by telephone, if feasible. The mediation shall be conducted as an informal process and formal rules of evidence and procedure need not be observed. Participants must:

1. Have authority to make a binding decision; and
2. Mediate in good faith.

Costs of the mediation shall be shared equally by both parties unless the mediator determines that one party has not mediated in good faith.

## TRANSFER OF YOUR INTEREST IN THIS POLICY

A. Your rights and duties under this policy may not be assigned without our written consent.

However, if a named insured shown in the Declarations dies, coverage will be provided for:
1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and
2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use your covered auto.

B. Coverage will only be provided until the end of the policy period.

## TWO OR MORE AUTO POLICIES

If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

The Company has caused this policy to be signed by its President and Secretary, but it shall not be binding unless countersigned on the Declarations Page by a duly authorized agent of the company.

Michael S. Wilder, *Secretary*

Ramani Ayer, *President & COO*

ISO: PP00010694; PP01840694; PP03090486; PP03260694; PP04420694; PP04430694; PP04060188; PP04070188; PP05540694; PP05550694; PP05660694

Copyright, Insurance Services Office, Inc., 1994